

1  Bill Lann Lee (State Bar No. 108452)
   Michael W. Sobol (State Bar No. 194857)
2  LIEFF, CABRASER, HEIMANN &
   BERNSTEIN, LLP
3  275 Battery Street, 30th Floor
   San Francisco, CA 94111-3339
4  Telephone:  (415) 956-1000
   Facsimile:  (415) 956-1008

5  *Attorneys for Plaintiffs*

6  [Additional Counsel listed on signature page]

7

8                  UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10

11  **TERRI N. WHITE, ROBERT**          Case No. _____
    **RADCLIFFE, CHESTER CARTER,**
12  **and ARNOLD LOVELL, Jr.,**

13         **Plaintiffs,**

14     **v.**                           **CLASS ACTION COMPLAINT**
                                         **FOR DAMAGES**
15  **EXPERIAN INFORMATION**
    **SOLUTIONS, INC.,**
16
           **Defendant.**
17

18

19        1.     Plaintiff, Terri N. White, Robert Radcliffe, Chester Carter and

20  Arnold Lovell, Jr. ("Plaintiffs") on behalf of themselves and all others similarly

21  situated, bring this complaint, by and through their attorneys, for injunctive relief

22  and damages arising out of the systematic issuance of erroneous credit reports by

23  defendant Experian Information Solutions, Inc. ("Experian").  Experian has

24  erroneously reported legally and properly discharged debts of Plaintiffs and the

25  Class as due and owing, with consistent and knowing disregard for their rights and

26  its own statutory obligations.  Experian has negligently and willfully failed to

27  employ reasonable procedures—including procedures readily available to it of

28  which it is aware—to ensure maximum possible accuracy of its credit reports.

1 Even after Plaintiffs and the Class have informed Experian of the falsely reported

2 discharged debts as due and owing, Experian has negligently and willfully failed to

3 consistently and adequately correct the erroneous information.  Experian's conduct

4 violates the Federal Fair Credit Reporting Act ("FCRA"), the California Consumer

5 Credit Reporting Agencies Act ("CCRAA"), and the California Unfair Competition

6 Law ("UCL").

7 **JURISDICTION AND VENUE**

8   2. Original jurisdiction is conferred on this Court by 28 U.S.C. §

9 1331, as a civil action arising under the laws of the United States, and by 15 U.S.C.

10 § 1681(p), as a civil action to enforce a liability created under the FCRA.

11 Supplemental jurisdiction is conferred on this Court by 28 U.S.C. § 1367 over all

12 claims based on State law that are so related to claims within its original

13 jurisdiction that they form part of the same case or controversy under Article III of

14 the U.S. Constitution.

15   3. Venue is properly in this District pursuant to 28 U.S.C. §

16 1391(b), as defendant resides in this District, plaintiff White resides in this district,

17 and a substantial part of the events or omissions giving rise to plaintiffs' claims

18 occurred here.

19 **PARTIES**

20   4. Plaintiff Terri N. White is a resident of Long Beach, California.

21   5. Plaintiff Robert Radcliffe is a resident of Spring Hill, Florida.

22   6. Plaintiff Chester Carter is a resident of Bushkill, Pennsylvania.

23   7. Plaintiff Arnold Lovell, Jr. is a resident of New York, New

24 York.

25   8. Experian is a corporation existing under the laws of the State of

26 Delaware with its principal place of business in Costa Mesa, California.

27

28

CLASS ACTION COMPLAINT FOR DAMAGES

## FACTS

9.     Plaintiffs are among the hundreds of thousands of persons throughout the United States who have filed petitions for bankruptcy pursuant to Chapter 7 of the U.S. Bankruptcy Code and who have been granted orders of discharge by a U.S. Bankruptcy Court.  Under federal bankruptcy laws, such an order fully and completely discharges all statutorily dischargeable debts incurred prior to the filing of the petition, except for those that have been: (1) reaffirmed by the debtor in a reaffirmation agreement; or (2) successful challenged by one of his creditors in a related adversary proceeding.  Plaintiffs and the Class are persons for whom such debts have been discharged through bankruptcy.

10.     Experian is regularly engaged in the practice of assembling and evaluating consumer credit information for the purpose of furnishing to third parties reports of consumers' credit histories, commonly referred to as "credit reports," and defined as "consumer reports" under 15 U.S.C. § 1681a and Cal. Civ. Code § 1785.3(c) (hereinafter, "Credit Reports").  Experian uses means and facilities of interstate commerce for the purpose of preparing and furnishing Credit Reports and, hence, is a "consumer reporting agency" within the meaning of FCRA, 15 U.S.C. § 1681a(f).  Likewise, Experian is a "consumer reporting agency" within the meaning of CCRAA, Cal. Civ. Code § 1785.3(d).

11.     Through the computerized court reporting service known as PACER, Experian obtains access to each and every discharge order issued by a U.S. Bankruptcy Court in Chapter 7 proceedings.  Experian accurately records those orders in the public records section of its Credit Reports.

