

1   Michael W. Sobol (State Bar No. 194857)
    (msobol@lchb.com)
2   LIEFF, CABRASER, HEIMANN &
    BERNSTEIN, LLP
3   275 Battery Street, 30th Floor
    San Francisco, CA 94111-3339
4   Telephone: (415) 956-1000
    Facsimile: (415) 956-1008
5
6   Michael A. Caddell (*pro hac pending*)
    (mac@caddellchapman.com)
7   George Y. Niño (State Bar No. 146623)
    (gyn@caddellchapman.com)
8   CADDELL & CHAPMAN
    1331 Lamar, Suite 1070
9   Houston, TX 77010
    Telephone: (713) 751-0400
    Facsimile: (713) 751-0906
10
11  *Attorneys for Plaintiffs*
12  [Additional Counsel listed on signature page]
13
                UNITED STATES DISTRICT COURT
14
                CENTRAL DISTRICT OF CALIFORNIA
15  TERRI N. WHITE, ROBERT
    RADCLIFFE, CHESTER CARTER,
16  ARNOLD LOVELL, Jr., CLIFTON C.          Case No. 05-cv-01070-
    SEALE, III and ALEX GIDI, *et al.*,     DOC/MLG
17
18          Plaintiffs,
19     v.                                   SECOND AMENDED
                                            CONSOLIDATED CLASS
20  EXPERIAN INFORMATION                    ACTION COMPLAINT FOR
    SOLUTIONS, INC.,                        DAMAGES AND INJUNCTIVE
21                                          RELIEF
            Defendant.
22
23  JOSE HERNANDEZ, *et al.*,
24          Plaintiffs,                     Case No. 06-cv-03924-DOC/MLG
25     v.                                   SECOND AMENDED
                                            CONSOLIDATED CLASS
26  EXPERIAN INFORMATION                    ACTION COMPLAINT FOR
    SOLUTIONS, INC.,                        DAMAGES AND INJUNCTIVE
27                                          RELIEF
            Defendant.
28

556284.1                          - 1 -
SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1.     Plaintiffs, Terri N. White, Jose Hernandez, Robert Radcliffe, Chester Carter, Arnold Lovell, Jr., Clifton C. Seale, III, and Alex Gidi ("Plaintiffs"), on behalf of themselves and all others similarly situated, bring this consolidated complaint, by and through their attorneys, for injunctive relief and damages arising out of the systematic issuance of erroneous credit reports by defendant Experian Information Solutions, Inc. ("Experian"). Experian has erroneously reported legally and properly discharged debts of Plaintiffs and the Class as due and owing, with consistent and knowing disregard for their rights and its own statutory obligations. Experian has negligently and willfully failed to employ reasonable procedures—including procedures readily available to it of which it is aware—to ensure maximum possible accuracy of its credit reports. Even after Plaintiffs and the Class have informed Experian of the falsely reported discharged debts as due and owing, Experian has negligently and willfully failed to consistently and adequately correct the erroneous information. Experian's conduct violates the Federal Fair Credit Reporting Act ("FCRA"), the California Consumer Credit Reporting Agencies Act ("CCRAA"), and the California Unfair Competition Law ("UCL").

## JURISDICTION AND VENUE

2.     Original jurisdiction is conferred on this Court by 28 U.S.C. § 1331, as a civil action arising under the laws of the United States, and by 15 U.S.C. § 1681(p), as a civil action to enforce a liability created under the FCRA. Supplemental jurisdiction is conferred on this Court by 28 U.S.C. § 1367 over all claims based on State law that are so related to claims within its original jurisdiction that they form part of the same case or controversy under Article III of the U.S. Constitution.

3.     Venue is properly in this District pursuant to 28 U.S.C. § 1391(b), as defendant resides in this District, plaintiff White resides in this district,

- 2 -

1   and a substantial part of the events or omissions giving rise to plaintiffs' claims

2   occurred here.

3                              **PARTIES**

4          4.      Plaintiff Terri N. White is a resident of Long Beach, California.

5          5.      Plaintiff Jose Hernandez is a resident of Rio Rico, Arizona.

6          6.      Plaintiff Robert Radcliffe is a resident of Spring Hill, Florida.

7          7.      Plaintiff Chester Carter is a resident of Bushkill, Pennsylvania.

8          8.      Plaintiff Arnold Lovell, Jr. is a resident of New York, New

9   York.

10         9.      Plaintiff Clifton C. Seale, III is a resident of Jackson Heights,

11  New York.

12         10.     Plaintiff Alex Gidi is a resident of Woodside, New York.

13         11.     Experian is a corporation existing under the laws of the State of

14  Delaware with its principal place of business in Costa Mesa, California.

15                              **FACTS**

16         12.     Plaintiffs are among the hundreds of thousands of persons

17  throughout the United States who have filed no asset bankruptcies pursuant to

18  Chapter 7 of the U.S. Bankruptcy Code and who have been granted orders of

19  discharge by a U.S. Bankruptcy Court.  Under federal bankruptcy laws, such an

20  order fully and completely discharges all statutorily dischargeable debts incurred

21  prior to the filing of such no asset bankruptcies, except for those that have been:

22  (1) reaffirmed by the debtor in a reaffirmation agreement; or (2) successful

23  challenged by one of his creditors in a related adversary proceeding.  Plaintiffs and

24  the Class are persons for whom such debts have been discharged through

25  bankruptcy.

