Michael W. Sobol (State Bar No. 194857)
(msobol@lchb.com)
Rebecca Bedwell-Coll (State Bar No. 184468)
(rbcoll@lchb.com)
Allison S. Elgart (State Bar No. 241901)
(aelgart@lchb.com)
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Telephone:  (415) 956-1000
Facsimile:   (415) 956-1008

Michael A. Caddell (State Bar No. 249469)
(mac@caddellchapman.com)
Cynthia B. Chapman (State Bar No. 164471)
(cbc@caddellchapman.com)
George Y. Niño (State Bar No. 144623)
(gyn@caddellchapman.com)
CADDELL & CHAPMAN
1331 Lamar, Suite 1070
Houston, Texas 77010-3027
Telephone:  (713) 751-0400
Facsimile:   (713) 751-0906

*Attorneys for White/Hernandez Plaintiffs*

[Additional Counsel listed on signature page]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| TERRY N. WHITE, et al., | Case No.: 05-cv-1070 DOC (MLG) |
| Plaintiffs, | ***WHITE/HERNANDEZ* PLAINTIFFS' RESPONSES TO DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S OBJECTIONS TO PLAINTIFFS' EVIDENCE SUBMITTED IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** |
| v. | |
| EXPERIAN INFORMATION SOLUTIONS, INC., | |
| Defendant. | |
| AND RELATED CASES. | Date:         January 28, 2008<br>Time:        8:30 a.m.<br>Courtroom: 9D |

# TABLE OF CONTENTS

**Page**

INTRODUCTION ..................................................................................................... 1

ARGUMENT ............................................................................................................ 1

    I.    THE COURT SHOULD OVERRULE EXPERIAN'S OBJECTIONS TO THE DECLARATION OF MICHAEL W. SOBOL ............................................................................................. 1

        A.    The Court Should Overrule Experian's Objections Nos. 1 and 2 .................................................................................... 1

        B.    The Court Should Overrule Experian's Objections Nos. 3 and 4 .................................................................................... 1

    II.    THE COURT SHOULD OVERRULE EXPERIAN'S OBJECTIONS TO THE DECLARATION OF EVAN HENDRICKS ............................................................................................. 2

    III.    THE COURT SHOULD OVERRULE EXPERIAN'S OBJECTIONS TO THE DECLARATION OF JAY WESTBROOK .......................................................................................... 3

        A.    The Court Should Overrule Experian's Objection No. 1. .......... 3

        B.    The Court Should Overrule Experian's Objection No. 2. .......... 3

        C.    The Court Should Overrule Experian's Objection No. 3. .......... 3

        D.    The Court Should Overrule Experian's Objection No. 4. .......... 4

CONCLUSION ......................................................................................................... 4

# INTRODUCTION

Experian has incorrectly objected to Plaintiffs' evidence on the basis of relevance, foundation, and "improper legal opinion." Each of Experian's objections fail for the reasons set forth herein. Accordingly, the Court should reject the objections set forth in Defendant Experian Information Solutions, Inc.'s Objections to Plaintiffs' Evidence Submitted In Support Of Plaintiffs' Motion For Class Certification, as well as the Joinder of Defendant TransUnion LLC In Objections Of Defendant Experian Information Solutions, Inc. To Evidence Submitted In Support Of Plaintiffs' Motion For Class Certification.

# ARGUMENT

**I. THE COURT SHOULD OVERRULE EXPERIAN'S OBJECTIONS TO THE DECLARATION OF MICHAEL W. SOBOL.**

**A. The Court Should Overrule Experian's Objections Nos. 1 and 2.**

Experian objects to the December 13, 2006 and February 14, 2007 Declarations of John Ulzheimer referred to as Exhibits B and C to the Declaration of Michael W. Sobol by incorporating Defendants' objections filed on July 5, 2007. Plaintiffs incorporate their responses to these objections to the Ulzheimer Declarations filed herewith (on January 18, 2008), entitled *White/Hernandez Plaintiffs' Response To Defendants' Evidentiary Objections to John Ulzheimer Declarations.*

