Daniel J. McLoon (State Bar No. 109598)
djmcloon@jonesday.com
Michael G. Morgan (State Bar No. 170611)
mgmorgan@jonesday.com
Jason L. Haas (Cal. Bar No. 217290)
jhaas@jonesday.com
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, CA 90071-2300
Telephone: (213) 489-3939
Facsimile: (213) 243-2539

Attorneys for Defendant
EXPERIAN INFORMATION SOLUTIONS,
INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| TERRI N. WHITE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>Defendant.<br><br>AND RELATED CASES. | **CASE NO. SA CV05-1070 DOC (MLGX) (Lead Case)**<br><br>**SUPPLEMENTAL DECLARATION OF PATRICIA FINNERAN IN SUPPORT OF EXPERIAN'S SUPPLEMENTAL OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>**Assigned for all purposes to the Honorable Judge David O. Carter**<br><br>Date:         August 27, 2008<br>Time:         8:30 AM<br>Courtroom: 9D |

LAI-2963880v1

1      I, Patricia Finneran, declare and state as follows:

2      1.     I am the Senior Manager for File One Infrastructure for Experian

3 Information Solutions, Inc. ("Experian"). Except where otherwise stated, the facts

4 stated in this declaration are true of my own personal knowledge, including

5 knowledge acquired in the course and scope of my job responsibilities and through

6 the review of pertinent documents maintained as business records by Experian in

7 the course and scope of Experian's business. If called upon to do so, I could and

8 would testify competently to the facts stated below.

9      2.     I make this supplemental declaration in support of Experian's

10 Supplemental Opposition to Plaintiffs' Motion for Class Certification.

11      3.     I understand that the Court has asked the following question: "Does

12 the data for each individual indicate when discharged notations are added to debts

13 relative to when a Chapter Seven discharge order occurred?" From the data in its

14 files, Experian ordinarily can determine when tradelines were first updated to make

15 reference to a bankruptcy. There is, however, no practical way for Experian to

16 determine when *discharged* notations were first added to the tradeline. This is

17 because Experian uses a single field to record when a debt was first updated to any

18 bankruptcy-related status, which includes petition for Chapter 7 or 13 bankruptcy,

19 discharge in Chapter 7 or 13 bankruptcy, petition withdrawn, or petition dismissed.

20 Where a tradeline is reporting a discharge, Experian cannot reliably determine

21 through any practical means whether the date in its files reflects the date on which

22 the discharge was first reported or if, as often occurs, the date reflects the first

23 reporting of a bankruptcy petition that was updated to a discharged status at an

24 unknown later date.

25      4.     I understand that Plaintiffs contend Experian would be able to use a

26 furnisher's reporting of certain Metro I and Metro II codes to reliably identify

27 certain categories of pre-bankruptcy tradelines that were not discharged. However,

28 it is the furnishers who decide which account-type codes to assign to the debts they

- 1 -

1  report to Experian.  Although Experian requires its furnishers to report data

2  accurately, furnishers have no obligation to choose a more specific account-type

3  code over an equally accurate generic one.  Also, the Metro II account-type codes

4  were not created to track the exceptions to dischargeability under bankruptcy law.

5  Nor are they intended to reflect the furnishers' opinion as to whether or not a debt

6  qualifies as statutorily nondischargeable under bankruptcy law.  In my experience,

7  many furnishers have reported statutorily nondischargeable debts using more

8  accurate general account-type codes rather with more specific codes.  For example,

9  a furnisher might report a student loan using Metro II's "installment loan" account-

10  type code instead of its "educational loan" code.  Additionally, in my experience,

11  furnishers do not always include the special "reaffirmation code" when they report

12  the status of reaffirmed debts.  Rather, they sometimes continue to accurately report

13  the debt as due and owing.

14     I declare under the penalty of perjury of the laws of the United States of

15  America that the foregoing declaration is true and accurate.

16     Executed this 31st day of July 2008, at Costa mesa , California.

Patricia Finneran