O

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRI N. WHITE, ET. AL., | CASE NO. SACV05-1070 DOC(MLGx) |
| Plaintiff(s), | |
| v. | ORDER DENYING MOTION FOR RECONSIDERATION |
| EXPERIAN SOLUTIONS INFORMATION INC., ET. AL., | |
| Defendant(s). | |
| and Related actions | |

Before the Court is Plaintiffs Robert Radcliffe; Chester Carter; Maria Falcon; Clifton C. Seale, III; and Arnold E. Lovell's ("Objecting Plaintiffs") Motion for Reconsideration and to Vacate Orders Appointing Class Counsel and Conditionally Certifying Settlement Class (the "Motion"). The Court finds the Motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set June 15, 2009 is removed from the Court's calendar. After considering the moving, opposing, and replying papers, the Court hereby DENIES the Motion.

**I. BACKGROUND**

These related cases involve class claims brought against consumer credit reporting agencies based on the procedures by which those agencies produce credit reports for individuals with debts

discharged through Chapter 7 bankruptcy proceedings. On August 19, 2008, a settlement agreement between the parties as to Plaintiffs' claims for injunctive relief was approved (the "Settlement Agreement"). On March 9, 2009, the parties submitted a Stipulation and Proposed Order Establishing Schedule for Settlement, stating that, following a court-ordered mediation on February 5, 2009, the parties in the related cases were able to reach a settlement as to the damages claims in addition to the claims for injunctive relief. On April 24, 2009, attorneys for Plaintiffs filed a Motion for Preliminary Approval of Proposed Class Action Settlement, Conditional Certification of the Settlement Class, Approval of Class Notice, and Appointment of Class Counsel, which was granted by this Court on May 7, 2009. On May 21, 2009 objecting Plaintiffs filed the instant Motion, arguing that the May 7, 2009 Order be vacated under Fed. R. Civ. P. 23(c) and (d), Local Rule 7.18, and the Court's inherent power, as counsel for settling plaintiffs – Lieff Cabraser Heimann & Bernstein, LLP, the National Consumer Law Center ("NCLC"), Caddell & Chapman, P.C., Mitchell Toups, and Leonard Bennett ("Counsel for Settling Plaintiffs") – engaged in misconduct that disqualifies them from representing the class.

**II. LEGAL STANDARD**

Federal Rule of Civil Procedure 60(b) "provides for reconsideration only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *School Dist. No. 1J, Multnomah County v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (quoting *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991)).

These grounds are further limited by the Local Rules. Local Rule 7-18 provides that a motion for reconsideration of a decision on any motion may be made only on the following grounds: "(a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision." L.R. 7-18. Finally, the Local Rule states that "[n]o motion for reconsideration shall in any manner repeat any oral or written argument made in support

of or in opposition to the original motion." *Id.*

## III. DISCUSSION

Objecting Plaintiffs allege that the following eight independent acts of misconduct "automatically disqualif[y]" Counsel for Settling Plaintiffs from representing the class in the related cases:

- Lieff Cabraser Heimann & Bernstein, LLP ("Lief") and NCLC, both attorneys of record for the White Plaintiffs, disregarded the White Plaintiffs' five written instructions to stop negotiating and supporting the settlement or to withdraw.
- The Settling Plaintiff's Counsel advised the White Plaintiffs that the settlement was incomplete and was still being negotiated and instructed them not to oppose it until all the Settling Plaintiffs' counsel had consulted with them.
- The Settling Plaintiff's Counsel then failed to consult with any of the White Plaintiffs until April 16 – one week before the settlement was filed and over two months after the February 5 mediation – and never consulted with three of them.
- When they finally consulted with two of the White Plaintiffs, the Caddell team improperly instructed one of them that he would be eligible for $5000 in incentive payments only if he supported the settlement; and, in fact, the settlement makes incentive payments to the named plaintiffs contingent on their "support" for it.
- After failing to persuade any of the White Plaintiffs to change their decisions, Lieff and NCLC filed the settlement with the Court in direct defiance of their clients' instructions and before even attempting to withdraw.
- When the White Plaintiffs sought an extension of time to file objections, Lieff affirmatively opposed their own clients' request and continued to refuse to turn over certain documents that their clients had requested before even attempting to withdraw.
- Lieff and NCLC have failed to properly withdraw and continue to oppose their own clients to this day.
- At all times, the "Caddell team", attorneys of record for Jose Hernandez, supported and participated in Lieff and NCLC's aforementioned misconduct.

In sum, Objecting Plaintiffs argue that Lieff and NCLC have violated the ethical rules prohibiting simultaneous representation of two or more clients with adverse interests, that the Caddell team knew that Lieff and NCLC were breaching the ethical rules but nevertheless participated in those breaches, and that Settling Plaintiff's counsel denied Objecting Plaintiffs their opportunity to obtain an incentive award.

