BOIES, SCHILLER & FLEXNER LLP
David Boies (admitted *pro hac vice*)
333 Main Street
Armonk, NY 10504
Telephone:   914.749.8200
Facsimile:   914.749.8300
Email:        dboies@bsfllp.com

George F. Carpinello (admitted *pro hac vice*)
Adam R. Shaw (admitted *pro hac vice*)
10 North Pearl Street
Albany, NY 12207
Telephone: 518.434.0600
Facsimile:   518.434.0665
Email:        gcarpinello@bsfllp.com
              ashaw@bsfllp.com

David L. Zifkin (SBN 232845)
3907 Ocean Front Walk
Marina Del Rey, California 90292
Telephone: 310.408.5462
Facsimile:   310.578-6020
Email:        dzifkin@bsfllp.com

CHARLES JUNTIKKA & ASSOCIATES LLP
Charles Juntikka (admitted *pro hac vice*)
1250 Broadway, 24th Floor
New York, NY 10001
Telephone:   212.315.3755
Facsimile:   212.315.9032
Email:        charles@cjalaw.com

DANIEL WOLF LAW OFFICES
Daniel Wolf (admitted *pro hac vice*)
1220 N Street, NW, Suite PH 2
Washington, DC 20005
Telephone:   202.842.2170
Email:        dan@danielwolflaw.com

Attorneys for Plaintiffs Robert Radcliffe, Chester Carter, Maria Falcon, Clifton C. Seale, III, Arnold E. Lovell, and all others similarly situated.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRI N. WHITE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> EXPERIAN INFORMATION SOLUTIONS, INC., et al., <br><br> Defendants. <br><br> and Related actions. | CASE NO. SA 05-CV-1070 DOC (MLGx) (Lead Case) <br> Assigned to the Hon. David O. Carter <br><br> NOTICE OF MOTION AND MOTION OF CHARLES JUNTIKKA AND THE *WHITE* PLAINTIFFS FOR AN ORDER ALLOWING COUNSEL FOR SAID PLAINTIFFS TO CONTACT MEMBERS OF THE PROPOSED CLASS CONCERNING THE PROPOSED CLASS ACTION SETTLEMENT |

|  |  |
|---|---|
| Date: | November 2, 2009 |
| Time: | 8:30 a.m. |
| Ctrm: | 9D |
| Judge: | Hon. David O. Carter |

PLEASE TAKE NOTICE, that on November 2, 2009 at 8:30 a.m. or as soon thereafter as this matter may be heard, Charles Juntikka and Plaintiffs Robert Radcliffe, Chester Carter, Maria Falcon, Clifton C. Seale, III and Arnold E. Lovell (the "*White*" Plaintiffs") will and hereby do, move the Court for an order allowing counsel for the *White* Plaintiffs to contact certain members of the proposed class concerning the proposed class action settlement.

This motion is made pursuant to Rule 23 of the Federal Rules of Civil Procedure on the following grounds:

- Approximately 2,500 of the individual members of the class whom Mr. Juntikka and the *White* Plaintiffs wish to contact are clients of Charles Juntikka and his law firm, Charles Juntikka & Associates LLP, who specifically retained Mr. Juntikka's firm to represent them regarding, among other reasons, claims against Defendants. Thus, Mr. Juntikka has an attorney-client relationship with these individuals and has an obligation to advise them with regard to whether these individuals should oppose, submit a claim in, or opt-out of the proposed settlement.
- Another 20,000 members of the class are former clients of Mr. Juntikka's law firm whom he represented in bankruptcy proceedings and who are likely affected by the conduct of the Defendants and by the proposed settlement. Because Mr. Juntikka has had a prior attorney-client relationship with these individuals and these individuals have placed trust and confidence in Mr. Juntikka, he believes it is

| | |
|---|---|
| 1 | appropriate for him to advise them with regard to the merits of the |
| 2 | proposed settlement. |

appropriate for him to advise them with regard to the merits of the proposed settlement.

This motion is based on this Notice of Motion and Motion; the following Memorandum of Points and Authorities; the Declarations of Charles Juntikka and Nawale Nekere**;** prior pleadings and papers filed in this action; and such additional evidence or argument as may be presented at the Hearing.

The motion is made following the conference of counsel which took place on September 21, 2009.

