**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Case No. SACV 05-1070 DOC(MLGx)                                                    Date: September 30, 2010

Title: TERRI N. WHITE, ET AL. V. EXPERIAN INFORMATION SOLUTIONS, INC.

---

DOCKET ENTRY
      [I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date.]
                                                                        Date:_____ Deputy Clerk: _____

---

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

   Kathy Peterson                                 Not Present
Courtroom Clerk                             Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                             NONE PRESENT

---

PROCEEDING (IN CHAMBERS): GRANTING IN PART AND DENYING IN PART *WHITE* PLAINTIFFS' MOTION TO COMPEL [654] AND DENYING SETTLING PLAINTIFFS' MOTION TO STRIKE AND SEEK SANCTIONS [656]

      Before this Court is the *White* Plaintiffs' Motion to Compel ("Motion to Compel") and the Settling Plaintiffs' Motion to Strike and Seek Sanctions for Violations of Local Rule 37 ("Motion to Strike and Seek Sanctions"). The Court finds this matter appropriate for decision without oral argument. FED. R. CIV. P. 78; Local R. 7-15. After considering the moving, opposing, and reply papers thereon, and for the reasons set forth below, the Court hereby GRANTS IN PART AND DENIES IN PART the Motion to Compel and DENIES the Motion to Strike and Seek Sanctions.

    **I.**    **BACKGROUND**

      These actions involve claims against consumer credit reporting agencies based on the procedures by which those agencies produce credit reports for individuals with debts discharged through Chapter 7 bankruptcy proceedings. On August 19, 2008, a settlement agreement between the

parties as to Plaintiffs' claims for injunctive relief was approved by the Court. Plaintiffs' claims for damages remained to be adjudicated. On January 26, 2009, the Court held oral argument regarding class certification. While the Court issued a tentative order denying certification, it deferred ruling on the motion to certify the class pending the completion of a settlement conference, and the motion was later vacated. The parties reached a preliminary settlement regarding monetary relief in February 2009. At that point, Counsel Juntikka and Wolf announced that they planned to object to the monetary relief settlement on behalf of the *White* Plaintiffs (Robert Radcliffe, Chester Carter, Maria Falcon, Clifton C.Seale III, and Arnold Lovell).

On April 24, 2009, the parties presented to the Court a motion for preliminary approval of a settlement of monetary relief. On May 7, 2009, the Court granted that motion for preliminary approval and conditionally certified the class. On May 21, 2009, the *White* Plaintiffs moved for reconsideration of the Court's grant on the basis that Settling Plaintiffs' counsel had engaged in misconduct, but the Court denied that motion. Several hearings for the final approval for the settlement have been held and that motion remains pending.

The *White* Plaintiffs previously filed a Motion for Former Counsel to Produce Clients' Paper and Property pursuant to Rule 3-700(D) of the California Rules of Professional Conduct, which sought to have the Settling Plaintiffs' counsel turn over the client file to the *White* Plaintiffs, and which the Court denied. *See* Am. Order Denying White Plaintiffs' Motion to Produce Papers and Property; Denying Settling Plaintiffs' Motion for a Protective Order Regarding Deposition of Jose Hernandez; Granting in Part Motion to Contact Class Members (Nov. 16, 2009). The *White* Plaintiffs have now filed a Motion to Compel, and in response the Settling Plaintiffs filed a Motion to Strike and for Sanctions for the *White* Plaintiffs' failure to comply with Federal Rule of Civil Procedure 37 in filing the Motion to Compel.

## II. DISCUSSION

### A. Motion to Strike and for Sanctions

The Settling Plaintiffs' Motion to Strike and for Sanctions, in which they request that the Motion to Compel filed by the *White* Plaintiffs be stricken and they be awarded $4,750 in sanctions, is premised upon the *White* Plaintiffs' failure to meet-and-confer and file the joint stipulation required by Federal Rule of Civil Procedure 37. The Court already permitted a lax adherence to the joint stipulation process by considering and ruling upon motions by Settling Plaintiffs that failed to meet the joint stipulation requirement, *see* Mot. for Protective Order, Dkt. 495; Am. Order, Dkt. 520, at 4-5; *see also* Mot. to Compel, Dkt. 501. In the interest of fairness, Settling Plaintiffs cannot benefit from this altered procedure then attempt to have the *White* Plaintiffs' motions following the same procedure stricken. As to the meet-and-confer process, the Court finds that the meet-and-confer was sufficient given the previous filing of a similar motion during which the parties met and conferred. The Motion to Strike and for Sanctions is DENIED.

