BOIES, SCHILLER & FLEXNER LLP
David Boies
333 Main Street
Armonk, NY 10504
Telephone:  914.749.8200
Facsimile:  914.749.8300
Email:  dboies@bsfllp.com
(admitted *pro hac vice*)

George F. Carpinello
Adam R. Shaw
10 North Pearl Street
Albany, NY 12207
Telephone:  518.434.0600
Facsimile:  518.434.0665
Email:  gcarpinello@bsfllp.com
         ashaw@bsfllp.com
(admitted *pro hac vice*)

CHARLES JUNTIKKA & ASSOCIATES LLP
Charles Juntikka (admitted *pro hac vice*)
1250 Broadway, 24th Floor
New York, NY 10001
Telephone:  212.315.3755
Facsimile:  212.315.9032
Email:  charles@cjalaw.com

DANIEL WOLF LAW OFFICES
Daniel Wolf (admitted *pro hac vice*)
1220 N Street, NW, Suite PH 2
Washington, DC 20005
Telephone:  202.842.2170
Email:  dan@danielwolflaw.com

David L. Zifkin (SBN 232845)
225 Santa Monica Blvd., 11th Floor
Santa Monica, CA   90401
Telephone: 310-395-5800
Facsimile: 510-874-1460
Email: dzifkin@bsfllp.com

Attorneys for Plaintiffs Robert Radcliffe, Chester Carter, Maria Falcon, Clifton C. Seale, III, Arnold E. Lovell, and all others similarly situated.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
## (Southern Division)

| | |
|---|---|
| TERRI N. WHITE, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>Defendant.<br><br>And Related Actions. | **Case No. 05-CV-1070 DOC (MLGx) (Lead Case)**<br><br>***WHITE* PLAINTIFFS' OBJECTIONS TO SETTLING PLAINTIFFS' PROPOSED SUPPLEMENTAL NOTICE FORMS SUBMITTED IN RESPONSE TO COURT'S ORDER DATED DECEMBER 14, 2010**<br><br>Place:    Courtroom 9D<br>Judge:   Honorable David O. Carter |

The *White* Plaintiffs respectfully submit the following objections to the Settling Plaintiffs' proposed supplemental notice forms concerning Actual Damage Award Claimants, Convenience Award Claimants and Opt-Outs and Objectors.

***Failure to inform Opt Outs of their right to object:*** The *White* Plaintiffs object to the Supplemental Notice to Opt-Outs and Objectors on the grounds that it fails to clearly inform the current Opt-Outs that they may participate in the Settlement and at the same time object to the Settlement. The current Opt-Outs may determine that it is better for them to object to the Settlement in an effort to defeat or improve it, but to nonetheless participate if the objections are rejected, rather than receive nothing or proceed on their own. That legitimate option is not presented in the notice.

***Failure to provide accurate and meaningful information about the amount of Convenience Awards:*** All three of the proposed supplemental notices (for Actual Damage Award Claimants, Convenience Award Claimants and Opt-Outs and Objectors) provide an inaccurate estimate of the potential convenience damage awards. Because the Settling Plaintiffs now know the amount of claims that have been submitted, they can provide better estimates of the likely recovery. It is inaccurate for the notices to provide that the "Convenience Award may likely be less than $15" when in fact there is no scenario in which the Convenience Award could be less than $14 and it is virtually certain that the award will be greater than $15.

As we know, if the current claims remained exactly the same, then 250,000 Convenience Award Claimants would receive the guaranteed $10 million or $40 each. If every currently-submitted claim remained as, or were converted to, a Convenience Award, then the whole fund of approximately $26 million would be paid to approximately 750,000 people for an award of $35. And if the fewest amount of people remained as Actual Damage Award Claimants so as to use up the $16 million available for Actual Damage Awards (say just 21,000 people with

2

actual employment claims) and the rest had to share in the $10 million set aside for Convenience Awards, then the remaining 729,000 would still get $14 – a scenario that has an infinitesimally low chance of materializing.  Accordingly, all of the Notices should state something to the effect of: "Depending on the number of claimants who file claims that meet the criteria for Actual Damage Awards, Convenience Awards are estimated to range between $15 and $35."

   *Failure to provide accurate and meaningful information about the amount of Actual Damage Awards:*  Likewise, the Notice's representation that Actual Damage Awards are likely to be "significantly lower than the estimates provided in the prior notice, but will probably be significantly higher than the Convenience Awards" does not provide claimants sufficient information, given what the Settling Plaintiffs now know about the response rate.

   On the one hand, Settling Plaintiffs have no way of estimating how many Actual Damage Claimants will meet the documentation requirement and, given the difficulties of satisfying that requirement, Actual Damage Awards may well be the same as those in the original notice.  On the other hand, Settling Plaintiffs have represented that at least one-third of the 495,000 actual damage claims were invalid under the much less rigorous requirements that were set forth in the original notice.  It is virtually certain that the number of actual damages claimants who will satisfy the new requirements will be fewer than the number who satisfied the original requirements – that is, the number of such valid claims will almost certainly be significantly less than 330,000.  Accordingly, the Notice should state something to the effect that:   "Depending on the number of claimants who file claims that meet the criteria, Actual Damage Awards are estimated to range between about $150 and $750 for denial of employment claims, between about $100 and $500 for denial of mortgage claims, and between about $30 and $150 for claims based on denials of other forms of credit.

   *Failure To Inform Actual Damage Claimants Of Cut-Off Date For Credit*

*Denial Claims:* Defendants commenced implementing the injunctive relief in September 2008 and the class period ended in May 2009. Undoubtedly, many, if not most, of the claims Settling Parties invalidated following the distribution of the first notice involved claims that post-dated those dates, especially as a claimant's most recent credit denials are likely to be the ones foremost in his or her mind. Accordingly, in the interest of fairness and full disclosure, the Notice should, at a minimum, inform its recipients that any Actual Damage claims based on a post-May 11, 2009 credit denial will be automatically invalidated.

*Reassertion Of Previous Objections:* The *White* Plaintiffs previously asserted other objections to the proposed Supplemental Notice to Actual Damage Award Claimants and to the proposed Supplemental Notice to Convenience Award Claimants, dated July 15, 2010, at 7-9 (Dkt. # 708). These objections are no less applicable to the Notice to opt-outs and objectors and the *White* Plaintiffs reassert and respectfully fully incorporate them by reference here.

For the reasons set forth herein, the Court should reject the Settling Plaintiffs' supplemental notices.

DATED: January 10, 2011    **BOIES, SCHILLER & FLEXNER LLP**
George F. Carpinello
Adam R. Shaw
David L. Zifkin (SBN 232845)

By */s/ Adam R. Shaw*
Adam R. Shaw

CHARLES JUNTIKKA & ASSOCIATES LLP
Charles Juntikka

DANIEL WOLF LAW OFFICES
Daniel Wolf

Attorneys for Plaintiffs Robert Radcliffe, Chester Carter, Maria Falcon, Clifton C. Seale, III, Arnold E. Lovell, and all others similarly situated

4