J. Garrett Kendrick (SBN 61698)
C. Benjamin Nutley (SBN 177431)
KENDRICK & NUTLEY
1055 E. Colorado Blvd., 5th Floor
Pasadena, CA 91106
Telephone:  (626) 204-4060
Facsimile:   (626) 204-4061

Attorneys for Objecting Class Members
Marcia Green and Jimmy Green

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**(SOUTHERN DIVISION)**

| | |
|---|---|
| **TERRI N. WHITE,** *et al.,*<br><br>Plaintiffs,<br><br>vs.<br><br>**EXPERIAN INFORMATION SOLUTIONS, INC.,** *et. al.,*<br><br>Defendants.<br><br>and Related Cases | Case No. 05-CV-1070 DOC (MLGx)<br>(Lead Case)<br><br>OBJECTING CLASS MEMBERS MARCIA GREEN AND JIMMY GREEN'S SUPPLEMENTAL OBJECTIONS TO SETTLEMENT AND APPLICATION FOR FEES, COSTS AND INCENTIVE AWARDS<br><br><br>Hon. David O. Carter |

## I. INTRODUCTION

Pursuant to the Supplemental Notice ordered by this Court, objecting Class Members Marcia Green and Jimmy Green of St. Louis, Missouri, ("Green Objectors") hereby reiterate and supplement their objections to the settlement and to class counsel's request for attorneys' fees.

Previously, the Green Objectors objected to the release of claims and the settlement of this case on the terms and conditions set forth in the Settlement Agreement. They argued that the settlement's compensation scheme arbitrarily excluded certain provable damage claims from compensation. The revised claim scheme most recently promulgated does not alter those objections, and indeed the circumstances driving the revision only reinforce them.

The Green Objectors likewise objected to the attorneys' fees, insofar as they were able to do so on the record. Class counsel have since filed their fee applications, confirming the preliminary observations in the Green objection

The Green Objectors continue to maintain that final approval should be withheld, they necessarily argue that the request for attorneys' fees, costs, and incentive awards should be rejected pending a final resolution. Still, assuming that this Court is inclined to grant final approval, the Green Objectors would make the following observations, both in opposition to final approval and in opposition to the request for attorneys' fees, costs, and incentive awards.

## II. ARGUMENT

The bifurcation of the fee request into one for injunctive relief and one for the fund is a novel attempt to obtain a larger-than-justified fee. On the one hand, class counsel request the 25% benchmark of the $45 million fund. But they have separately negotiated a payment from the defendants that will net them an additional "negotiated" amount of $5,672,000 million for the injunctive portion of the settlement. (P&A In Support of Injunctive Fee Request at 2 (Doc. 575 at 7).

Yet, there were not two separate cases with unique plaintiffs and counsel

against the same defendants, one seeking injunctive relief and one seeking damages. In this case, as in countless cases before it, plaintiffs sought both damages and injunctive relief. And in the settlement, as in countless settlements before it, plaintiffs obtained a compensatory fund as well as changes to the defendants practices, i.e., injunctive relief.

In such cases, a benchmark percentage award is typically intended to compensate **both** the financial relief and the injunctive relief obtained. Where, as here, the calculation of the value of the injunctive relief is difficult to quantify, "courts should consider the value of the injunctive relief obtained as a 'relevant circumstance' in determining what percentage of the common fund class counsel should receive as attorneys' fees...." *Staton v. Boeing Co.*, 327 F. 3d 938, 974 (9th Cir 2003), *citing Vizcaino v. Microsoft Corp.*, 290 F.3d at 1043, 1049 (9th Cir. 2002). If "obtaining injunctive relief likely accounted for a significant part of the fees expended" courts can use the lodestar method "either to set the fee award or as a cross-check to assist in the determination of how the 'relevant circumstance' of the injunctive relief should affect a percentage award. *Staton*, 327 F.3d at 974, *citing Vizcaino*, 290 F.3d at 1050.

Plaintiffs are well aware of this practice. *See* [Proposed] Order Granting Plaintiffs' Application for Attorneys' Fees for Monetary Relief Settlement, at 6 (Doc. No. 577-2 at 6), *quoting Viscaino*, 290 F.3d at 1048-49 ("Selection of the benchmark or any other rate must be supported by findings that take into account all of the circumstances of the case' including the results achieved for the class, ***both monetary and non-monetary***....")(Emphasis added).

It is difficult not to conclude that Plaintiffs' attempt to craft two cases and two results out of one is done solely for the purpose of obtaining a higher fee for Class Counsel, and to the prejudice of the class. Class Counsel seek a total of approximately $17 million in fees in a case generating a $45 million and injunctive relief. That measures up to nearly 38 percent of the cash fund actually generated for the class, an amount that would require a rather unusually strong showing to be supportable.

