Michael W. Sobol (State Bar No. 194857)
(msobol@lchb.com)
Allison S. Elgart (State Bar No. 241901)
(aelgart@lchb.com)
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

Michael A. Caddell (State Bar No. 249469)
(mac@caddellchapman.com)
Cynthia B. Chapman (State Bar No. 164471)
(cbc@caddellchapman.com)
CADDELL & CHAPMAN
1331 Lamar St., Suite 1070
Houston, TX 77010
Telephone: (713) 751-0400
Facsimile: (713) 751-0906

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

(SOUTHERN DIVISION)

| | |
|---|---|
| TERRI N. WHITE, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>Defendant.<br><br>and Related Cases:<br><br>05-cv-01073-DOC (MLGx)<br>05-cv-7821-DOC (MLGx)<br>06-cv-0392-DOC (MLGx)<br>05-cv-1172-DOC(MLGx)<br>06-cv-5060-DOC (MLGx) | Case No. 05-CV-1070 DOC (MLGx)<br>(Lead Case)<br><br>NOTICE OF CONTINUATION OF FINAL FAIRNESS HEARING TO MAY 16, 2011 AND REPORT ON SUPPLEMENTAL NOTICE CAMPAIGN<br><br>The Honorable David O. Carter |

- 1 -

NOTICE OF CONTINUATION OF FINAL FAIRNESS
HEARING TO MAY 16, 20011 AND REPORT ON
SUPPLEMENTAL NOTICE CAMPAIGN
CASE NO. 05-CV-1070 (MLGX)

Settling Plaintiffs Jose Hernandez, Bertram Robison, Kathryn Pike, and Robert Randall hereby submit the following:

On February 4, 2011, the Court approved the Settling Plaintiffs' revised Supplemental Notices to Convenience Award Claimants, Actual Damage Award Claimants, and opt-outs and objectors, and ordered that these Supplemental Notices be mailed out on or before February 15, 2011. (Dkt. No. 742.) The Settlement Administrator complied with the Court's order and completed the Supplemental Notice mailings by February 15, 2011. (Ex. 1, Keough Decl. at ¶ 3.) The response deadline set forth in the Supplemental Notices was March 31, 2011. (*Id.*) A total of 771,738 supplemental notices were issued. (*Id.*) In response, there were 46,674 calls to the telephone assistance program, 53,376 visits to the settlement website, and 1,086 emails requesting information. (*Id.*) 47,692 claims were submitted either by mail or online. (*Id.*)

The Supplemental Notice campaign also allowed (1) claimants who had not previously opted out to request exclusion and, conversely, (2) those who had previously requested exclusion to withdraw their opt-out and participate in the settlement. 614 prior claimants exercised their right to opt-out and 43 class members who had previously requested exclusion filed Claim Forms. (*Id.* at ¶ 4.) In addition, 15 class members took advantage of the extended deadline for objections to assert either new or revised objections.[1] (*Id.*)

As part of its administration of the Supplemental Notice campaign, the Settlement Administrator conducted several tasks with respect to the 47,692 submitted supplemental claim forms. First, 852 of the claim forms were identified as untimely (post-marked after March 31, 2011), and therefore invalid (meaning

---

[1] The new and revised objections are attached, except for the recent objections filed by the White Plaintiffs (Dkt. No. 746) and Marsha and Jimmy Green (Dkt. No. 747), which were previously filed with the Court.

- 2 -

NOTICE OF CONTINUATION OF FINAL FAIRNESS
HEARING TO MAY 16, 20011 AND REPORT ON
SUPPLEMENTAL NOTICE CAMPAIGN
CASE NO. 05-CV-1070 (MLGX)

only that these claims are converted to or remain qualified for a Convenience Award). (*Id.* at ¶ 5.)

3,905 timely claimants requested a Convenience Award, and 1,716 other claimants submitted nothing more on their supplemental claim form than their name and personal identifying information, i.e., there was no claim category option selected, nor did they provide any identifying information (dates, etc.) relative to a claim. (*Id.* at ¶ 5,6.) All of these claims (5,621) will be treated as Convenience Award claims.[2] (*Id.* at ¶ 6.)

