Darrell Palmer (SBN 125147)
Email: darrell.palmer@palmerlegalteam.com
Janine R. Menhennet (SBN 163501)
Law Offices of Darrell Palmer
603 North Highway 101, Ste A
Solana Beach, California 92075
Telephone: (858) 792-5600
Facsimile: (858) 792-5655

Attorney for Objector Maria L. Borbon

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| TERRI N. WHITE, et al.<br><br>Plaintiffs,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>Defendant.<br>_____<br><br>and RELATED CASES | Case No. 05-cv-1070 DOC (MLGx)<br>(Lead Case)<br><br>**OBJECTOR MARIA L. BORBON'S SUPPLEMENTAL OBJECTIONS TO THE PROPOSED SETTLEMENT AND REQUEST FOR ATTORNEYS' FEES**<br><br>Place: Courtroom 9D<br>Judge: Hon. David O. Carter |

Objector Maria L. Borbon, hereby renews her original Objection in this matter (Doc. 540) and sets forth the additional bases for objecting to the proposed settlement in the above captioned Class Action and the request for attorneys' fees.

/ / /

1

# I. ARGUMENT

## A. The Attorneys' Fee Request is Improper

### i. Payment of the "Injunctive Fee Award" Separately from The Common Fund is Improper.

In it's Motion for Fees for Injunctive Relief, Class Counsel informs the Class that any attorneys' fees for this reward will not be paid out of the settlement fund. As a result, if the Court reduces the fee request the money will revert back to the Defendant rather than make its way into the hands of the Class. Likewise, framing the attorneys' fee provision in this manner only serves to decrease scrutiny into the fee and cost application.

The danger in separating the fee awarded from the fund itself is that the incentive, by both Objectors and the Court, to inquire into the fee application is significantly diminished. In so doing, Counsel places their own financial interest above that of the class in that any portion of the fee request this Court finds to be excessive will revert back to the Defendants rather than to the Class Members. Alternatively, should the Court awards the fee request in its entirety, this may result in an inflated award of attorneys' fees as a result of reduced inquiry into the basis of the fee request. Either way, structuring the fees in this manner sidesteps the safeguards of Rule 23 by reducing the impetus to scrutinize the application thoroughly.

/ / /

### ii. It is Improper to Request Separate Fees for the Aggregate Relief Provided to the Class.

Class Counsel is endeavoring to request an unprecedented manner of fee payment – requesting separate fees for the Injunctive relief and monetary relief awarded to the Class.  This is improper for two reasons, both of which demonstrate the Court's need to thoroughly examine Counsels' fee request here, to ensure that the fee awarded to Counsel is fair, reasonable and adequate. *Vizcainzo v. Microsoft Corp.*,  290, F. 3d 1043 (9th Cir. 2002.)

First, separating the payment of fees effectively increases the percentage of fees that Counsel is requesting without Class Counsel's need to state so.  In fact, the percentage requested amounts to 33.25 percent of the total fund (11.25 Million from the Common Fund and 6 Million in additional fees, paid in addition to the common fund, for injunctive relief.)  This makes their request for 25 percent of the common fund illusory, and thus improper. Counsel should be required to accurately state the total percentage they are, in fact, requesting.

Second, it is unclear how Class Counsel arbitrarily divided their time between their pursuit of the injunctive relief versus monetary relief.  To divide time between causes of action or requests for relief is nearly, if not wholly, impossible.

/ / /

/ / /

## II.  THERE IS NO DETAILED LODESTAR DISCLOSURE, WHICH VIOLATES NINTH CIRCUIT PRECEDENT.

Class Counsel bears the burden of demonstrating entitlement to their request for fees and the reasonableness of the request through detailed documentation of its efforts. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983.)  Here, Lead Counsel has provided the Court with only a summation of total hours spent, in chart form, for each attorney. (See e.g., Declaration of Michael W. Sobol, Doc. 575 and 577.)