12.     The diligence that Experian exercises in recording bankruptcy filings in the Credit Reports of Plaintiffs and the Class is not replicated in Experian's reporting of the effect of those orders upon the status of their discharged debts—that is, Experian grossly over-reports as due and owing debts that have been discharged.

13.     Information relating to whether a debt has been discharged or remains due and owing is retrievable from PACER through automated, computerized means, just like information establishing the existence of a filed Chapter 7 bankruptcy petition and a discharge order granting that petition.   Thus, were Experian to employ procedures of which it is fully aware, Experian could achieve close to 100 percent accuracy in the reporting of the status of pre-bankruptcy debts.

14.     Experian, however, has failed to use available services within PACER to determine which dischargeable debts have, in fact, been discharged and which, if any,  remain due and owing.  Instead, Experian reports information regarding pre-bankruptcy debts furnished by consumers' creditors.

15.     As a direct result, Experian's procedures produce an error rate that is both staggering and outrageous.  Plaintiffs' counsels' pre-filing investigation of approximately 985 Credit Reports issued by Experian reveals that in about 7*6 percent* of those reports, Experian erroneously listed one or more of the discharged debts as due and owing.  The average number of such falsely listed debts was between three and four per report and, in some cases, the number of such errors was ten or more.

16.     Experian knows or should know that the Credit Reports it has issued regarding Plaintiffs and the Class are grossly inaccurate with respect to the status of pre-bankruptcy debts. Over the years, Experian has received thousands of dispute letters from consumers informing it that it has erroneously recorded one or more of their pre-bankruptcy debts as due and owing on Experian credit reports. Moreover, dozens of these consumers have brought suit against Experian seeking damages based on the same inaccurate reporting procedures that are being challenged here.

17.     Experian, therefore, knows or should know that its procedures for reporting the status of pre-bankruptcy debts fail to assure maximum possible

1    accuracy.  Despite knowing that its procedures contravene the statutory rights of

2    consumers or in reckless disregard of whether they contravene those rights,

3    Experian continues to employ inaccurate reporting procedures.

4         18.    Experian has also failed to fulfill its legal and statutory

5    obligation to reinvestigate and correct the status of the discharged debts it has

6    falsely reported as due and owing.  Experian's policies and procedures regarding

7    the reinvestigation of those debts are woefully inadequate.

8         19.    Over the past several years, thousands of consumers have

9    written dispute letters to Experian requesting that Experian correct its erroneous

10   reporting of their discharged debts as due and owing because those debts had, in

11   fact, been discharged in bankruptcy.  Plaintiffs' counsels' pre-filing investigation

12   reveals that of approximately 340 Credit Reports prepared by Experian in response

13   to dispute letters (where consumers inform Experian that it erroneously reported

14   their discharged debts as due and owing), Experian continued to falsely report those

15   debts as due and owing in approximately ***twenty-four percent*** of the cases, despite

16   the fact that each such letter included a copy of court records showing that the debts

17   at issue had been discharged.

18        20.    By failing to adopt or maintain reasonable reasonable

19   reinvestigation procedures for correcting the erroneous information it records in its

20   Credit Reports concerning the status of discharged debts of individuals with court-

21   approved bankruptcy petitions, Experian has acted in willful and reckless disregard

22   of their rights and its obligations under the FCRA and the CCRAA.

23        21.    As a direct consequence of Experian's grossly inadequate and

24   inaccurate initial reporting and reinvestigation practices and procedures, Plaintiffs

25   and the Class have been effectively denied the fresh start to which they are legally

26   entitled under the U.S. Bankruptcy Code.

27        22.    In each case, Plaintiffs' and the Class' credit ratings have been

28   adversely affected by Experian's erroneous Credit Report.  Plaintiffs and the Class

have experienced greater difficulty in acquiring credit and, when they have been able to do so, it has been at interest rates that are higher than the rates they would have been offered had Experian accurately reported their credit information.  In many cases, the applications of class members for credit have been refused as a direct result of the inaccurate information contained in their Experian credit reports.

**Experian's Production Of Erroneous Credit Reports
Relating To The Named Plaintiffs**

**Terri N. White**

23.     Plaintiff Terri N. White filed a Chapter 7 bankruptcy petition in September 2004.

24.     On January 11, 2005, by an order of the Bankruptcy Court, Plaintiff White's Chapter 7 bankruptcy discharge was granted, and, as a result, Plaintiff White obtained a full discharge of all of her dischargeable debts incurred prior to the filing of that petition.

25.     Subsequently, Experian issued one or more Credit Reports concerning Plaintiff White to one or more third parties, including sending a Credit Report to Macys/FDSB in February 2005, to Midland Credit Management in February 2005 and to National Magazine Exchange in March 2005.  On each such occasion, Experian reported Plaintiff White's filing of a Chapter 7 bankruptcy petition, but erroneously listed four of her discharged debts as due and owing, including a debt to Parkchester Preservation Company in the amount of $5,837, a debt to Palisades Collection LLC in the amount of $2,236, a debt to Providian Financial in the amount of $961 and a debt to Providian Financial in the amount of $1,247.