26         13.     Experian is regularly engaged in the practice of assembling and

27  evaluating consumer credit information for the purpose of furnishing to third parties

28  reports of consumers' credit histories, commonly referred to as "credit reports," and

1   defined as "consumer reports" under 15 U.S.C. § 1681a and Cal. Civ. Code §

2   1785.3(c) (hereinafter, "Credit Reports"). Experian uses means and facilities of

3   interstate commerce for the purpose of preparing and furnishing Credit Reports and,

4   hence, is a "consumer reporting agency" within the meaning of FCRA, 15 U.S.C. §

5   1681a(f). Likewise, Experian is a "consumer reporting agency" within the meaning

6   of CCRAA, Cal. Civ. Code § 1785.3(d).

7          14.    Through the computerized court reporting service known as

8   PACER, Experian obtains access to each and every discharge order issued by a

9   U.S. Bankruptcy Court in Chapter 7 proceedings. Experian accurately records

10  those orders in the public records section of its Credit Reports.

11         15.    The diligence that Experian exercises in recording bankruptcy

12  filings in the Credit Reports of Plaintiffs and the Class is not replicated in

13  Experian's reporting of the effect of those orders upon the status of their discharged

14  debts—that is, Experian grossly over-reports as due and owing debts that have been

15  discharged.

16         16.    Experian is well aware that the effect of a discharge order in a

17  no asset bankruptcy under Chapter 7 is to discharge all statutorily dischargeable

18  debts other than those that have been reaffirmed in a reaffirmation agreement or

19  successfully challenged in an adversary proceeding. Information relating to

20  whether a debt has been reaffirmed or successfully challenged is retrievable from

21  PACER through automated, computerized means (just like information establishing

22  the existence of a filed petition for a Chapter 7 no asset bankruptcy, a discharge

23  order granting that petition and the date of such discharge). Thus, were Experian to

24  employ procedures of which it is fully aware, Experian could achieve close to 100

25  percent accuracy in the reporting of the status of pre-bankruptcy debts.

26         17.    Experian, however, has failed to reasonably use available

27  procedures including, but not limited to services within PACER, to determine

28  which dischargeable debts have, in fact, been discharged and which, if any, remain

556284.1                              - 4 -

SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1   due and owing on account of their having been reaffirmed or successfully

2   challenged in an adversary proceeding. Instead, Experian reports information

3   regarding pre-bankruptcy debts furnished by consumers' creditors, even if that

4   information ignores or contradicts information contained in public court records

5   that Experian has obtained or could easily have obtained through PACER.

6        18.    As a direct result, Experian's procedures produce an error rate

7   that is both staggering and outrageous. Plaintiffs' counsels' pre-filing investigation

8   of approximately 985 Credit Reports issued by Experian reveals that in about 76

9   percent of those reports, Experian erroneously listed one or more of the discharged

10   debts as due and owing. The average number of such falsely listed debts was

11   between three and four per report and, in some cases, the number of such errors was

12   ten or more.

13        19.    Experian knows or should know that the Credit Reports it has

14   issued regarding Plaintiffs and the Class are grossly inaccurate with respect to the

15   status of pre-bankruptcy debts. Over the years, Experian has received thousands of

16   dispute letters from consumers informing it that it has erroneously recorded one or

17   more of their pre-bankruptcy debts as due and owing on Experian credit reports.

18   Moreover, dozens of these consumers have brought suit against Experian seeking

19   damages and other relief based on the same inaccurate reporting procedures that are

20   being challenged here.

21        20.    Experian, therefore, knows or should know that its procedures

22   for reporting the status of pre-bankruptcy debts fail to assure maximum possible

23   accuracy. Despite knowing that its procedures contravene the statutory rights of

24   consumers or in reckless disregard of whether they contravene those rights,

25   Experian continues to employ inaccurate reporting procedures.

26        21.    Experian has also failed to fulfill its legal and statutory

27   obligation to reinvestigate and correct the status of the discharged debts it has

28

SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1  falsely reported as due and owing.  Experian's practices regarding the
2  reinvestigation of those debts are woefully inadequate.

3       22.    Over the past several years, thousands of consumers have
4  written dispute letters to Experian requesting that Experian correct its erroneous
5  reporting of their discharged debts as due and owing because those debts had, in
6  fact, been discharged in bankruptcy.  Plaintiffs' counsels' pre-filing investigation
7  reveals that of approximately 340 Credit Reports prepared by Experian in response
8  to dispute letters (where consumers inform Experian that it erroneously reported
9  their discharged debts as due and owing), Experian continued to falsely report these
10  debts as due and owing in approximately *twenty-four percent* of the cases, despite
11  the fact that each such letter included a copy of court records showing that the debts
12  at issue had been discharged.

13       23.    By failing to adopt and maintain reasonable reinvestigation
14  practices for correcting the erroneous information it records in its Credit Reports
15  concerning the status of discharged debts of individuals with court-approved
16  bankruptcy petitions, Experian has acted in willful and reckless disregard of their
17  rights and its obligations under the FCRA and the CCRAA.