**B. The Court Should Overrule Experian's Objections Nos. 3 and 4.**

Experian objects to the December 14, 2006 and February 14, 2007 Declarations of Charles Juntikka referred to as Exhibits D and E to the Declaration of Michael W. Sobol by incorporating Defendants' objections filed on July 5, 2007. Plaintiffs incorporate their responses to these objections to the Juntikka Declarations filed herewith (on January 18, 2008,) entitled *White/Hernandez Plaintiffs' Response To Defendants' Evidentiary Objections To Charles Juntikka Declarations.*

## II. THE COURT SHOULD OVERRULE EXPERIAN'S OBJECTIONS TO THE DECLARATION OF EVAN HENDRICKS.

Experian objects to Paragraphs 14 (in its entirety), 18 (in its entirety), 19 (at 6:18-27), 20 (at 8:1-10), 22 (at 8:23-9:3) and 23 (in its entirety) of the Hendricks declaration on the basis that the testimony lacks foundation. Experian is incorrect.

Mr. Hendricks is more than qualified to testify regarding the matters set forth in his declaration. He has been involved full time in the fields of fair credit reporting and privacy for nearly 30 years. Hendricks Dec. ¶2. He has been the Editor/Publisher of Privacy Times, a newsletter reporting on, among other things, the Fair Credit Reporting Act. *Id.* He served for over two years on Experian's own Consumer Advisory Council. *Id.*, ¶3. He wrote a book on how credit scores and credit reporting systems work. *Id.*, ¶4. He has served as an expert witness in numerous FCRA cases and has been qualified as an expert in fair credit reporting matters by federal and state courts. *Id.*, ¶5. He has read thousands of pages of deposition testimony from credit reporting agencies and credit grantors. *Id.* He has testified before Congress on credit reporting issues. *Id.*, ¶6. Thus, Mr. Hendricks has adequately laid the foundation that he has knowledge in areas Experian has objected to, including industry standards for credit reporting (Paragraphs 14 and 19), the utility of e-Oscar, the most common means used by creditors to change their account reporting (Paragraph 18), whether discharged tradelines are rolled into the bankruptcy under the Metro I and II credit reporting protocols (Paragraph 19), whether credit reporting agencies know that creditors continue to report tradelines as due and owing when they are in fact discharged (Paragraphs 20, 22 and 23), and whether misreporting discharged debts as delinquent damages consumers (Paragraph 20). None of the evidence Experian has submitted regarding certain courts' limitations on Mr. Hendricks's testimony relates to these topics. Therefore, the Court should overrule Experian's objections to the Hendricks Declaration.

### III. THE COURT SHOULD OVERRULE EXPERIAN'S OBJECTIONS TO THE DECLARATION OF JAY WESTBROOK.

#### A. The Court Should Overrule Experian's Objection No. 1.

Experian mistakenly objects to Paragraph 4 of the Westbrook Declaration on the basis that it is an improper legal opinion. Mr. Westbrook's testimony merely states, based on his years of experience and knowledge in the field of bankruptcy, that it is not accurate to fail to reflect that a discharged debt is in fact discharged. This testimony is not an opinion about the law.

#### B. The Court Should Overrule Experian's Objection No. 2.

Experian mistakenly objects to Paragraph 7 (at 4:11-13) of the Westbrook Declaration on the basis that the testimony is lacking in foundation. Experian is incorrect. Mr. Westbrook practiced for eleven years in the firm of Surrey & Morse. Westbrook Dec. ¶2. Six years of his practice included substantial involvement in large bankruptcy cases. *Id.* Mr. Westbrook is also a distinguished professor of Bankruptcy at the University of Texas School of Law. *Id.* He has co-authored several large empirical studies of consumer and business bankruptcy in the Untied States. *Id.* Two of the studies resulted in books reporting data concerning consumer bankruptcies. *Id.* This testimony lays the foundation for Mr. Westbrook's knowledge that 95-97% of consumer bankruptcy filings are "no asset" cases. *Id.*