The Settling Plaintiffs in these related cases argue that Objecting Plaintiffs have "simply manufactured a conflict for purposes of wresting control of the litigation." More specifically, the Settling Plaintiffs argue, *inter alia*:

> [T]he Motion to Reconsider reveals Objecting Plaintiffs' counsel's continuing fantasy of recovering billions of dollars in damages. ... At all times relevant, all the White and Hernandez claims were, by agreement, consolidated in a single complaint, and their counsel entered into a Joint Prosecution Agreement. Operating under that agreement, the White and Hernandez counsel did in fact appear on behalf of, defended the depositions of, and in fact represented all of the plaintiffs.
>
> There can be no doubt that Settling Plaintiffs' Counsel promptly noticed their withdrawal of appearance of the Objecting Plaintiffs. However, whether Settling Plaintiffs Counsel withdrew their representation of the Objecting Plaintiffs in early March 2009 or in late April (when they did file withdrawals of appearance), or frankly somewhat later, it would be of absolutely zero consequence to the White Plaintiffs. This is so because: (a) Objecting Plaintiffs had other counsel representing them the entire time, counsel who had appeared for them from the outset; (b) Settling Plaintiffs' Counsel, if they had withdrawn earlier, still would have been compelled to take the same course of action in order to fulfill their respective duties to the Settling Plaintiffs and the putative class; and (c) Objecting Plaintiffs still retain the right to object to the settlement at final approval or can opt-out of

4

the settlement all together. Therefore, the Objecting Plaintiffs' interests were not, and could not be, prejudiced in any way. *See Moreno v. Autozone, Inc*., 2007 U.S. Dist. Lexis 98250 at *12 (N.D. Cal. 2007)(holding that a conflict exists only where lawyers take action prejudicial to the interests of a client). ... Objecting Plaintiffs' argument that incentive awards were dangled before them to entice them to accept the settlement is false. On February 6, 2009, the day after the parties announced the 23(b)(3) Settlement to the Court, the Objecting Plaintiffs were informed in writing of the terms of the settlement by one of the Settling Plaintiffs' counsel. The Objecting Plaintiffs were expressly told that the presence of any potential incentive award 'should absolutely not be a reason for you to support the settlement.'[1]

While the Court is concerned by the conflicting allegations at issue, there are several facts and legal principles that undergird the Court's decision to deny the instant Motion. First, in the instant Motion, Objecting Plaintiffs fail to provide this Court with new authority justifying reconsideration. Second, as stated in this Court's May 7, 2009 Order preliminary approving class settlement, among other things: "Numerous courts have held that class counsel has a duty to do what is in the best interests of the class, even if some class representatives disagree." (citations omitted). Third, this Court has already determined that the proposed 23(b)(3) Settlement is "potentially fair." *Acosta v. Trans Union*, 243 F.R.D. 377, 386 (C.D. Cal. 2007)("To determine whether preliminary approval is appropriate, the settlement need only be potentially fair, as the Court will make a final determination of its adequacy at the hearing on Final Approval, after such time as any party has had a chance to object and/or opt out."). Fourth, the Court is concerned about (1) the potential damage

---

[1] This quote comes from the opposition brief of Class Counsel for the Provisional 23(b)(3) Settlement Class. In separately filed opposing papers, Experian Information Solutions, Inc. and TransUnion LLC argue that the Objecting Plaintiffs' objections to the settlement at issue are "utterly baseless and should be overruled summarily".

1 that could be caused by advancing the final fairness determination of the Settlement, as effectively
2 requested in the instant Motion, as this would divest several million absent class members of the
3 opportunity to be heard with respect to this Settlement and (2) the potential chilling effect on
4 Defendants' insurers' willingness to fund the Settlement should the normal preliminary approval
5 and notice procedure be disrupted.  Fifth, in its May 6, 2009 Order Denying Ex Parte Application
6 to Continue Hearing, this Court determined that the Objecting Plaintiffs would not suffer any undue
7 prejudice by waiting to air their grievances with the other members of the class at final approval.
8  Finally, as conceded by Objecting Plaintiffs in their Motion, "the ultimate barometer of the
9 adequacy of class counsel lies 'in the settlement terms' themselves, for it is there that 'adequacy of
10 their representation is either vindicated or found wanting.'"  Objecting Plaintiffs' Motion at 18,
11 quoting *In re Corrugated Container Antitrust Litig.*, 64 F.2d 195, 212 (5th Cir. 1981).

**IV. OUTCOME**

For the foregoing reasons, the Motion is DENIED.

DATED: June 9, 2009                              /s/ David O. Carter

DAVID O. CARTER
United States District Judge