DATED: October 12, 2009

BOIES, SCHILLER & FLEXNER LLP
George F. Carpinello
Adam R. Shaw
David L. Zifkin (SBN 232845)

By _____/s/ David L. Zifkin_____
   David L. Zifkin

CHARLES JUNTIKKA & ASSOCIATES LLP
Charles Juntikka

DANIEL WOLF LAW OFFICES
Daniel Wolf

Attorneys for Plaintiffs Robert Radcliffe, Chester Carter, Maria Falcon, Clifton C. Seale, III, Arnold E. Lovell, and all others similarly situated

## MEMORANDUM OF POINTS AND AUTHORITIES

Through this motion, Mr. Juntikka and the *White* Plaintiffs seek an order allowing counsel for the *White* Plaintiffs, Charles Juntikka & Associates LLP, to contact certain members of the proposed class concerning the proposed class action settlement. Mr. Juntikka wishes to communicate his views concerning the settlement to approximately 2,500 members of the class who are his current clients and who have retained him to represent them with regard to *the claims in this specific litigation*. In addition, Mr. Juntikka wishes to advise his former clients whom he represented in bankruptcy proceedings or gave advice concerning possible bankruptcy filing about the nature of the proposed settlement and to advise them with regard to the merits of the settlement. Mr. Juntikka believes that he has an obligation to communicate his views regarding the settlement with both his current and former clients.

Mr. Juntikka has, however, been chilled from communicating with his former and current clients because: (1) certain recent state and federal district court cases suggest that, once a class is certified, all class members become the clients of class counsel; and (2) class counsel in this case have refused to authorize Mr. Juntikka to make such communications and have taken the position that it would violate the ethical rules if he were to do so without their consent. Accordingly, guidance from this Court on whether Mr. Juntikka has a right to communicate with his present and former clients is essential in order to prevent the further chilling of his First Amendment rights and to enable him to fulfill his ethical responsibilities to his clients.

## ARGUMENT

Mr. Juntikka's right to communicate his views to his former and present clients and their concomitant right to hear those views is protected by the First Amendment and was recognized by the Supreme Court in Gulf Oil Co. v. Bernard,

- 3 -

452 U.S. 89 (1981). In that case, the Supreme Court held that limitations on communications between parties and potential class members "should be based on a clear record and specific findings that reflect the weighing of the need for a limitation and the potential interference with the rights of the parties." Further, the Supreme Court cautioned that any order limiting potential contact with class members must be "in a carefully drawn order that limits speech as little as possible, consistent with the rights of the parties under the circumstances." *Id.* at 101-2.

Following the directive of the Supreme Court, the Third Circuit, in the most recent federal appellate opinion on this issue, overturned an order invalidating opt-out requests that had been solicited by attorneys who were opposed to a class action settlement. <u>In re Community Bank of Northern Virginia</u>, 418 F.3d 277 (3d Cir. 2005). In that case, the Third Circuit held that restrictions on communications with members of a class are improper except when there is a "specific record showing by the moving party of the particular abuses" that such communications would threaten. Moreover, the <u>Community Bank</u> court cautioned that a court must insure that a party's request to enjoin communications with class members must provide "a satisfactory basis for relief and [show] that the relief sought would be consistent with the policies of Rule 23, giving explicit consideration to the narrowest possible relief which would protect the respective parties." *Id.* at 310 (quoting <u>Coles v. Marsh</u>, 560 F.2d 186, 189 (3d Cir. 1977)).

In addition, and of particular relevance here, <u>Community Bank</u> noted that class members have "the right to contact their own attorneys to determine whether joining a proposed class-wide settlement is in their best interest." <u>Id.</u> at 312-13. That right is contained in the text of Rule 23(c)(2)(B), which mandates that the class notice state "that a class member may enter an appearance through an attorney of the member so desires."[1]

---

[1] The class notice issued in this case includes that direction to the class members and further instructs class members interested in their rights that "you can, at your own expense, talk to your own lawyer if you have any questions about the

- 4 -

1    The Supreme Court's holding in Gulf Oil and the Third Circuit's holding in
2  Community Bank indicate that the communications between Mr. Juntikka and his
3  current and former clients, especially those clients who have specifically retained
4  him with regard to this litigation, is appropriate.  However, other lower and state
5  court cases have suggested that, once a class is certified or conditionally certified,
6  communications with *any* class members are prohibited as a violation of the Rules
7  of Professional Conduct prohibiting communications with parties represented by
8  counsel.  See Jacobs v. CSAA Inter-Insurance, 2009 WL 1201996 (N.D.Cal. May 1,
9  2009); Hernandez v. Vitamin Shoppe Industries, Inc., 174 Cal. App. 4th 1441, 95
10  Cal. Rptr. 3d 734 (C.A. Cal. 2009).

11    In Community Bank, the Third Circuit questioned the reasoning behind this
12  line of cases, noting that the relationship between class counsel and members of the
13  class is not analogous to the usual attorney-client relationship and that it would be
14  inappropriate to completely "wall off" class members from communication with
15  anyone other than the designated class counsel.  The Third Circuit reasoned that
16  that there is no true attorney-client relationship between class members and class
17  counsel until the time for opting out has expired.  Further, the Third Circuit
18  properly observed that an order prohibiting communication between outside counsel
19  and an absent class member would essentially "eviscerate" the right of such an
20  absent class member to consult with his or her own individual attorney.  18 F.3d at
21  313.