### B. Motion to Compel

The *White* Plaintiffs seek to compel documents regarding counsel's decision to make incentive awards conditional on support for the settlement; documents regarding counsel's refusal to withdraw from representing the *White* Plaintiffs; and Jose Hernandez's Power of Attorney and Fee Agreement dated July 29, 2005.

The *White* Plaintiffs seek discovery of legal advice the Settling Plaintiffs received regarding incentive awards. They argue that the Settling Plaintiffs have waived any privilege protection that may have attached to said legal advice. An implied waiver of the attorney-client privilege can occur if "(1)[t]he party asserting the privilege acts affirmatively (2) to place the privileged communications in issue between the party seeking discovery and itself (3) such that denying access to the communication becomes manifestly unfair to the party seeking discovery." *Principle Bus. Enterprises, Inc. v. United States*, 210 U.S.P.Q. 26, 27 (Ct. Cl. 1980); *Home Indem. Co. v. Lane Powell Moss & Miller*, 43 F.3d 1322, 1326 (9th Cir. 1995). While a party cannot abuse the privilege by using communications as both a sword and a shield, *Chevron v. Pennzoil*, 974 F.2d 1156, 1162 (9th Cir. 1992), here Settling Plaintiffs did not affirmatively use the communications as a sword. On January 11, 2010, *White* Plaintiffs' counsel claimed in court that each class representative was told that they would receive $5,000 if they went along with the settlement. Dkt. 659, at 6. Only following that statement did the Settling Plaintiffs submit declarations stating, *inter alia*, that their counsel did not promise an incentive award if they approved the settlement. Dkt. 645. As Settling Plaintiffs did not raise the issue, there is no waiver.

The *White* Plaintiffs alternatively argue that the communications regarding their former counsels' advice about incentive fees and their decision not to withdraw from representing the *White* Plaintiffs should be produced as part of the *White* Plaintiffs' client file to which they are entitled as former clients. The Court has already granted the Settling Plaintiffs' counsel's request that their withdrawal as counsel for the *White* Plaintiffs be effective as of April 29, 2009. Order Granting App. to Withdraw, Dkt. 453 (July 29, 2009). Therefore, the motion is denied as to any communications after April 29, 2009. Furthermore, the Court has already ruled that California Rules of Professional Conduct do not mandate that work product be turned over to the *White* Plaintiffs. *See* Am. Order (Nov. 16, 2009).

The Court then turns to whether the documents should be compelled as discovery relating to the class settlement approval process. The parties have not identified any federal precedent regarding a discovery request for work product in the client file by an objecting plaintiff in the class action context. As a general matter, under federal common law, "the work product doctrine does not apply to the situation in which a client seeks access to documents or other tangible things created or amassed by his attorney during the course of the representation." *Spivey v. Zant*, 683 F.2d 881, 885 (5th Cir.1982); *Roberts v. Heim*, 123 F.R.D. 614, 622 (N.D. Cal. 1998). The Settling Plaintiffs, as those asserting the application of the work product privilege, have not met their burden of convincing

the court that a different rule or exception to this general rule should apply to requests for access to work product within the client file by objecting class members. The Court finds that the work product privilege does not apply to items from the client file prior to April 29, 2009.

Therefore, as the work product protection does not preclude the compulsion of these documents, the Court turns to whether the *White* Plaintiffs have set forth sufficient justification for the Court to enforce their discovery requests. The Settling Plaintiffs argue that the documents should not be produced because the *White* Plaintiffs have failed to demonstrate a substantial need for the documents. *See* Fed. R. Civ. P. 26(b)(3). Given that the Court has held that the documents are not protected as work product as to counsel's former clients, the "substantial need" standard does not apply. At the same time, discovery at the class settlement approval stage by objectors is not automatic but left to the Court's discretion. The Court looks to the fundamental question of whether it has sufficient information to assess the fairness and adequacy of the settlement. *Hemphill v. San Diego Ass'n of Realtors, Inc.*, 225 F.R.D. 616, 619 (S.D.Cal. 2005). In addition, it takes into account that objecting class members should be allowed to meaningfully participate in the settlement approval hearings while at the same time avoiding unduly burdening the parties or causing an unnecessary delay. *Id.* at 620. Here, the *White* Plaintiffs–a relatively small but vociferous group–have already been able to, and have, meaningfully participated in the settlement approval hearings. The Court is confident that it has the information needed to approve or disapprove the settlement without this additional, likely burdensome, discovery requested.