By negotiating for the payment of a separate "injunctive relief" fee in addition to the 25% benchmark award, plaintiffs did nothing more than deprive the class fund of additional money that could have been used for compensatory relief, and which would not have been given over to class counsel in its entirety. It is presumed – and this case surely presents no exception – that defendants ultimately care little about the division of settlement funds between the class and its counsel, and are more concerned with the total amount to be paid. See, See *In re General Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 819-20 (3rd Cir. 1995) (in a class action, a defendant is concerned only with how much it must pay, not who gets the money, and thus may be willing to pay more in attorney fees if it can pay less overall). See also *Weinberger v. Great Northern Nekoosa Corp.*, 925 F. 2d 518, 524 (1st Cir. 1991): (While the conflict between a class and its attorneys may be most stark where a common fund is created and the fee award comes out of, and thus directly reduces, the class recovery, there is also a conflict inherent in cases like this one, where fees are paid by a quondam adversary from its own funds-the danger being that the lawyers might urge a class settlement at a low figure or on a less-than-optimal basis in exchange for red-carpet treatment on fees. *See Saylor v. Lindsley*, 456 F.2d 896, 900-01 (2d Cir.1972); *see also* Coffee, *The Unfaithful Champion: The Plaintiff as Monitor in Shareholder Litigation*, 48 Law & Contemp.Probs. 5, 26-33 (1985)).

Defendants agreement to pay over an additional $6 million as fees may as easily have been an extra $6 million for the fund, with class counsel making a fee application against a $51 million fund. *Lobatz v. U.S. West Cellular of California*, 222 F.3d 1142, 1146-47 (9th Cir. 2000) (separately negotiated fee payments may be viewed as part of "a constructive common fund" for the class) *citing General Motors*, 55 F.3d at 819-20. Twenty-five percent of such a fund would be $12.75 million, well short of the total $17 million now requested.

In furtherance of this novel approach, class counsel appear to have made an *ad hoc* division of their billings and costs between "injunctive" and "monetary" relief as

1  necessary to support those respective fee requests.  *See* Sobel Declaration ISO
2  Injunctive Settlement, Exhibit A page 4 (Doc. 575-3 at 15).   There is no possible way
3  on the record to detect whether there is some rational basis for this division:  did class
4  counsel actually have a principled method for making separate "injunctive case"
5  billings and "monetary relief case" billings?  And what of the presumably large
6  percentage of inseparable time necessarily expended in pursuit of both aspects of the
7  case?

8        The costs claimed in the case are even less documented, though they are
9  considerable, at a total of $984,243.30.  In the absence of adequate documentation,
10 costs cannot be awarded.  *In re Brooktree Securities Litigation,* 915 F.Supp. 193,
11 200-201 (S.D. Cal. 1996).  Further, it appears that class counsel simply divided the
12 costs 70/30 between the monetary and injunctive cases, further undercutting the notion
13 that there is some scientific methodology behind Plaintiffs' imaginary division
14 between the injunctive and monetary aspects of the settlement.  *See* Sobel Declaration
15 ISO Injunctive Settlement, Exhibit A page 4 (Doc. 575-3 at 15). There is none:  the
16 guiding rule is clearly fee maximization.

17       Finally, the Green Objectors note the cumulative requests for separate incentive
18 awards, that is, the named plaintiffs are seeking separate incentive awards for service
19 in connection with: (1) the injunctive relief (in excess of $22,500, or $2,500 per
20 plaintiff), and (2) the monetary relief ($5,000 per plaintiff supporting the settlement).
21 Is there any expressed basis for two separate incentive awards for what is essentially
22 one litigation and one settlement?  Plaintiffs offer none, and this last observation
23 completely destroys any credibility that might remain in class counsel's fee request.
24 For Plaintiffs make no attempt at all to support the idea that payment for their service
25 could be allocated between the "injunctive" and "monetary" portions of the
26 settlement, so as to justify separate incentive awards.  The division is facially
27 arbitrary, just as it is when applied to class counsel's fee request.
28       Plaintiffs' too-clever  approach to fees, costs, and incentive awards is not

SUPPLEMENTAL OBJECTIONS TO SETTLEMENT AND FEE REQUEST–GREEN OBJECTORS

merely shaky on the merits. Rather, it casts a pallor on the entire settlement and the objectivity of the decisionmaking that went into it, both on the part of Plaintiffs and their counsel.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' motion for final approval should be denied. In the event that final approval is granted, this Court should not award attorneys' fees or incentive awards in accord with Plaintiffs' suggested methodology, which overcompensates counsel and the representative plaintiffs, but should instead apply the law of the Ninth Circuit and award a lesser, reasonable fee that reflects the total results actually obtained in this case.

Dated: March 31, 2011                    KENDRICK & NUTLEY


By            /s/
        C. Benjamin Nutley

Attorneys for Objecting Class Members
Marcia Green and Jimmy Green