Of the remaining 41,219 timely claims requesting an Actual Damage Award, 23,822 were converted to Convenience Award Claims for failing to provide any additional documentation.[3] (*Id.*) As to these claim forms, the Settlement Administrator confirmed that not only was there no documentation of the types identified in the Actual Damage Award claim form (ten examples of acceptable additional documentation were outlined on the supplemental actual damage award claim form), but there was also no attempt to satisfy the "Other" option of providing some other form of additional documentation. (*Id.*)

Next, the Settlement Administrator reviewed all 197 claims that selected both the Employment and Mortgage Loan or Housing Rental categories, together with a random sampling of the other three groups of claim forms in which more than one

---

[2] 268 of the 1,716 claimants who provided only their names and personal identification did accompany their claim form with at least some documentation, which the Settlement Administrator is currently reviewing to determine if any of these claimants can qualify for an Actual Damage Award. This review includes a review of their original filing, to see if documentation or category identification was provided on the original filing. (Ex. 1, Keough Decl. at ¶ 6 n.1.)

[3] The Supplemental Notice To Actual Damage Award Claimants noted the following: "the Court has determined that additional information is required…," "You must submit…additional documentation," "**If you do not submit the Additional Claimant Information Form and required documentation**, **your claim will be converted to a Convenience Award**," and "**You must submit some documentation in order for your claim to be considered valid. If you do not submit any documentation at all, your claim will be converted to a Convenience Award**." (Dkt. No. 739, Exhibit A (emphasis in the original).)

- 3 -

NOTICE OF CONTINUATION OF FINAL FAIRNESS HEARING TO MAY 16, 20011 AND REPORT ON SUPPLEMENTAL NOTICE CAMPAIGN
CASE NO. 05-CV-1070 (MLGX)

claim category was selected, to confirm that the documentation provided was consistent with the highest category selected. (*Id.* at ¶ 8.) Thus far, approximately 60% of the Actual Damage Award Claimants claiming both an Employment and a Mortgage Loan or Housing Rental claim provided employment-related documents consistent with the higher level claim. (*Id.*) Thus far, approximately 75% of the other claimants in the groups in which more than one claim category was selected submitted documents consistent with their higher claim. (*Id.*)

Therefore, of the 17,397 timely and complete Supplemental Actual Damage Award Claims received, the Settlement Administrator reports that 4,302 claimants made an Employment claim[4], either alone or in combination with another category, 6,984 asserted a Mortgage Loan or Housing Rental claim, either alone or in combination with the Credit Card category, and 6,111 claimed only the Credit Card, Auto Loan, or Other Credit category. (*Id.* at ¶ 7.) Even if the Settlement Administrator ultimately validates each timely and documented actual damage award claim at the "highest award" claimed by each actual damage award claimant,[5] there will be sufficient settlement funds available to provide an initial payment value[6] to each of these claims of $750, $500, and $150, respectively, and the total payment of actual damage awards will be $7,635,150. (*Id.* at ¶ 9.)

---

[4] This number includes claims for which Employment was the only category selected, as well as claims for which Employment was selected along with one or more other categories. All such claims will be treated as Employment claims, since the Settlement Agreement provides that the "Settlement Administrator shall pay to the Actual Damage Award Claimant the highest award for which he or she is eligible." Settlement Agreement at ¶7.7.c. (iv). (Dkt. No. 384, p.40.)

[5] The Settlement Administrator expects to complete its review of these claims and the supporting documentation next week and will issue a final report. The Settling Plaintiffs will provide a Supplemental Report at that time detailing the final proposed allocation of the settlement funds, although the estimates provided infra for the initial payment amounts to each valid actual damage award claimant will not change.

[6] The Settlement Agreement provides that "any unclaimed or uncashed Convenience Awards" "will expire after ninety (90) days from issuance and the amount thereof added to the amounts available for payment of the Predetermined Actual Damage Awards." *Ibid* at ¶7.7.b. (iii). (Dkt. No. 384, p.37.) Given the certainty that some Convenience Award payments will go unclaimed or uncashed

- 4 -

NOTICE OF CONTINUATION OF FINAL FAIRNESS
HEARING TO MAY 16, 20011 AND REPORT ON
SUPPLEMENTAL NOTICE CAMPAIGN
CASE NO. 05-CV-1070 (MLGX)

Payment of this amount in Actual Damage Awards will leave remaining in the Settlement Fund, after deducting accrued and estimated future notice and administrative costs,[7] and attorneys fees and expenses, an estimated $18,125,000. This means that the remaining estimated[8] 752,720 settlement claimants will receive Convenience Awards of approximately $24.07. (*See id.* at ¶ 10.)