To ensure fairness, the Court must necessarily inquire into the nature and the source of attorney's fees requested by Class Counsel.  *Hensley* 461 U.S. at 437.  Without a specific inquiry into what was billed and by whom, the Court and the Class must blindly trust that Class Counsel's efforts were efficient, non-duplicative, and spent in the Class's best interests.  In calculating the attorneys' fees by lodestar method the Ninth Circuit has held that "'mere summaries of hours worked in calculation of the Lodestar'" are impermissible.  *Intel Corp. v. Terabyte Intern.*, Inc., 6 F.3d 614 (9th Cir. 1993); citing *Entertainment Research Group, Inc. v. Genesis Creative Group, Inc.*, 122 F.3d 122, 1231 (9th Cir. 1997)).)  Thus, even if this Court chooses to utilize the percentage of the fund method to award fees in this matter, the billing records must be inquired into since the Ninth Circuit relies on a lodestar cross check.

The Ninth Circuit recently had cause to opine on this very issue in *In re Mercury Interactive Corp. Securities Litigation*.  Although its opinion largely focused on the fact

that a Motion for Fees and Costs must be filed prior to the deadline for objections to same, the Court also opined that "[a]llowing class members an opportunity thoroughly to examine counsel's fee motion, inquire into the bases for various charges and ensure that they are adequately documented and supported is essential for the protection of the rights of class members. It also ensures that the district court, acting as a fiduciary for the class, is presented with adequate, and adequately-tested, information to evaluate the reasonableness of a proposed fee." *In re Mercury Interactive Corp. Securities Litigation*, 618 F.3d 988, 994 (9th Cir. 2010.)

Thus, Objector requests that Class Counsel submit its billing records to the Court so that all Objector Class Members and the Court may view them to determine whether the requested fee is a reasonable one. These Objectors likewise reserve their right to supplement this objection upon viewing these records.

Lastly, the diminished adversarial capacity of Defense and Class Counsel upon settlement of a Class Action further increases the Court's need to inquire into the billing records of Class Counsel. No longer vigorously advocating for their clients' interests, Class Counsel's interests are inherently conflicted with the Class, as they become another claimant to the very fund that they have created for their clients.  Defense Counsel, alternatively, cares naught for the disbursement of fees to Class Counsel, as payment of those fees will be deducted from the sum total that their client is already paying.  It matters little to Defense Counsel whether Class Counsel takes 2% of the fund or 50% as

the result is the same for their client in either scenario. Thus, the Court necessarily becomes the fiduciary for the fund's beneficiaries and must carefully monitor disbursement to the attorneys by scrutinizing fee applications. *Skelton v. General Motors Corp.*, 860 F.2d 250, 253 (7th Cir. 1988), cert denied, 493 US 810, 110 S. Ct. 53, 107 L. Ed. 2d 22 (1989.)

### III. JOINDER IN ALL RENEWED OBJECTIONS

Objector hereby joins in all renewed and well-taken, bona fide objections filed in relation to this case.

### IV. CONCLUSION

For these reasons and all others raised by Objector during oral argument, this Objector respectfully renews her previous objection and submits the foregoing, additional, thoughts.

Dated:   May 13, 2011          ____/s/ Darrell Palmer_____
                               DARRELL PALMER
                               Attorney for Objector, Maria L. Borbon

# CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2011, I electronically filed the foregoing with the Clerk of the Court of the United States District Court for the Central District of California by using the USDC CM/ECF system.