26.     In or around February 2005, Plaintiff White requested that Experian provide her with a copy of a Credit Report.  In March 2005, she received a copy of her Credit Report from Experian demonstrating that Experian had erroneously listed four of her discharged debts as due and owing on that report.

CLASS ACTION COMPLAINT FOR DAMAGES

1    27.    Following their receipt of plaintiff White's erroneous Credit

2   Report, third parties have denied her credit or extended her credit on less favorable

3   terms than they otherwise would have.

4              **Robert Radcliffe**

5    28.    Plaintiff Robert Radcliffe filed a Chapter 7 bankruptcy petition

6   in August 2001.

7    29.    On December 20, 2001, by an order of the Bankruptcy Court,

8   Plaintiff Radcliffe's Chapter 7 bankruptcy discharge was granted, and, as a result,

9   Plaintiff Radcliffe obtained a full discharge of all of his dischargeable debts

10  incurred prior to the filing of that petition.   Subsequently, in or around April 2005,

11  Experian issued a Credit Report concerning Plaintiff Radcliffe.  Experian reported

12  Plaintiff Radcliffe's filing of a Chapter 7 bankruptcy petition, but erroneously listed

13  two of his discharged debts as due and owing, including a debt to Providian

14  National Bank in the amount of $6,835 and to First USA Bank in the amount of

15  $13,291.

16   30.    Following their receipt of plaintiff Radcliffe's erroneous Credit

17  Report, third parties have denied him credit or extended him credit on less

18  favorable terms than they otherwise would have.

19              **Chester Carter**

20   31.    Plaintiff Chester Carter filed a Chapter 7 bankruptcy petition in

21  January 2000.

22   32.    On April 27, 2000, by an order of the Bankruptcy Court,

23  Plaintiff Carter's Chapter 7 bankruptcy discharge was granted, and, as a result,

24  Plaintiff Carter obtained a full discharge of all of his dischargeable debts incurred

25  prior to the filing of that petition.   Subsequently, Experian issued one or more

26  Credit Reports concerning Plaintiff Carter to one or more third parties, including

27  sending a Credit Report to Landsafecredit on December 21, 2004, to Capital One

28  Bank on July 7, 2004, to Info One on November 21, 2003, and to Citifinancial on

1   August 28, 2003.  On each such occasion, Experian reported Plaintiff Carter's filing

2   of a Chapter 7 bankruptcy petition, but erroneously listed three of his discharged

3   debts as due and owing, including a debt to Chase in the amount of $2,118, a debt

4   to Anderson Financial in the amount of $215, and a debt to First Collection

5   Services in the amount of $301.

6        33.    Following their receipt of plaintiff Carter's erroneous Credit

7   Report, third parties have denied him credit or extended him credit on less

8   favorable terms than they otherwise would have.

9        **Arnold E. Lovell, Jr.**

10       34.    Plaintiff Arnold E. Lovell, Jr. filed a Chapter 7 bankruptcy

11  petition in September 2004.

12       35.    On December 29, 2004, by an order of the Bankruptcy Court,

13  Plaintiff Lovell's Chapter 7 bankruptcy discharge was granted, and, as a result,

14  Plaintiff Lovell obtained a full discharge of all of his dischargeable debts incurred

15  prior to the filing of that petition.  Subsequently, Experian issued one or more

16  Credit Reports concerning Plaintiff Lovell to one or more third parties, including

17  sending a Credit Report to American Express in January, February and March 2005

18  and to Chase in January and February 2005.  On each such occasion, Experian

19  reported Plaintiff Lovell's filing of a Chapter 7 bankruptcy petition, but erroneously

20  listed three of his discharged debts as due and owing, including a debt to Chase in

21  the amount of $7,868, to Chase in the amount of $9,702, and to Universal/Citi.

22       36.    On March 25, 2005, Plaintiff Lovell wrote a dispute letter to

23  Experian stating that the discharged debts Experian erroneously reported as due and

24  owing had, in fact, been discharged in bankruptcy, and requesting that Experian

25  correct his Credit Report.  (Along with that letter, Plaintiff enclosed a copy of his

26  driver's license, indicating proof of address, and a copy of the schedule F from his

27  bankruptcy petition, listing the debts that were discharged as a result of that

28  bankruptcy.)

37.     Although Plaintiff Lovell had provided Experian all information needed to correct the erroneous entries in the Credit Report, and although Experian already had sufficient information or access to sufficient information to issue an accurate Credit Report, Experian failed to correct the Credit Report.  Instead, Experian responded by producing a new but still erroneous Credit Report that continued to list both of his discharged debts to Chase as well as his discharged debt to Universal/Citi as due and owing.

38.     Following their receipt of plaintiff Lovell's erroneous credit report, third parties have denied him credit or extended him credit on less favorable terms than they otherwise would have.

## CLASS ALLEGATIONS

39.     Plaintiffs seek to maintain this action as a class action (including, any appropriate subclasses) representing a class consisting of the following:

> All individuals who, on or after March 15, 2002, have had
> a credit report relating to them issued by Experian in
> which one or more of their debts was listed as due and
> owing despite the fact that such debts had been
> discharged as a result of their bankruptcy under Chapter 7
> of the Bankruptcy Code.