18       24.    As a direct consequence of Experian's grossly inadequate and
19  inaccurate initial reporting and reinvestigation practices and procedures, Plaintiffs
20  and the Class have been effectively denied the fresh start to which they are legally
21  entitled under the U.S. Bankruptcy Code.

22       25.    In each case, Plaintiffs' and the Class' credit ratings have been
23  adversely affected by Experian's erroneous Credit Report.

### Experian's Production Of Erroneous Credit Reports Relating To The Named Plaintiffs

#### Terri N. White

26       26.    Plaintiff Terri N. White filed a no asset Chapter 7 bankruptcy in
27  September 2004.

1        27.    On January 11, 2005, by an order of the Bankruptcy Court,

2  Plaintiff White's Chapter 7 bankruptcy discharge was granted, and, as a result,

3  Plaintiff White obtained a full discharge of all of her dischargeable debts incurred

4  prior to the filing of that petition.

5        28.    Subsequently, Experian issued one or more Credit Reports

6  concerning Plaintiff White to one or more third parties, including sending a Credit

7  Report to Macys/FDSB in February 2005, to Midland Credit Management in

8  February 2005 and to National Magazine Exchange in March 2005.  On each such

9  occasion, Experian reported Plaintiff White's filing of a Chapter 7 bankruptcy

10  petition, but erroneously listed four of her discharged debts as due and owing,

11  including a debt to Parkchester Preservation Company in the amount of $5,837, a

12  debt to Palisades Collection LLC in the amount of $2,236, a debt to Providian

13  Financial in the amount of $961 and a debt to Providian Financial in the amount of

14  $1,247.

15        29.    In or around February 2005, Plaintiff White requested that

16  Experian provide her with a copy of a Credit Report.  In March 2005, she received

17  a copy of her Credit Report from Experian demonstrating that Experian had

18  erroneously listed four of her discharged debts as due and owing on that report.

19        30.    Following the date of her discharge, plaintiff White's credit

20  rating has been adversely affected by Experian's erroneous Credit Reports.

21  **Jose Hernandez**

22        31.    Plaintiff Jose Hernandez filed a no asset Chapter 7 bankruptcy

23  in March 2004.

24        32.    In June 2004, by an order of the Bankruptcy Court, Plaintiff

25  Hernandez's Chapter 7 bankruptcy discharge was granted, and, as a result, Plaintiff

26  Hernandez obtained a full discharge of all of his dischargeable debts incurred prior

27  to the filing of that petition.

28

SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

33.     Subsequently, Experian issued more than two dozen consumer reports regarding Plaintiff Hernandez to numerous third parties, including, but not limited to, consumer reports which were provided to Macy's, Capital One Bank, Direct Merchants Bank and American Express.  On each such occasion, Experian reported Plaintiff Hernandez's filing of a Chapter 7 bankruptcy petition, but erroneously listed at least four of his discharged debts as due and owing, including a debt to Bank of America in the amount of $2,934.00, a debt to Citibank in the amount of $428.00, a debt to Chase in the amount of $1,626.00, and a debt to Millennium Financial Group in the amount of $1,627.00.

34.     In or around June 2005, Plaintiff Hernandez requested that Experian provide him with a copy of a consumer disclosure.  In July 2005, he received a copy of his consumer disclosure from Experian demonstrating that Experian had erroneously listed at least four of his discharged debts as due and owing on that report.

35.     Following the date of his discharge, plaintiff Hernadez's credit rating has been adversely affected by Experian's erroneous Credit Reports.

**Robert Radcliffe**

36.     Plaintiff Robert Radcliffe filed a no asset Chapter 7 bankruptcy in August 2001.

37.     On December 20, 2001, by an order of the Bankruptcy Court, Plaintiff Radcliffe's Chapter 7 bankruptcy discharge was granted, and, as a result, Plaintiff Radcliffe obtained a full discharge of all of his dischargeable debts incurred prior to the filing of that petition.  Subsequently, in or around April 2005, Experian issued a Credit Report concerning Plaintiff Radcliffe.  Experian reported Plaintiff Radcliffe's filing of a Chapter 7 bankruptcy petition, but erroneously listed two of his discharged debts as due and owing, including a debt to Providian National Bank in the amount of $6,835 and to First USA Bank in the amount of $13,291.

1      38.    Following the date of his discharge, plaintiff Radcliffe's credit

2    rating has been adversely affected by Experian's erroneous Credit Reports.

3        **Chester Carter**

4      39.    Plaintiff Chester Carter filed a no asset Chapter 7 bankruptcy in

5    January 2000.

6      40.    On April 27, 2000, by an order of the Bankruptcy Court,

7    Plaintiff Carter's Chapter 7 bankruptcy discharge was granted, and, as a result,

8    Plaintiff Carter obtained a full discharge of all of his dischargeable debts incurred

9    prior to the filing of that petition.  Subsequently, Experian issued one or more

10    Credit Reports concerning Plaintiff Carter to one or more third parties, including

11    sending a Credit Report to Landsafecredit on December 21, 2004, to Capital One

12    Bank on July 7, 2004, to Info One on November 21, 2003, and to Citifinancial on

13    August 28, 2003.  On each such occasion, Experian reported Plaintiff Carter's filing

14    of a Chapter 7 bankruptcy petition, but erroneously listed three of his discharged

15    debts as due and owing, including a debt to Chase in the amount of $2,118, a debt

16    to Anderson Financial in the amount of $215, and a debt to First Collection

17    Services in the amount of $301.

18      41.    Following the date of his discharge, plaintiff Carter's credit

19    rating has been adversely affected by Experian's erroneous Credit Reports.