#### C. The Court Should Overrule Experian's Objection No. 3.

Experian mistakenly objects to Paragraph 9 of the Westbrook Declaration on the basis that the testimony lacks foundation. Experian is incorrect. This testimony discusses the results of a study available in academic literature regarding adversary proceedings objecting to discharges and reaffirmations, and Mr. Westbrook's own empirical study regarding reaffirmations. An expert is entitled to rely on hearsay evidence and his own personal knowledge to formulate his opinions. See Fed. R. Evid. 703; *Cree v. Flores*, 157 F.3d 762, 773 (9th Cir. 1998); *Bieghler v. Kleppe*,

633 F.2d 531, 533 (9th Cir. 1980).  Mr. Westbrook has done both.

### D. The Court Should Overrule Experian's Objection No. 4.

Experian mistakenly objects to Paragraph 13 (at 6:17-21) of the Westbrook Declaration on the basis that it is an improper legal opinion.  Mr. Westbrook's opinion is simply establishing that making a voluntary payment on a discharged debt does not mean the debt is not discharged.  This point should be noncontroversial.  In any case this testimony does not usurp the role of the court in this case, as the Court is of course able to ascribe whatever weight it deems appropriate to such evidence.

### CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court overrule Experian's objections to evidence.

Respectfully submitted,

Dated: January 18, 2008  LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP


By: */s/ Rebecca Bedwell-Coll*
    Rebecca Bedwell-Coll

Michael W. Sobol
(msobol@lchb.com)
Rebecca Bedwell-Coll
(rbcoll@lchb.com)
Allison S. Elgart
(aelgart@lchb.com)
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Telephone:  (415) 956-1000

Daniel Wolf
(dan@danielwolflaw.com)
LAW OFFICE OF DANIEL WOLF
1220 N Street, N.W., Suite PH 2
Washington, D.C. 20005
Telephone:  (202) 842-2170

| | |
|---|---|
| 1 | Charles W. Juntikka (cj4689) |
|   | (charles@cjalaw.com) |
| 2 | CHARLES JUNTIKKA & ASSOCIATES |
|   | 1250 Broadway 24th Floor |
| 3 | New York NY 10001 |
|   | Telephone: (212) 315-3755 |
| 4 | |
|   | Stuart Rossman |
| 5 | (srossman@nclc.org) |
|   | Charles Delbaum |
| 6 | (cdelbaum@nclc.org) |
|   | NATIONAL CONSUMER LAW CENTER |
| 7 | 77 Summer Street, 10th Floor |
|   | Boston, MA 02110 |
| 8 | Telephone: (617) 542-8010 |
|   | Facsimile: (617) 542-8028 |
| 9 | |
|   | Michael A. Caddell (State Bar No. 249469) |
| 10 | (mac@caddellchapman.com) |
|   | Cynthia B. Chapman (State Bar No. 164471) |
| 11 | (cbc@caddellchapman.com) |
|   | George Y. Niño (State Bar No. 146623) |
| 12 | (gyn@caddellchapman.com) |
|   | CADDELL & CHAPMAN |
| 13 | 1331 Lamar, Suite 1070 |
|   | Houston, TX 77010 |
| 14 | Telephone: (713) 751-0400 |
|   | Facsimile: (713) 751-0906 |
| 15 | |
|   | Leonard A. Bennett (VSB No. 37523) |
| 16 | (lenbennett@cavtel.net) |
|   | Matthew Erausquin (VSB No. 65434) |
| 17 | (matt@clalegal.com) |
|   | CONSUMER LITIGATION |
| 18 | ASSOCIATES, P.C. |
|   | 12515 Warwick Boulevard, Suite 201 |
| 19 | Newport News, Virginia 23606 |
|   | Telephone: (757) 930 3660 |
| 20 | Facsimile: (757) 930-3662 |
| 21 | Mitchell A. Toups (TSB No. 20151600) |
|   | (matoups@wgttlaw.com) |
| 22 | WELLER, GREEN, TOUPS & |
|   |   TERRELL, L.L.P. |
| 23 | Bank of America Tower |
|   | 2615 Calder St., Suite 400 |
| 24 | Beaumont Texas 77702 |
|   | Telephone: (409) 838-0101 |
| 25 | Facsimile: (409) 832-8577 |
| 26 | *Attorneys for White/Hernandez Plaintiffs* |
| 27 | |
| 28 | |