22    The mandate of Gulf Oil and Community Bank is clear:  Absent improper
23  conduct, class members have an unrestricted right to communicate with outside
24  attorneys concerning class action litigation and settlements, regardless of whether
25  those communications are initiated by themselves or the attorneys who wish to
26  represent them.  In this case, there is no evidence – let alone judicial findings – of

28  released claims or what they mean" and that "[i]f you want to be represented by your own lawyer in this case, you may hire one at your own expense."

improper conduct that would warrant any restrictions whatever on communications between Mr. Juntikka and any class member, including class members with whom he has never had an attorney-client relationship.

By this present motion, however, Mr. Juntikka seeks only to have this Court recognize his right to communicate with his present and former clients. This Court should not restrict – let alone create a blanket prohibition – on such communications. Mr. Juntikka has fiduciary responsibilities to his clients. He has an ethical obligation to keep them informed about their rights and obligations relating to the subject matter for which they engaged him. See California Code of Professional Conduct 3-500. Those responsibilities and obligations cannot be held to yield to the more tenuous relationship between class counsel and absent class members. See McKesson HBOC Inc. Secs. Litig., 126 F.Supp.2d 1239, 1245 (N.D. Cal. 2000) ("While lead counsel owes a generalized duty to unnamed class members, the existence of such a fiduciary duty does not create an inviolate attorney-client relationship with each and every member of the putative class. Taken to an extreme, lead plaintiff's logic suggests that putative class members are forever walled off from any effort at solicitation, a proposition that seems unsupportable."). A blanket prohibition would prohibit absent class members from communicating with their own attorneys – a right expressly provided for in Rule 23 and the notice – and would even preclude an attorney who initiated a lawsuit on behalf of a class member from communicating with his clients about that case.

Moreover, the facts of this case are not like the facts in other cases where solicitation of class members has been prohibited. This is not a case where defendants -- whose interests are, by definition, adverse to those of the class members -- seek to solicit plaintiff class members. Nor is it a case where a law firm seeks to solicit class members with whom they had never had any contact to become their clients. Here, the *White* Plaintiffs' counsel, Charles Juntikka, has had an attorney-client relationship with every single individual that he wishes to

contact, including over 2,500 with whom he has an *existing* attorney-client relationship specifically relating to the claims in this litigation. See Juntikka Decl., ¶ 5.

Mr. Juntikka's genuine fear for his clients' legal rights and his right to advise them are put into sharp relief today by his meeting with one of them: Mr. Nawale Nekere. See Declarations of Charles W. Juntikka and Mr. Nawale Nekere. Mr. Nekere had previously retained Mr. Juntikka to represent him against the credit reporting agencies because of the inaccuracies on his credit reports after his Chapter 7 bankruptcy filed by my firm in 2006. Coincidently, Mr. Nekere had made an appointment with Mr. Juntikka on October 12, 2009 to discuss his credit report problems. During said meeting, Mr. Nekere stated that he had received the class notice and mailed in the form requesting a monetary award because he had previously discussed the class action with Mr. Juntikka and he mistakenly believed that Mr. Juntikka supported the settlement. *By taking this action, Mr. Nekere effectively waived his right to bring an individual action against the credit reporting agencies because he did not have the benefit of the advise of counsel he had retained specifically to protect his rights against these very defendants.* The example of Mr. Nekere illustrates that the silencing of Mr. Juntikka not only violates his First Amendment right to advise his clients, but is at this moment cutting off his clients' rights to hear his views and their ability to protect their legal rights under the FCRA.

Mr. Juntikka and the *White* Plaintiffs are confident that, under prevailing appellate case law, Mr. Juntikka has an unfettered right to contact present and former clients to advise them as to the merits of the settlement. Out of an abundance of caution, however, they seek express Court approval for such communication.

| | | |
|---|---|---|
| 1 | | |
| 2 | DATED: October 12, 2009 | **BOIES, SCHILLER & FLEXNER LLP** |
| | | George F. Carpinello |
| 3 | | Adam R. Shaw |
| 4 | | David L. Zifkin (SBN 232845) |

By   ___/s/ David L. Zifkin_____
     David L. Zifkin


CHARLES JUNTIKKA & ASSOCIATES LLP
Charles Juntikka

DANIEL WOLF LAW OFFICES
Daniel Wolf


Attorneys for Plaintiffs Robert Radcliffe, Chester Carter, Maria Falcon, Clifton C. Seale, III, Arnold E. Lovell, and all others similarly situated

NOTICE OF MOTION AND MOTION OF CHARLES JUNTIKKA AND THE *WHITE* PLAINTIFFS FOR AN ORDER ALLOWING COUNSEL FOR SAID PLAINTIFFS TO CONTACT MEMBERS OF THE PROPOSED CLASS CONCERNING THE PROPOSED CLASS ACTION SETTLEMENT