Further, to the extent that the requests extend to the substance of settlement negotiations, "[s]ettlement negotiations involve sensitive matters" and "'discovery [of settlement negotiations] is proper only where the party seeking it lays a foundation by adducing from other sources evidence indicating that the settlement may be collusive.'" *Lobatz v. U.S. West Cellular of California, Inc.*, 222 F.3d 1142, 1148 (9th Cir.2000) (quoting *Mars Steel Corp. v. Continental Illinois National Bank & Trust Co.*, 834 F.2d 677, 684 (7th Cir.1987)). Even assuming that the holding of *Lobatz* extends to discovery in situations where class counsel and class members are accused of laboring under a conflict of interest–which the Ninth Circuit has expressly declined to decide to date, see *Dusek v. Mattel Inc.*, 141 Fed.Appx. 586 (9th Cir. 2005)–the *White* Plaintiffs have failed to lay a proper foundation to permit discovery into settlement negotiations. The Motion to Compel documents regarding counsel's decision to make incentive awards conditional on support for the settlement and documents regarding counsel's refusal to withdraw from representing the *White* Plaintiffs is DENIED.

The *White* Plaintiffs also argue that Jose Hernandez's Power of Attorney and Fee Agreement dated July 29, 2005 ("Retainer Agreement") should be produced. The *White* Plaintiffs argue that the Retainer Agreement is not privileged. The "Ninth Circuit has repeatedly held retainer agreements are not protected by the attorney-client privilege or work product doctrine." *Hoot Winc, LLC v. RSM McGladrey Financial Process Outsourcing, LLC*, No. 08cv1559 BTM (WMc), 2009 WL 3857425 (S.D. Cal. Nov. 16, 2009) (citing *Ralls v. United States*, 52 F.3d 223, 225 (9th Cir. 1995), *United States v. Blackman*, 72 F.3d 1418, 1424 (9th Cir.1995), and *In re Michaelson*, 882 F.2d 882 (9th

Cir.1975)). As such, the production of the Retainer Agreement is not precluded due to the protection afforded by privilege.

The Settling Plaintiffs argue that in any event, the Retainer Agreement should not be produced because it lacks relevance. The *White* Plaintiffs argue that Plaintiff Hernandez has an affirmative obligation to produce the Retainer Agreement under Federal Rule of Civil Procedure 23(e)(3), which states, "[t]he parties seeking approval [of a class action settlement] must file a statement identifying any agreement made in connection with the proposal." The requirement aims "at related undertakings that, although seemingly separate, may have influenced the terms of the settlement by trading away possible advantages for the class in return for advantages for others." Fed. R. Civ. P. 23, Advisory Comm. Notes to 2003 Amendments. Generally courts are satisfied that the Rule 23(e)(3) requirement has been met through the identification and submission of all settlement agreements. *See, e.g.*, *In re M.L. Stern Overtime Litigation*, No. 07cv118 BTM (JMA), 2009 WL 3272872 (S.D. Cal. Oct. 9, 2009), at *2 (joint settlement stipulation is the agreement made in connection with the settlement); *In re Katrina Canal Breaches Consol. Litigation*, 263 F.R.D. 340 (E.D. La. 2009) (finding compliance with Rule 23(e)(3) where parties filed "all relevant settlement agreements in the record"). Assuming that the Retainer Agreement is a related undertaking, under this rule, the Court may act in steps, requesting incrementally more information until satisfied. Fed. R. Civ. P. 23, Advisory Comm. Notes to 2003 Amendments. The *White* Plaintiffs also argue that the Retainer Agreement should be produced pursuant to Federal Rule of Evidence 106, which allows for the admission of an entire document when portions thereof are introduced by a party. *See IMAX Corp. v. In-Three, Inc.*, 385 F. Supp. 2d 1026, 1030 n. 5 (C.D. Cal. 2005); *U.S. v. Collicott*, 92 F.3d 973 (9th Cir. 1996).

Here, given that the Retainer Agreement was introduced in part by the Settling Plaintiffs, in the interests of fairness, completeness, and allowing the *White* Plaintiffs a fair opportunity to participate in the final approval process, for purposes of discovery related to the final settlement the *White* Plaintiffs have met the minimal showing necessary for production of the Retainer Agreement. As such, the Motion to Compel the production of the Retainer Agreement is GRANTED.

### III.     DISPOSITION

For the foregoing reasons, the Motion to Strike and for Sanctions is DENIED and the Motion to Compel is GRANTED as to the Retainer Agreement and DENIED in all other respects.

The *White* Plaintiffs shall be permitted to file a five-page supplement to their opposition to the Motion for Final Approval of the Settlement within twenty (20) days of the production of the Retainer Agreement. The supplement shall solely address any new arguments pertaining to the Retainer Agreement. The Settling Plaintiffs and Defendants shall be permitted to file a five-page supplemental reply within seven (7) days thereafter.

The Clerk shall serve this minute order on all parties to the action.