Therefore, Settling Plaintiffs request that the Fairness Hearing for the proposed settlement be completed on May 16, 2011, that their report be accepted, and that the settlement be fully and finally approved.

---

the amount paid to Actual Damage Award Claimants will increase.

[7] Excluding the notice costs associated with the Supplemental Notice campaign, which the Settling Plaintiffs Counsel has agreed, and the Court has ordered, will be deducted from the amount awarded by the Court for attorneys' fees. (Dkt. No. 742.)

[8] Estimated only because some of the 1716 claims which provided only the name and personal identifying information may yet be validated by the Settlement Administrator as Actual Damage Awards through reference to the documentation which accompanied 268 of those claim forms and/or the original claim forms submitted by those individuals.

- 5 -

NOTICE OF CONTINUATION OF FINAL FAIRNESS HEARING TO MAY 16, 20011 AND REPORT ON SUPPLEMENTAL NOTICE CAMPAIGN
CASE NO. 05-CV-1070 (MLGX)

Dated:   April 22, 2011          Respectfully submitted,

By:  /s/ *Michael A. Caddell*
       Michael A. Caddell

Michael A. Caddell (State Bar No. 249469)
(mac@caddellchapman.com)
Cynthia B. Chapman (State Bar No. 164471)
(cbc@caddellchapman.com)
CADDELL & CHAPMAN
1331 Lamar, Suite 1070
Houston, TX  77010
Telephone:  (713) 751-0400
Facsimile:  (713) 751-0906

Michael W. Sobol (State Bar No. 194857)
(msobol@lchb.com)
Allison S. Elgart (State Bar No. 241901)
(aelgart@lchb.com)
LIEFF, CABRASER, HEIMANN &
   BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008

Stuart T. Rossman (BBO No. 430640)
(srossman@nclc.org)
Charles M. Delbaum (BBO No. 543225)
(cdelbaum@nclc.org)
NATIONAL CONSUMER LAW CENTER
7 Winthrop Square, 4th Floor
Boston, MA 02110
Telephone:  (617) 542-8010
Facsimile:   (617) 542-8028

Leonard A. Bennett (VSB No. 37523)
(lenbennett@cavtel.net)
Matthew Erausquin  (VSB No. 65434)
(matt@clalegal.com)
CONSUMER LITIGATION ASSOCIATES, P.C.
12515 Warwick Boulevard, Suite 201
Newport News, Virginia 23606
Telephone:  (757) 930 3660
Facsimile:   (757) 930-3662

- 6 -

NOTICE OF CONTINUATION OF FINAL FAIRNESS
HEARING TO MAY 16, 20011 AND REPORT ON
SUPPLEMENTAL NOTICE CAMPAIGN
CASE NO. 05-CV-1070 (MLGX)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Mitchell A. Toups (TSB No. 20151600)
(matoups@wgttlaw.com)
WELLER, GREEN, TOUPS & TERRELL, L.L.P.
Bank of America Tower
2615 Calder St., Suite 400
Beaumont Texas 77702
Telephone:  (409) 838-0101
Facsimile:   (409) 832-8577

*Attorneys for White/Hernandez Plaintiffs*

Lee A. Sherman (State Bar No. 172198)
CALLAHAN, THOMPSON, SHERMAN & CAUDILL
111 Fashion Lane
Tustin, CA  92780
Telephone: (714) 730-5700
Facsimile:  (714) 730-1642

*Attorneys for the Acosta/Pike Plaintiffs*

- 7 -

NOTICE OF CONTINUATION OF FINAL FAIRNESS
HEARING TO MAY 16, 20011 AND REPORT ON
SUPPLEMENTAL NOTICE CAMPAIGN
CASE NO. 05-CV-1070 (MLGX)