Service on participants in the case who are registered CM/ECF users will be accomplished by the USDC CM/ECF system, to wit:

- **Leonard A Bennett**
  lenbennett@cox.net

- **Craig E Bertschi**
  cbertschi@kilpatrickstockton.com

- **David Boies**
  dboies@bsfllp.com

- **Michael A Caddell**
  mac@caddellchapman.com,kek@caddellchapman.com,fdl@caddellchapman.com

- **George F Carpinello**
  gcarpinello@bsfllp.com,aweber@bsfllp.com,acuda@bsfllp.com

- **Cynthia B Chapman**
  cbc@caddellchapman.com,jcd@caddellchapman.com,fdl@caddellchapman.com,szv@caddellchapman.com,csf@caddellchapman.com,mac@caddellchapman.com

- **A Stephens Clay**
  sclay@kilpatrickstockton.com

- **John William Davis**
  john@johnwdavis.com

- **Charles M. Delbaum**
  cdelbaum@nclc.org

- **Christopher L Dengler**
  cdengler@jonesday.com

- **Allison Stacy Elgart**
  aelgart@lchb.com,mgordon@lchb.com,jrudnick@lchb.com

- **Matthew James Erausquin**
  matt@clalegal.com

- **Brian C Frontino**
  bfrontino@stroock.com

- **R Stephen Griffis**
  rsglaw@bellsouth.net

- **Cindy D Hanson**
  chanson@kilpatricktownsend.com,dgugliuzza@kilpatricktownsend.com,jlierly@kilpatricktownsend.com,btoren@kilpatricktownsend.com

- **Steven F Helfand**
  steven@stevenhelfand.com

- **Angel H Ho**
  angelho@jonesday.com

- **Charles W Juntikka**
  charles@cjalaw.com

- **James Garrett Kendrick**
  jgk@private-ag.com

- **James S Knopf**
  jsk@knopflaw.com

- **Thomas R Malcolm**
  trmalcolm@jonesday.com,jmmullins@jonesday.com

- **Stephanie Mazepa**
  smazepa@maklawyers.com

- **Steve A Miller**
  sampc01@gmail.com

- **Michael G Morgan**
  mgmorgan@jonesday.com

- **Stephen J Newman**
  snewman@stroock.com,rharcourt@stroock.com,lacalendar@stroock.com

- **Gino P Pietro**  
  pietrolaw@sbcglobal.net

- **Thomas P Quinn , Jr**  
  tquinn@nokesquinn.com,hkhiner@nokesquinn.com

- **Peter L Recchia**  
  attnyrecchia@aol.com

- **Stuart T Rossman**  
  srossman@nclc.org

- **Adam R Shaw**  
  ashaw@bsfllp.com,acuda@bsfllp.com

- **Lee A Sherman**  
  lsherman@ctsclaw.com

- **Michael W Sobol**  
  msobol@lchb.com

- **Julie Sorenson Stanger**  
  julie.stanger@sutherland.com

- **Leonard Steiner**  
  ls@steinerlibo.com,janice@steinerlibo.com,jasoncarter@steinerlibo.com

- **Julia B Strickland**  
  jstrickland@stroock.com

- **Charles M Thompson**  
  mchapmanlaw@bellsouth.net

- **Mitchell A Toups**  
  matoups@wgttlaw.com

- **Katherine A Winn**  
  kwinn@sandiegolawyer.pro

- **David L Zifkin**  
  dzifkin@bsfllp.com,tsparks@bsfllp.com,ajensen@bsfllp.com

**Manual Notice List**

The following is the list of attorneys who will be served via U.S. Postal Service, pre-paid postage:

**Homer L Booher**
1359 N. Leverett Ave., Apt 16
Fayetteville, AR 72703-1759

**Daniel J McLoon**
Jones Day
555 South Flower Street  50th Floor
Los Angeles, CA 90071-2300

**Paul A Moore**
Lief Cabraser Heimann and Bernstein
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339

**C Benjamin Nutley**
Kendrick & Nutley
1055 E Colorado Blvd., 5th Floor
Pasadena, CA 91106

**Naomi Sandres**
PO Box 1896
Prairieville, LA 70769

**Gerry Whited**
1907 N. Main Street
Tulsa, OK 74106

**Daniel Wolf**
Daniel Wolf Law Offices
1220 N Street NW
Suite PH 2
Washington, DC 20005

    ___/s/ Darrell Palmer____
Darrell Palmer, Attorney for Objector Maria Borbon