40.     Ascertainability/Numerosity:  The class is ascertainable in that it is comprised of individuals who can be identified by reference to purely objective criteria.  There are hundreds of thousands of members of the class and, therefore, it would be impracticable to bring all, or even a substantial percentage of, such persons before the Court as individual plaintiffs.

41.     Typicality:  The claims of the named plaintiffs are typical of the claims of each member of the class they seek to represent because: (1) they have all been injured in the same manner as a result of Experian's woefully inadequate

1   procedures regarding the reporting of debts that have been discharged in

2   bankruptcy; and (2) their claims are all based on the same legal theory.

3       42.   Adequacy of Representation:  Plaintiffs are adequate

4   representatives of the class they seek to represent because: (a) they are willing and

5   able to represent the proposed class and have every incentive to pursue this action

6   to a successful conclusion; (b) their interests are not in any way antagonistic to

7   those of the other class members; and (c) they are represented by counsel

8   experienced in litigating major class actions and claims under the FCRA and other

9   consumer protections statutes.

10      43.   Commonality and Predominance:  There are questions of law

11  and fact common to all members of the Class, which predominate over any

12  individual issues.  The overarching questions of law and fact that are common to all

13  members of the class are whether: (a) in preparing credit reports concerning

14  individuals whose debts have been discharged in bankruptcy, Experian has failed to

15  follow reasonable procedures to ensure maximum possible accuracy of the

16  information pertaining to the status of those debts in accordance with the

17  requirements of 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14(b); (b)

18  Experian's failure to comply with the requirements of 15 U.S.C. § 1681e(b) and

19  Cal. Civ. Code § 1785.14(b) is negligent pursuant to 15 U.S.C. § 1681o(a) and Cal.

20  Civ. Code § 1785.31(a)(1), respectively; and (c) Experian's failure to comply with

21  the requirements of 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14(b) is

22  willful pursuant to 15 U.S.C. § 1681n(a) and Cal. Civ. Code § 1785.31(b),

23  respectively.

24      44.   Propriety Of Class Certification Under Fed. R. Civ. P. 23(b)(2).

25  Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) because Experian

26  has acted and/or refused to act on grounds generally applicable to the class, thereby

27  making declaratory and final injunctive relief appropriate.  Such generally

28  applicable grounds consist of Experian's conduct in failing and refusing to follow

484694.1                          - 10 -

1   reasonable procedures to assure maximum possible accuracy in connection with its

2   reporting of the status of debts that have been discharged following the issuance of

3   an order approving a consumer's Chapter 7 bankruptcy discharge.

4         45.   Propriety Of Class Certification Under Fed. R. Civ. P. 23(b)(3).

5   Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3).  As set forth

6   above, questions of law and fact common to the class predominate over questions

7   affecting only individual members.  Moreover, the class action vehicle is superior

8   to other available methods for the fair and efficient adjudication of the claims of

9   members of the proposed class.  For the vast majority of members of the class, the

10   amount of any potential recovery is too small to justify the cost of prosecuting their

11   claims individually, despite the availability of costs and attorney fees in the event

12   they were to prevail on the merits.  Further, requiring each class member to pursue

13   his or her claim individually would entail needless duplication of effort, would

14   waste the resources of both the parties and the Court, and would risk inconsistent

15   adjudications.

16   **SUBCLASS ALLEGATIONS**

17         46.   Plaintiff Lovell also seeks to maintain this action on behalf of a

18   subclass consisting of the following:

19           All individuals included in the class described in

20           paragraph 40 above whose discharged debts continued to

21           be erroneously reported by Experian as due and owing

22           after it had received a dispute letter informing it that those

23           debts had, in fact, been discharged.

24         47.   Ascertainability/Numerosity:  The subclass is ascertainable in

25   that it is comprised of individuals who can be identified by reference to purely

26   objective criteria.  There are hundreds or thousands of members of the subclass and,

27   therefore, it would be impracticable to bring all, or even a substantial percentage of,

28   such persons before the Court as individual plaintiffs.

48.   <u>Typicality</u>:  The claims of Plaintiff Lovell are typical of the claims of each member of the subclass they seek to represent because: (1) they have all been injured in the same manner as a result of Experian's woefully inadequate reinvestigation procedures regarding the reporting of debts that have been discharged in bankruptcy; and (2) their claims are all based on the same legal theory.

49.   <u>Adequacy of Representation</u>:  Plaintiff Lovell is an adequate representative of the subclass they seek to represent because: (a) he is willing and able to represent the proposed subclass and have every incentive to pursue this action to a successful conclusion; (b) his interests are not in any way antagonistic to those of the other subclass members; and (c) he is represented by counsel experienced in litigating major class actions and claims under the FCRA and other consumer protections statutes.