20        **Arnold E. Lovell, Jr.**

21      42.    Plaintiff Arnold E. Lovell, Jr. filed a no asset Chapter 7

22    bankruptcy in September 2004.

23      43.    On December 29, 2004, by an order of the Bankruptcy Court,

24    Plaintiff Lovell's Chapter 7 bankruptcy discharge was granted, and, as a result,

25    Plaintiff Lovell obtained a full discharge of all of his dischargeable debts incurred

26    prior to the filing of that petition.  Subsequently, Experian issued one or more

27    Credit Reports concerning Plaintiff Lovell to one or more third parties, including

28    sending a Credit Report to American Express in January, February and March 2005

1  and to Chase in January and February 2005.  On each such occasion, Experian

2  reported Plaintiff Lovell's filing of a Chapter 7 bankruptcy petition, but erroneously

3  listed three of his discharged debts as due and owing, including a debt to Chase in

4  the amount of $7,868, to Chase in the amount of $9,702, and to Universal/Citi.

5      44.    On March 25, 2005, Plaintiff Lovell wrote a dispute letter to

6  Experian stating that the discharged debts Experian erroneously reported as due and

7  owing had, in fact, been discharged in bankruptcy, and requesting that Experian

8  correct his Credit Report.  (Along with that letter, Plaintiff enclosed a copy of his

9  driver's license, indicating proof of address, and a copy of the schedule F from his

10  bankruptcy petition, listing the debts that were discharged as a result of that

11  bankruptcy.)

12      45.    Although Plaintiff Lovell had provided Experian all information

13  needed to correct the erroneous entries in the Credit Report, and although Experian

14  already had sufficient information or access to sufficient information to issue an

15  accurate Credit Report, Experian failed to correct the Credit Report.  Instead,

16  Experian responded by producing a new but still erroneous Credit Report that

17  continued to list both of his discharged debts to Chase as well as his discharged

18  debt to Universal/Citi as due and owing.

19      46.    Following the date of his discharge, and again, following the

20  date he disputed the inaccuracies directly to Experian, plaintiff Lovell's credit

21  rating has been adversely affected by Experian's erroneous Credit Reports.

22  **Clifton C. Seale III**

23      47.    Plaintiff Clifton C. Seale III filed a no asset Chapter 7

24  bankruptcy in June 2001.

25      48.    On October 11, 2001, by an order of the Bankruptcy Court,

26  Plaintiff Seale's Chapter 7 bankruptcy discharge was granted, and, as a result,

27  Plaintiff Seale obtained a full discharge of all of his dischargeable debts incurred

28  prior to the filing of that petition.   Subsequently, Experian issued one or more

1   Credit Reports concerning Plaintiff Seale to one or more third parties, including

2   sending a Credit Report to Valley National Bank in June 2004, GMAC in June

3   2004 and Capital One Auto Finance in April 2003.  On each such occasion,

4   Experian reported Plaintiff Seale's filing of a Chapter 7 bankruptcy petition, but

5   erroneously listed five of his discharged debts as due and owing, including a debt to

6   Bank One in the amount of $3,721, a debt to HSBC in the amount of $6,947, a debt

7   to Municipal Credit in the amount of $1557, and a debt to First USA Bank in the

8   amount of $3,083.

9           49.   On May 16, 2005, Plaintiff Seale wrote a dispute letter to

10  Experian stating that the discharged debts Experian erroneously reported as due and

11  owing had, in fact, been discharged in bankruptcy, and requesting that Experian

12  correct his Credit Report.  (Along with that letter, Plaintiff Seale enclosed a copy of

13  his driver's license, indicating proof of address, and a copy of the schedule F from

14  his bankruptcy petition, listing the debts that were discharged as a result of that

15  bankruptcy.)

16          50.   Although Plaintiff Seale had provided Experian all information

17  needed to issue to correct the erroneous entries in the Credit Report, and although

18  Experian already had sufficient information or access to sufficient information to

19  issue an accurate Credit Report, Equifax failed to correct the Credit Report.

20  Instead, Experian responded by producing a new but still erroneous Credit Report

21  that continued to list his discharged debt to Municipal Credit Union as due and

22  owing.

23          51.   Following the date of his discharge, and again, following the

24  date he disputed the inaccuracies directly to Experian, plaintiff Sealle's credit rating

25  has been adversely affected by Experian's erroneous Credit Reports.

26

27          **Alex Gidi**

28

52.    Plaintiff Alex Gidi filed a no asset Chapter 7 bankruptcy in January 2002.

53.    On April 9, 2002, by an order of the Bankruptcy Court, Plaintiff Gidi's Chapter 7 bankruptcy discharge was granted, and, as a result, Plaintiff Gidi obtained a full discharge of all of his dischargeable debts incurred prior to the filing of that petition.  Subsequently, Experian issued one or more Credit Reports concerning Plaintiff Gidi to one or more third parties, including sending a Credit Report to RCN Telecom on July 28, 2003, to Verizon on July 31, 2003 and to Capital One Bank on August 24, 2003.  On each such occasion, Experian reported Plaintiff Gidi's filing of a Chapter 7 bankruptcy petition, but erroneously listed six of his discharged debts as due and owing, including a debt to Citibank NA in the amount of $3,529, to Direct Merchants Bank in the amount of $4,888 and to Fleet CC in the amount of $2,517.