50.   <u>Commonality and Predominance</u>:  There are questions of law and fact common to all members of the subclass, which predominate over any individual issues.  The overarching questions of law and fact that are common to all members of the subclass are whether: (a) in responding to dispute letters of individuals whose debts have been discharged in bankruptcy, Experian has violated 15 U.S.C. § 1681i(a) and Cal. Civ. Code § 1785.16 by failing to follow reasonable reinvestigation procedures for ascertaining the accuracy of information pertaining to those debts in its credit reports; (b) Experian's failure to comply with the requirements of 15 U.S.C. § 1681i(a) and Cal. Civ. Code § 1785.16 is negligent pursuant to 15 U.S.C. § 1681o(a) and Cal. Civ. Code § 1785.31(a)(1), respectively; and (c) Experian's failure to comply with the requirements of 15 U.S.C. § 1681i(a) and Cal. Civ. Code § 1785.16 is willful pursuant to 15 U.S.C. § 1681n(a), and Cal. Civ. Code § 1785.31(a)(2), respectively.

51.   <u>Propriety Of Class Certification Under Fed. R. Civ. P. 23(b)(2)</u>.  Certification of the subclass is appropriate under Fed. R. Civ. P. 23(b)(2) because

1   Experian has acted and/or refused to act on grounds generally applicable to the

2   subclass, thereby making declaratory and final injunctive relief appropriate.  Such

3   generally applicable grounds consist of Experian's conduct in failing and refusing

4   to follow reasonable reinvestigation procedures in connection with its erroneous

5   reporting of debts that have been discharged following the issuance of an order

6   approving a consumer's Chapter 7 bankruptcy petition.

7         52.    Propriety Of Class Certification Under Fed. R. Civ. P. 23(b)(3).

8   Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3).  As set forth

9   above, questions of law and fact common to the class predominate over questions

10  affecting only individual members.  Moreover, the class action vehicle is superior

11  to other available methods for the fair and efficient adjudication of the claims of

12  members of the proposed subclass.  For the vast majority of members of the

13  subclass, the amount of any potential recovery is too small to justify the cost of

14  prosecuting their claims individually, despite the availability of costs and attorney

15  fees in the event they were to prevail on the merits.  Furthermore, requiring each

16  subclass member to pursue his or her claim individually would entail needless

17  duplication of effort, would waste the resources of both the parties and the Court,

18  and would risk inconsistent adjudications.

### FIRST CAUSE OF ACTION

**Willful Failure To Employ Reasonable Procedures To Ensure Maximum Accuracy Of Credit Reports In Violation Of 15 U.S.C. § 1681e(b) And Cal. Civ. Code § 1785.14(b)**

**(On behalf of all Plaintiffs and Class Members)**

23        53.    The allegations set forth in paragraphs 1-52 above are realleged

and incorporated by reference as if fully set forth herein.

25        54.    Experian is regularly engaged in the practice of assembling and

evaluating consumer credit information for the purpose of preparing consumer

reports, as that term is defined in 15 U.S.C. § 1681a(d) and Cal. Civ. Code

§ 1785.3(c), commonly referred to as Credit Reports, and furnishing these Credit Reports to third parties.

55.     Experian uses means and facilities of interstate commerce for the purpose of preparing and furnishing Credit Reports and, hence, is a "consumer reporting agency" within the meaning of 15 U.S.C. § 1681a(f).  Experian is likewise a "consumer reporting agency" within the meaning of Cal. Civ. Code § 1785.3(d).

56.     In preparing Credit Reports, Experian has failed to use reasonable procedures to, as required by law, "assure maximum possible accuracy" of information relating to the discharged debts of Plaintiffs and the Class, in violation of 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14(b).

57.     As a result of Experian's failure to use reasonable procedures in accordance with the requirements of 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14(b), Experian has erroneously reported as due and owing one or more of the discharged debts of each Plaintiff and member of the Class.

58.     Experian's failure to comply with the requirements of 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14(b) is willful within the meaning of 15 U.S.C. § 1681n(a) and Cal. Civ. Code § 1785.31(a)(2), respectively.

59.     As a result of Experian's willful noncompliance with the requirements of 15 U.S.C. § 1681e(b) and Cal. Civ. Code. § 1785.14(b), plaintiffs and class members are entitled to statutory and punitive damages under 15 U.S.C. § 1681n(a)(1) and (a)(2) and punitive damages under Cal. Civ. Code §§ 1785.31(a)(1) and (a)(2), respectively.

60.     As a further result of Experian's willful noncompliance with the requirements of 15 U.S.C. § 1681e(b) and Cal. Civ. Code. § 1785.14(b), Plaintiffs and the Class have suffered damage to their credit ratings and other actual damages, including, but not limited to, denial of credit, denial of access to consumer services, losses from difficulty in obtaining credit, losses resulting from imposition of higher

1    interest rates when they have been able to obtain credit, lost opportunities to obtain

2    mortgages, rental properties, automobiles and other goods or services.