54.    Following the date of his discharge, and again, following the date he disputed the inaccuracies directly to Experian, plaintiff Gidi's credit rating has been adversely affected by Experian's erroneous Credit Reports.

## CLASS ALLEGATIONS

55.    Plaintiffs seek to maintain this action as a class action (including, any appropriate subclasses) representing a class consisting of the following:

> All individuals who, on or after March 15, 2002, have had a consumer report relating to them prepared by Experian in which one or more of their tradeline accounts or debts was not reported as dischargeddespite the fact that such debts had been discharged as a result of their no asset bankruptcy under Chapter 7 of the Bankruptcy Code.

56.    <u>Ascertainability/Numerosity</u>:  The class is ascertainable in that it is comprised of individuals who can be identified by reference to purely objective

1  criteria.  There are hundreds of thousands of members of the class and, therefore, it

2  would be impracticable to bring all, or even a substantial percentage of, such

3  persons before the Court as individual plaintiffs.

4        57.  <u>Typicality</u>:  The claims of the named plaintiffs are typical of the

5  claims of each member of the class they seek to represent because: (1) they have all

6  been injured in the same manner as a result of Experian's uniform and woefully

7  inadequate procedure regarding the reporting of debts that have been discharged in

8  bankruptcy; and (2) their claims are all based on the same legal theory.

9        58.  <u>Adequacy of Representation</u>:  Plaintiffs are adequate

10  representatives of the class they seek to represent because: (a) they are willing and

11  able to represent the proposed class and have every incentive to pursue this action

12  to a successful conclusion; (b) their interests are not in any way antagonistic to

13  those of the other class members; and (c) they are represented by counsel

14  experienced in litigating major class actions and claims under the FCRA and other

15  consumer protections statutes.

16        59.  <u>Commonality</u>:  There are questions of law and fact common to

17  all members of the Class.  The overarching questions of law and fact that are

18  common to all members of the class are whether: (a) in preparing consumer reports

19  concerning individuals whose debts have been discharged in bankruptcy, Experian

20  has failed to follow reasonable procedures to ensure maximum possible accuracy of

21  the information pertaining to the status of those debts in accordance with the

22  requirements of 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14(b); (b)

23  Experian's failure to comply with the requirements of 15 U.S.C. § 1681e(b) and

24  Cal. Civ. Code § 1785.14(b) is negligent pursuant to 15 U.S.C. § 1681o(a) and Cal.

25  Civ. Code § 1785.31(a)(1), respectively; and (c) Experian's failure to comply with

26  the requirements of 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14(b) is

27  willful pursuant to 15 U.S.C. § 1681n(a) and Cal. Civ. Code § 1785.31(b),

28  respectively.

60.   Propriety Of Class Certification Under Fed. R. Civ. P. 23(b)(2). Class certification of all of plaintiffs' claims is appropriate under Fed. R. Civ. P. 23(b)(2) because Experian has acted and/or refused to act on grounds generally applicable to the class, thereby making declaratory and final injunctive relief appropriate.  Such generally applicable grounds consist of Experian's conduct in failing and refusing to follow reasonable procedures to assure maximum possible accuracy in connection with its reporting of the status of debts that have been discharged following the issuance of an order approving a consumer's Chapter 7 bankruptcy discharge.

61.   Propriety Of Class Certification Under Fed. R. Civ. P. 23(b)(3). Class certification of plaintiffs' claims for willful failure to employ reasonable reporting procedures in violation of 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14(b) is also appropriate under Fed. R. Civ. P. 23(b)(3).  The common questions of law and fact relating to plaintiffs' willful violation claims predominate over questions affecting only individual members.  Moreover, the class action vehicle is superior to other available methods for the fair and efficient adjudication of these claims.  For the vast majority of members of the class, the amount of any potential recovery is too small to justify the cost of prosecuting their claims individually, despite the availability of costs and attorney fees in the event they were to prevail on the merits.  Further, requiring each class member to pursue his or her claim individually would entail needless duplication of effort, would waste the resources of both the parties and the Court, and would risk inconsistent adjudications.

## SUBCLASS ALLEGATIONS

62.   Plaintiffs Lovell and Seale also seek to maintain this action on behalf of a subclass consisting of the following:

All individuals included in the class described in paragraph 40 above whose discharged debts continued to

1    be erroneously reported by Experian as due and owing

2    any time after 30 days from the date that it had received a

3    dispute letter informing it that those debts had, in fact,

4    been discharged.

5         63.   <u>Ascertainability/Numerosity</u>:  The subclass is ascertainable in

6 that it is comprised of individuals who can be identified by reference to purely

7 objective criteria.  There are thousands of members of the subclass and, therefore, it

8 would be impracticable to bring all, or even a substantial percentage of, such

9 persons before the Court as individual plaintiffs.

10       64.   <u>Typicality</u>:  Plaintiff Lovell's and Seale's claims are typical of

11 the claims of each member of the subclass they seek to represent because: (1) they

12 have all been injured in the same manner as a result of Experian's uniform

13 andwoefully inadequate reinvestigation procedures regarding the reporting of debts

14 that have been discharged in bankruptcy; and (2) their claims are all based on the

15 same legal theory.