3                      **SECOND CAUSE OF ACTION**

4    **Negligent Failure To Employ Reasonable Procedures To Ensure Maximum**
     **Accuracy Of Credit Reports In Violation Of 15 U.S.C. § 1681e(b) And Cal.**
5                      **Civ. Code § 1785.14(b)**

6              **(On behalf of all Plaintiffs and Class Members)**

7              61.    The allegations set forth in paragraphs 1-60 above are realleged

8    and incorporated by reference as if fully set forth herein.

9              62.    In preparing credit reports relating to plaintiffs and class

10   members, Experian has failed to follow reasonable procedures to assure maximum

11   accuracy of information it puts in Credit Reports in violation of 15 U.S.C. §

12   1681e(b) and Cal. Civ. Code § 1785.14(b).

13             63.    As a result of Experian's failure to follow reasonable procedures

14   in accordance with the requirements of 15 U.S.C. § 1681e(b) and Cal. Civ. Code §

15   1785.14(b), Experian has erroneously reported one or more of the discharged debts

16   of each Plaintiff and Class member as "due and owing" in Credit Reports.

17             64.    Experian's failure to comply with the requirements of 15 U.S.C.

18   § 1681e(b) and Cal. Civ. Code § 1785.14(b) is negligent within the meaning of 15

19   U.S.C. § 1681o(a) and Cal. Civ. Code § 1785.31(a)(1), respectively.

20             65.    As a result of Experian's negligent violation with the

21   requirements of 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14(b), Plaintiffs

22   and class members have suffered damage to their credit ratings and other actual

23   damages, including, but not limited to, denial of credit, denial of access to

24   consumer services, losses from difficulty in obtaining credit, losses resulting from

25   imposition of higher interest rates when they have been able to obtain credit, lost

26   opportunities to obtain mortgages, rental properties, automobiles and other goods or

27   services.

28

## THIRD CAUSE OF ACTION

### Willful Failure To Reasonably Reinvestigate In Violation Of 15 U.S.C. § 1681i(a) And Cal. Civ. Code § 1785.16

### (On behalf of Plaintiff Lovell and All Subclass Members)

66.    The allegations set forth in paragraphs 1-65 above are realleged and incorporated by reference as if fully set forth herein.

67.    Experian has failed to follow reasonable reinvestigation procedures for ascertaining the accuracy of information relating to the discharged debts of Plaintiffs and Class members that Experian has erroneously reported as due and owing in Credit Reports.

68.    As a result of Experian's failure to conduct reasonable reinvestigations in accordance with the requirements of 15 U.S.C. § 1681i(a)(1) and Cal. Civ. Code § 1785.16, Experian has continued to erroneously report the discharged debts of Plaintiff Lovell and subclass members as due and owing in its credit reports relating to those plaintiffs and subclass members, after having been notified that they are disputing that information.

69.    Experian's failure to comply with the requirements of 15 U.S.C. § 1681i(a)(1) and Cal. Civ. Code § 1785.16 is willful within the meaning of 15 U.S.C. § 1681n(a) and Cal. Civ. Code § 1785.31(a)(2), respectively.

70.    As a result of Experian's willful noncompliance with the requirements of 15 U.S.C. § 1681i(a)(1) and Cal. Civ. Code. § 1785.16, Plaintiff Lovell and subclass members are entitled to statutory and punitive damages under 15 U.S.C. § 1681n(a)(1) and (a)(2) and punitive damages under Cal. Civ. Code §§ 1785.31(a)(1) and (a)(2), respectively.

71.    As a further result of Experian's willful noncompliance with the requirements of 15 U.S.C. § 1681i(a)(1) and Cal. Civ. Code § 1785.16, Plaintiff Lovell and subclass members have suffered damage to their credit ratings and other actual damages, including, but not limited to, denial of credit, denial of access to

consumer services, losses from difficulty in obtaining credit, losses resulting from imposition of higher interest rates when they have been able to obtain credit, lost opportunities to obtain mortgages, rental properties, automobiles and other goods or services.

## **FOURTH CAUSE OF ACTION**

### **Negligent Failure To Reasonably Reinvestigate In Violation Of 15 U.S.C. § 1681i(a) And Cal. Civ. Code § 1785.16**

### **(On behalf of Plaintiff Lovell and All Subclass Members)**

72.    The allegations set forth in paragraphs 1-71 above are realleged and incorporated by reference as if fully set forth herein.

73.    Experian has failed to follow reasonable reinvestigation procedures for ascertaining the accuracy of information relating to the discharged debts of plaintiffs and class members that Experian has listed as due and owing in its credit reports.

74.    As a result of Experian's failure to conduct reasonable reinvestigations in accordance with the requirements of 15 U.S.C. § 1681i(a)(1) and Cal. Civ. Code § 1785.16, Experian has continued to erroneously report the discharged debts of Plaintiff Lovell and subclass members as due and owing in Credit Reports relating to those plaintiffs and subclass class members, after having been notified that they are disputing that information.

75.    Experian's failure to comply with the requirements of 15 U.S.C. § 1681i(a)(1) and Cal. Civ. Code § 1785.16 is negligent within the meaning of 15 U.S.C. § 1681o(a) and Cal. Civ. Code § 1785.31(a)(1), respectively.