16       65.   <u>Adequacy of Representation</u>:  Plaintiff Lovells and Seale are

17 adequate representatives of the subclass they seeks to represent because: (a) they

18 are willing and able to represent the proposed subclass and have every incentive to

19 pursue this action to a successful conclusion; (b) their interests are not in any way

20 antagonistic to those of the other subclass members; and (c) they are represented by

21 counsel experienced in litigating major class actions and claims under the FCRA

22 and other consumer protections statutes.

23       66.   <u>Commonality</u>:  There are questions of law and fact common to

24 all members of the subclass.  The overarching questions of law and fact that are

25 common to all members of the subclass are whether: (a) in responding to dispute

26 letters of individuals whose debts have been discharged in bankruptcy, Experian

27 has violated 15 U.S.C. § 1681i(a) and Cal. Civ. Code § 1785.16 by failing to follow

28 reasonable reinvestigation procedures for ascertaining the accuracy of information

1  pertaining to those debts in its credit reports; (b) Experian's failure to comply with
2  the requirements of 15 U.S.C. § 1681i(a) and Cal. Civ. Code § 1785.16 is negligent
3  pursuant to 15 U.S.C. § 1681o(a) and Cal. Civ. Code § 1785.31(a)(1), respectively;
4  and (c) Experian's failure to comply with the requirements of 15 U.S.C. § 1681i(a)
5  and Cal. Civ. Code § 1785.16 is willful pursuant to 15 U.S.C. § 1681n(a), and Cal.
6  Civ. Code § 1785.31(a)(2), respectively.

7        67.    <u>Propriety Of Class Certification Under Fed. R. Civ. P. 23(b)(2).</u>
8  Certification of all of the claims belonging to the subclass is appropriate under Fed.
9  R. Civ. P. 23(b)(2) because Experian has acted and/or refused to act on grounds
10  generally applicable to the subclass, thereby making declaratory and final injunctive
11  relief appropriate.  Such generally applicable grounds consist of Experian's conduct
12  in failing and refusing to follow reasonable reinvestigation procedures in
13  connection with its erroneous reporting of debts that have been discharged
14  following the issuance of an order approving a consumer's Chapter 7 bankruptcy
15  petition.

16        68.    <u>Propriety Of Class Certification Under Fed. R. Civ. P. 23(b)(3).</u>
17  Class certification of the subclass' claims for willful failure to employ reasonable
18  reinvestigation procedures in violation of 15 U.S.C. § 1681e(b) and Cal. Civ. Code
19  § 1785.14(b) is also appropriate under Fed. R. Civ. P. 23(b)(3).  The common
20  questions of law and fact relating to the subclass' willful violation claims
21  predominate over questions affecting only individual members.  Moreover, the
22  class action vehicle is superior to other available methods for the fair and efficient
23  adjudication of the claims of members of the proposed subclass.  For the vast
24  majority of members of the subclass, the amount of any potential recovery is too
25  small to justify the cost of prosecuting their claims individually, despite the
26  availability of costs and attorney fees in the event they were to prevail on the
27  merits.  Furthermore, requiring each subclass member to pursue his or her claim

28

individually would entail needless duplication of effort, would waste the resources of both the parties and the Court, and would risk inconsistent adjudications.

## FIRST CAUSE OF ACTION

### Willful Failure To Employ Reasonable Procedures To Ensure Maximum Accuracy Of Credit Reports In Violation Of 15 U.S.C. § 1681e(b) And Cal. Civ. Code § 1785.14(b)

**(On behalf of all Plaintiffs and Class Members)**

69.    The allegations set forth in paragraphs 1-68 above are realleged and incorporated by reference as if fully set forth herein.

70.    Experian is regularly engaged in the practice of assembling and evaluating consumer credit information for the purpose of preparing consumer reports, as that term is defined in 15 U.S.C. § 1681a(d) and Cal. Civ. Code § 1785.3(c), commonly referred to as Credit Reports, and furnishing these Credit Reports to third parties.

71.    Experian uses means and facilities of interstate commerce for the purpose of preparing and furnishing Credit Reports and, hence, is a "consumer reporting agency" within the meaning of 15 U.S.C. § 1681a(f).  Experian is likewise a "consumer reporting agency" within the meaning of Cal. Civ. Code § 1785.3(d).

72.    In preparing Credit Reports, Experian has failed to use reasonable procedures to, as required by law, "assure maximum possible accuracy" of information relating to the discharged debts of Plaintiffs and the Class, in violation of 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14(b).

73.    As a result of Experian's failure to use reasonable procedures in accordance with the requirements of 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14(b), Experian has erroneously reported as due and owing one or more of the discharged debts of each Plaintiff and member of the Class.

74. Experian's failure to comply with the requirements of 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14(b) is willful within the meaning of 15 U.S.C. § 1681n(a) and Cal. Civ. Code § 1785.31(a)(2), respectively.

75. As a result of Experian's willful noncompliance with the requirements of 15 U.S.C. § 1681e(b) and Cal. Civ. Code. § 1785.14(b), plaintiffs and class members are entitled to statutory and punitive damages under 15 U.S.C. § 1681n(a)(1) and (a)(2) and punitive damages under Cal. Civ. Code §§ 1785.31(a)(1) and (a)(2), respectively.