76.    As a result of Experian's negligent noncompliance with the requirements of 15 U.S.C. § 1681i(a)(1) and Cal. Civ. Code § 1785.16, Plaintiff Lovell and subclass members have suffered damage to their credit ratings and other actual damages, including, but not limited to, denial of credit, denial of access to consumer services, losses from difficulty in obtaining credit, losses resulting from

1  imposition of higher interest rates when they have been able to obtain credit, lost

2  opportunities to obtain mortgages, rental properties, automobiles and other goods or

3  services.

### FIFTH CAUSE OF ACTION

#### Unfair Competition In Violation Of The UCL

#### (On behalf of all Plaintiffs and all Class Members)

7      77.    The allegations set forth in paragraphs 1-76 above are realleged

8  and incorporated by reference as if fully set forth herein.

9      78.    Experian's failure to follow reasonable procedures to assure

10 maximum accuracy in connection with its reporting of the status of discharged

11 debts is unlawful under both 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14(b)

12 and, hence, constitutes unlawful business competition within the meaning of the

13 California Unfair Competition Law, Cal. Bus. & Prof. Code, §§ 17200 *et seq.*

14 ("UCL").

15     79.    Experian's failure to follow reasonable reinvestigation

16 procedures in connection with its reporting of the status of discharged debts is

17 unlawful under 15 U.S.C. § 1681i(a)(1) and Cal. Civ. Code § 1785.16 and, hence,

18 constitutes unlawful business competition within the meaning of the UCL.

19     80.    Experian's erroneous reporting in Credit Reports of debts as due

20 and owing, but which have in fact been legally discharged pursuant to orders of the

21 U.S. Bankruptcy Court constitutes unfair business competition within the meaning

22 of the UCL.

23     81.    Experian's failure to follow reasonable reinvestigation

24 procedures in connection with its reporting of the status of discharged debts

25 constitutes unfair business competition within the meaning of the UCL.

26     82.    As a result of Experian's unfair or unlawful business practices,

27 Plaintiffs and the Class have suffered injury in fact and have suffered loss of money

28 or property, including, without limitation, in the following ways:  Credit Reports

1   erroneously reporting their credit histories have been publicly disseminated to third

2   parties;  their credit scoring has been adversely affected; and they have been denied

3   credit or received credit on terms that are less favorable than if their Credit Reports

4   had been accurate.

5          83.    As a result of Experian' unfair or unlawful business practices,

6   Plaintiffs and the Class are entitled to injunctive relief.

7          **WHEREFORE**, Plaintiffs respectfully pray:

8          1.    That the practices and procedures of Experian complained of

9   herein be determined and adjudged to be in violation of the rights of plaintiffs and

10  class members under the FCRA, the CCRAA, and the UCL;

11         2.    That a permanent injunction be issued requiring Experian to

12  adopt investigation and reinvestigation practices in accord with the requirements of

13  the FCRA, the CCRAA, and the UCL;

14         3.    That the Court enter an Order certifying the Class and Subclass

15  alleged herein pursuant to Fed. R. Civ. P. 23(b)(2) or 23(b)(3);

16         4.    That, in accordance with 15 U.S.C. §§ 1681n(a) and 1681o(a)

17  and Cal. Civ. Code §§ 1785.31(a)(1) and (a)(2), judgment be entered in favor of

18  plaintiffs and the class, either individually or class-wide, and against Experian for

19  actual, statutory and/or punitive damages in amounts to be determined at trial;

20         5.    That, in accordance with 15 U.S.C. §§ 1681n(a)(3) and

21  1681o(a)(2) and Cal. Civ Code §§ 1785.31(a), (d) and (e), plaintiffs and the class be

22  awarded the costs of this action together with reasonable attorney's fees as the

23  Court may determine;

24         6.    That plaintiffs and class members be awarded such other and

25  further legal and equitable relief as may be found appropriate and as the Court may

26  deem equitable and just.

27

28

1

## **DEMAND FOR TRIAL BY JURY**

2          Pursuant to Fed. R. Civ. P. 38, Plaintiffs hereby demand a trial by jury

3    on all issues so triable.

4

Dated:  November 1, 2005          Respectfully submitted,

5

6

By: _____

7          Bill Lann Lee
           Michael W. Sobol
8          LIEFF, CABRASER, HEIMANN
             & BERNSTEIN, LLP
9          275 Battery Street, 30th Floor
           San Francisco, CA 94111-3339
10         Telephone:  (415) 956-1000

11         Daniel Wolf
           1220 N Street, N.W., Suite PH 2
12         Washington, D.C.  20005
           Telephone:  (202) 772-1154

13
           Charles W. Juntikka (cj4689)
14         CHARLES JUNTIKKA & ASSOCIATES
           11 W. 42nd Street, 12th Floor
15         New York, NY  10036
           Telephone:  (212) 315-3755

16
           Counsel for Plaintiffs

17

18

19

20

21

22

23

24

25

26

27

28

484694.1
CLASS ACTION COMPLAINT FOR DAMAGES

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| Terri N. White<br>Robert Radcliffe<br>Chester Carter<br>Arnold Lovell, Jr. | Experian Information Solutions, Inc. |
| **(b)** County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases):<br>Los Angeles County, California | County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only): |
| **(c)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>Bill Lann Lee<br>Michael W. Sobol<br>LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP<br>275 Battery Street, 30th Floor<br>San Francisco, CA  94111-3339 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:**  JURY DEMAND: ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes  ☐ No        ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause.  Do not cite jurisdictional statutes unless diversity.)
Federal Fair Credit Reporting Act, 15 U.S.C. §§ 1680, et seq.  Failure to use reasonable procedures to assure maximum possible accuracy in credit reporting and failure to use reasonable reinvestigation procedures.