76. As a further result of Experian's willful noncompliance with the requirements of 15 U.S.C. § 1681e(b) and Cal. Civ. Code. § 1785.14(b), Plaintiffs and the Class have suffered damage to their credit ratings and other actual damages.

## SECOND CAUSE OF ACTION

### Negligent Failure To Employ Reasonable Procedures To Ensure Maximum Accuracy Of Credit Reports In Violation Of 15 U.S.C. § 1681e(b) And Cal. Civ. Code § 1785.14(b)

### (On behalf of all Plaintiffs and Class Members)

77. The allegations set forth in paragraphs 1-76 above are realleged and incorporated by reference as if fully set forth herein.

78. In preparing credit reports relating to plaintiffs and class members, Experian has failed to follow reasonable procedures to assure maximum accuracy of information it puts in Credit Reports in violation of 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14(b).

79. As a result of Experian's failure to follow reasonable procedures in accordance with the requirements of 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14(b), Experian has erroneously reported one or more of the discharged debts of each Plaintiff and Class member as "due and owing" in Credit Reports.

80.     Experian's failure to comply with the requirements of 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14(b) is negligent within the meaning of 15 U.S.C. § 1681o(a) and Cal. Civ. Code § 1785.31(a)(1), respectively.

81.     As a result of Experian's negligent violation with the requirements of 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14(b), Plaintiffs and class members have suffered damage to their credit ratings and other actual damages.

### THIRD CAUSE OF ACTION

**Willful Failure To Reasonably Reinvestigate In Violation Of 15 U.S.C. § 1681i(a) And Cal. Civ. Code § 1785.16**

**(On behalf of Plaintiffs Lovell and Seale and All Subclass Members)**

82.     The allegations set forth in paragraphs 1-81 above are realleged and incorporated by reference as if fully set forth herein.

83.     Experian has failed to use reasonable reinvestigation practices for ascertaining the accuracy of information relating to the discharged debts of Plaintiffs and Class members that Experian has erroneously reported as due and owing in Credit Reports.

84.     As a result of Experian's failure to conduct reasonable reinvestigations in accordance with the requirements of 15 U.S.C. § 1681i(a)(1) and Cal. Civ. Code § 1785.16, Experian has continued to erroneously report the discharged debts of Plaintiffs Lovell and Seale and subclass members as due and owing in its credit reports relating to those plaintiffs and subclass members, after having been notified that they are disputing that information.

85.     Experian's failure to comply with the requirements of 15 U.S.C. § 1681i(a)(1) and Cal. Civ. Code § 1785.16 is willful within the meaning of 15 U.S.C. § 1681n(a) and Cal. Civ. Code § 1785.31(a)(2), respectively.

86.   As a result of Experian's willful noncompliance with the requirements of 15 U.S.C. § 1681i(a)(1) and Cal. Civ. Code. § 1785.16, Plaintiffs Lovell and Seale and subclass members are entitled to statutory and punitive damages under 15 U.S.C. § 1681n(a)(1) and (a)(2) and punitive damages under Cal. Civ. Code §§ 1785.31(a)(1) and (a)(2), respectively.

87.   As a further result of Experian's willful noncompliance with the requirements of 15 U.S.C. § 1681i(a)(1) and Cal. Civ. Code § 1785.16, Plaintiffs Lovell and Seale and subclass members have suffered damage to their credit ratings and other actual damages.

### FOURTH CAUSE OF ACTION

#### Negligent Failure To Reasonably Reinvestigate In Violation Of 15 U.S.C. § 1681i(a) And Cal. Civ. Code § 1785.16

#### (On behalf of Plaintiffs Lovell and Seale and All Subclass Members)

88.   The allegations set forth in paragraphs 1-87 above are realleged and incorporated by reference as if fully set forth herein.

89.   Experian has failed to use reasonable reinvestigation practices for ascertaining the accuracy of information relating to the discharged debts of plaintiffs and class members that Experian has listed as due and owing in its credit reports.

90.   As a result of Experian's failure to conduct reasonable reinvestigations in accordance with the requirements of 15 U.S.C. § 1681i(a)(1) and Cal. Civ. Code § 1785.16, Experian has continued to erroneously report the discharged debts of Plaintiffs Lovell and Seale and subclass members as due and owing in Credit Reports relating to those plaintiffs and subclass class members, after having been notified that they are disputing that information.

91.   Experian's failure to comply with the requirements of 15 U.S.C. § 1681i(a)(1) and Cal. Civ. Code § 1785.16 is negligent within the meaning of 15 U.S.C. § 1681o(a) and Cal. Civ. Code § 1785.31(a)(1), respectively.

92.    As a result of Experian's negligent noncompliance with the requirements of 15 U.S.C. § 1681i(a)(1) and Cal. Civ. Code § 1785.16, Plaintiffs Lovell and Seale and subclass members have suffered damage to their credit ratings and other actual damages.,

## FIFTH CAUSE OF ACTION

### Unfair Competition In Violation Of The UCL

### (On behalf of all Plaintiffs and all Class Members)

93.    The allegations set forth in paragraphs 1-92 above are realleged and incorporated by reference as if fully set forth herein.