**VII. NATURE OF SUIT (Place an X in one box only.)**

| OTHER STATUTES | CONTRACT | TORTS<br>PERSONAL INJURY | TORTS<br>PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☑ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities /Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | | | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☑ No  ☐ Yes

If yes, list case number(s):

**FOR OFFICE USE ONLY:**  Case Number: _____

CV-71 (07/05)          484444_1.PDF                    CIVIL COVER SHEET                                Page 1 of 2

SACV05 1070

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

---

**VIII(b).  RELATED CASES:**  Have any cases been previously filed that are related to the present case? ☑No   ☐ Yes

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or

☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

---

**IX. VENUE:** List the California County, or State if other than California, in which **EACH** named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.
  1. Terri N. White, Los Angeles County, California
  2. Robert Radcliffe, Florida
  3. Chester Carter, Pennsylvania
  4. Arnold Lovell, Jr., New York

List the California County, or State if other than California, in which **EACH** named defendant resides.  (Use an additional sheet if necessary).
☐  Check here if the U.S. government, its agencies or employees is a named defendant.

  X       Orange County, CA

List the **California County,** or  State if other than California, in which **EACH** claim arose.  (Use an additional sheet if necessary)
**Note:** In land condemnation cases, use the location of the tract of land involved.
  Los Angeles County

---

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____ Date  11·1·05

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

---

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program.  (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |

---

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Terri N. White, et al., Robert Radcliffe, Chester Carter, and Arnold Lovell, Jr., <br> PLAINTIFF(S) <br> v. <br> Experian Information Solutions, Inc., <br><br><br> DEFENDANT(S). | CASE NUMBER <br><br> SACV05 1070 DOC <br> MLGx <br><br><br> **SUMMONS** |

TO:    THE ABOVE-NAMED DEFENDANT(S):

YOU ARE HEREBY SUMMONED and required to file with this court and serve upon plaintiff's attorney
Bill Lann Lee, Michael W. Sobol_____, whose address is:

Lieff, Cabraser, Heimann & Bernstein
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111

*FOR OFFICE USE ONLY*

an answer to the ☒ complaint ☐_____ amended complaint ☐ counterclaim ☐ cross-claim
which is herewith served upon you within ___ days after service of this Summons upon you, exclusive
of the day of service. If you fail to do so, judgement by default will be taken against you for the relief
demanded in the complaint.

Clerk, U.S. District Court

NOV - 2 2005

Dated: _____          By: _____
                                              LIZ PADILLA
                                              Deputy Clerk

                                              *(Seal of the Court)*

DOCKETED ON CM
NOV - 4 2005

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Pursuant to the Local Rules Governing Duties of Magistrate Judges, the following Magistrate Judge has been designated to hear discovery motions for this case at the discretion of the assigned District Judge:

**(MLGx)**

| | |
|---|---|
| [_] Paul L. Abrams | [_] Jennifer T. Lum |
| [_] Robert N. Block | [_] James W. McMahon |
| [_] Rosalyn M. Chapman | [_] Margaret A. Nagle |
| [_] Charles Eick | [_] Arthur Nakazato |
| [_] Rita Coyne Federman | [_] Fernando M. Olguin |
| [_] Paul Game | [_] Suzanne H. Segal |
| [X] Marc Goldman | [_] Carolyn Turchin |
| [_] Stephen J. Hillman | [_] Patrick J. Walsh |
| [_] Jeffrey W. Johnson | [_] Andrew J. Wistrich |
| [_] Victor B. Kenton | [_] Carla Woehrle |
| [_] Stephen G. Larson | [_] Ralph Zarefsky |

Upon the filing of a discovery motion, the motion will be presented to the United States District Judge for consideration and may thereafter be referred to the Magistrate Judge for hearing and determination.  The Magistrate Judge's initials should be used on all documents filed with the Court so that the case number reads as follows:

### SACV05- 1070 DOC  (MLGx)

========================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [_] **Western Division** | [X] **Southern Division** | [_] **Eastern Division** |
|---|---|---|
| **312 N. Spring St., Rm. G-8** | **411 West Fourth St., Rm. 1-053** | **3470 Twelfth St., Rm. 134** |
| **Los Angeles, CA 90012** | **Santa Ana, CA 92701-4516** | **Riverside, CA 92501** |

Failure to file at the proper location will result in your documents being returned to you.