94.    Experian's failure to follow reasonable procedures to assure maximum accuracy in connection with its reporting of the status of discharged debts is unlawful under both 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14(b) and, hence, constitutes unlawful business competition within the meaning of the California Unfair Competition Law, Cal. Bus. & Prof. Code, §§ 17200 *et seq.* ("UCL").

95.    Experian's failure to use reasonable reinvestigation practices in connection with its reporting of the status of discharged debts is unlawful under 15 U.S.C. § 1681i(a)(1) and Cal. Civ. Code § 1785.16 and, hence, constitutes unlawful business competition within the meaning of the UCL.

96.    Experian's erroneous reporting in Credit Reports of debts as due and owing, but which have in fact been legally discharged pursuant to orders of the U.S. Bankruptcy Court constitutes unfair business competition within the meaning of the UCL.

97.    Experian's failure to use reasonable reinvestigation practices in connection with its reporting of the status of discharged debts constitutes unfair business competition within the meaning of the UCL.

98.    As a result of Experian's unfair or unlawful business practices, Plaintiffs and the Class have suffered injury in fact and have suffered loss of money

1 | or property, including, without limitation, in the following ways:  Credit Reports
2 | erroneously reporting their credit histories have been publicly disseminated to third
3 | parties; their credit scoring has been adversely affected; and they have been denied
4 | credit or received credit on terms that are less favorable than if their Credit Reports
5 | had been accurate.

6 |      99.    As a result of Experian' unfair or unlawful business practices,
7 | Plaintiffs and the Class are entitled to injunctive relief.

8 |     **WHEREFORE**, Plaintiffs respectfully pray:

9 |     1.    That the practices and procedures of Experian complained of
10 | herein be determined and adjudged to be in violation of the rights of plaintiffs and
11 | class members under the FCRA, the CCRAA, and the UCL;

12 |     2.    That a permanent injunction be issued requiring Experian to
13 | adopt investigation and reinvestigation practices in accord with the requirements of
14 | the FCRA, the CCRAA, and the UCL;

15 |     3.    That the Court enter an Order certifying all of the claims of the
16 | Class and Subclass alleged herein pursuant to Fed. R. Civ. P. 23(b)(2) or, in the
17 | alternative, certifying the Claims of the Class and Subclass for willful violation of
18 | the FCRA and the CCRAA under Fed. R. Civ. P. 23(b)(3);

19 |     4.    That, in accordance with 15 U.S.C. §§ 1681n(a) and 1681o(a)
20 | and Cal. Civ. Code §§ 1785.31(a)(1) and (a)(2), judgment be entered in favor of
21 | plaintiffs and the class, either individually or class-wide, and against Experian for
22 | statutory and/or punitive damages in amounts to be determined at trial;

23 |     5.    That, in accordance with 15 U.S.C. §§ 1681n(a)(3) and
24 | 1681o(a)(2) and Cal. Civ Code §§ 1785.31(a), (d) and (e), plaintiffs and the class be
25 | awarded the costs of this action together with reasonable attorney's fees as the Court
26 | may determine;

27 |
28 |

6.      That plaintiffs and class members be awarded such other and
further legal and equitable relief as may be found appropriate and as the Court may
deem equitable and just.

### DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38, Plaintiffs hereby demand a trial by jury
on all issues so triable.

Dated: August ___, 2006          Respectfully submitted,

By: _____
Michael W. Sobol (State Bar No. 194857)
(msobol@lchb.com)
LIEFF, CABRASER, HEIMANN
 & BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Telephone:  (415) 956-1000

Daniel Wolf (admitted *pro hac vice*)
(dan@danielwolflaw.com)
1220 N Street, N.W., Suite PH 2
Washington, D.C.  20005
Telephone:  (202) 842-2170

Charles W. Juntikka
(charles@cjalaw.com)
CHARLES JUNTIKKA & ASSOCIATES
11 W. 42nd Street, 12th Floor
New York, NY  10036
Telephone:  (212) 315-3755

Stuart Rossman
(srossman@nclc.org)
Charles Delbaum
(cdelbaum@nclc.org)
NATIONAL CONSUMER LAW CENTER
77 Summer Street, 10th Floor
Boston, MA 02110
(617) 542-8010

556284.1                          - 23 -

SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

By: _____

Michael A. Caddell (*pro hac pending*)
(mac@caddellchapman.com)
George Y. Niño (State Bar No. 146623)
(gyn@caddellchapman.com)
CADDELL & CHAPMAN
1331 Lamar, Suite 1070
Houston, TX 77010
Telephone: (713) 751-0400
Facsimile: (713) 751-0906

Leonard A. Bennett (VSB No. 37523)
(lenbennett@cavtel.net)
Matthew Erausquin (VSB No. 65434)
(matt@clalegal.com)
CONSUMER LITIGATION
ASSOCIATES, P.C.
12515 Warwick Boulevard, Suite 201
Newport News, Virginia 23606
Facsimile: (757) 930-3662

Mitchell A. Toups (TSB No. 20151600)
(matoups@wgttlaw.com)
WELLER, GREEN, TOUPS
& TERRELL, L.L.P.
Bank of America Tower
2615 Calder St., Suite 400
Beaumont Texas 77702
Facsimile: (409) 832-8577

*Attorneys for Plaintiffs and the Proposed Class*

SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF