DANIEL WOLF LAW OFFICES
Daniel Wolf (admitted *pro hac vice*)
1220 N Street, NW, Suite PH 2
Washington, DC 20005
Telephone: 202.842.2170
Email: dan@danielwolflaw.com

CHARLES JUNTIKKA & ASSOCIATES LLP
Charles Juntikka (admitted *pro hac vice*)
1250 Broadway, 24th Floor
New York, NY 10001
Telephone: 212.315.3755
Facsimile: 212.315.9032
Email: charles@cjalaw.com

Attorneys for Plaintiffs Robert Radcliffe, Chester Carter, Maria Falcon, Clifton C. Seale, III, Arnold E. Lovell, and all others similarly situated.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
(Southern Division)

| | |
|---|---|
| TERRI N. WHITE, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., et al.,<br><br>    Defendants.<br><br>and Related actions. | **CASE NO. 05-CV-1070 DOC (MLGx) (Lead Case)**<br><br>**Response To Proposed Order Regarding Injunctive Relief Fees** |

Counsel for the *White* Plaintiffs, Daniel Wolf and Charles Juntikka, file this memorandum in response to Counsel for Settling Plaintiffs Proposed Order Granting their Application for Attorneys' Fees for Injunctive Relief Settlement, filed May 20, 2011, Dkt. # 578 ("Proposed Order") .

## ARGUMENT

By their Proposed Order, Counsel for Settling Plaintiffs would have this Court grant them an award of $6 million as fees and costs for the services they rendered in connection with the Injunctive Relief Settlement (*id.* at 21), leaving not a single penny for their former co-counsel, Daniel Wolf and Charles Juntikka, despite the facts that Messrs. Wolf and Juntikka: (1) were appointed as co-class counsel to the injunctive relief class; and (2) each expended well over one thousand hours of their time and many thousands of dollars of their capital in connection with that settlement.  Counsel for Settling Plaintiffs bury their rationale for denying any and all compensation to Messrs. Wolf and Juntikka in a footnote to the Proposed Order, which states: (1) that this Court had "previously ordered that any application for attorneys' fees and costs with regard to the injunctive relief settlement must be filed on or before December 21, 2009"; and (2) that only Counsel for Settling Plaintiffs had filed "a timely application" for such fees and costs.  (*Id.* at 1, n.1.)[1]

As explained below, Messrs. Wolf and Juntikka ***did*** file a submission on

---

[1] To this date, this Court has issued no comparable order setting a deadline for the filing of any fee application in connection with the Monetary Relief Settlement.

December 21, 2009. But apart from being grossly unfair to Messrs. Wolf and Juntikka, the position that Counsel for Settling Plaintiffs advocate in their Proposed Order is the exact opposite of the position they informed this Court they were taking in their Response to Statement of Daniel Wolf and Charles Juntikka Regarding Rights to Attorneys' Fees in Connection with Injunctive Relief Settlement. (Dkt. # 616). In that response, Counsel for Settling Plaintiffs characterized the *White* Plaintiffs' assertion that they were "trying to 'appropriate the fruits' of Messrs. Wolf and Juntikka's labor" as "a complete misrepresentation of the record." (*Id.* at 2.) They then represented to this Court that ***"[n]either Settling Plaintiffs nor their counsel have ever suggested that Messrs Wolf and Juntikka should or would be excluded from any fees that the Court awards in connection with the injunctive relief Settlement***. (*Id.* (emphasis added).) Counsel for Settling Plaintiffs then stated that, rather than issuing an order excluding Messrs. Wolf and Juntikka from any fee award, this Court should order "all Plaintiffs' counsel to meet and confer" and, in the event they were unable to reach agreement, "to submit their respective proposals for the allocation of such fees and costs to the Court only if they cannot reach an agreement after making reasonable efforts." (*Id.*)

The reasons why this Court should not issue the Proposed Order granting counsel for the Settling Plaintiffs each and every dollar of the fees and costs that Defendants have agreed to pay in connection with the Injunctive Relief Settlement

are fully set forth in: (1) the Statement of Daniel Wolf and Charles Juntikka Regarding Rights to Attorneys' Fees in Conjunction With Injunctive Relief Settlement, filed Dec. 21, 2009, at 3-11 (Dkt. # 572); and (2) the *White* Plaintiffs' Memorandum in Opposition to Motions of Counsel for Settling Plaintiffs' For Attorneys' Fees, filed Jan. 4. 2010, at 3-5 (Dkt. # 576).  As explained in those submissions, Messrs. Wolf and Juntikka each devoted well over 1,000 hours of their time and many thousands of dollars of their money toward the prosecution of Plaintiffs' injunctive relief claims and performed works that was absolutely indispensable to their success in procuring that settlement.

Counsel for Settling Plaintiffs' contention that Messrs. Wolf and Juntikka should nonetheless be denied reimbursement for the time and costs they devoted to this matter is based entirely on their contention that Messrs. Wolf and Juntikka did not file an application for fees with regard to the Injunctive Relief Settlement by the December 21, 2009 deadline.  In fact, however, Messrs. Wolf and Juntikka filed a Statement on that date (Dkt. # 572) by which they "submit[ed] their application for a reasonable award of attorneys' fees" in connection with the Injunctive Relief Settlement.  (*Id.* at 3.)  What Messrs. Wolf and Juntikka did not do was file an application for fees ***under the Injunctive Relief Fee Settlement***.  As Messrs. Wolf and Juntikka explained in their Statement (at 1-3), they were unable to tie their application to the fees and costs that Defendants agreed to pay under the Injunctive Relief Fee Settlement because, by its terms, that Settlement makes such payment

conditional on the approval of the Monetary Relief Settlement. Inasmuch as the *White* Plaintiffs are fiercely opposed to the Monetary Relief Settlement, any application Messrs. Wolf and Juntikka to seek fees under the terms of the Injunctive Relief Fee Settlement would trigger a conflict of interest.

## CONCLUSION

Should this Court issue an order approving the Monetary Relief Settlement, it should make any fees it might award counsel for the Settling Plaintiffs pursuant to the Injunctive Relief Fee Settlement subject to any claims Messrs. Wolf and Juntikka may have for their costs and attorneys' fees incurred in connection with the Injunctive Relief Settlement.[2] Further, consistent with the Ninth Circuit's Order, filed No. 09-71928 (9th Cir. Aug. 28, 2009) which provided for an appeal to be filed prior to any distribution of funds, and in view of all of the circumstances, this Court should neither require Messrs. Juntikka and Wolf to pursue those claims nor authorize the disbursement of fees and costs to counsel for Settling Plaintiffs until the conclusion of the appellate process.

---

[2] The issue of how fees should be distributed amongst Plaintiffs' counsel is addressed in their Joint Prosecution Agreement, which provides that any disputes relating to that agreement, including any disputes regarding the allocation of fees, should be resolved by binding arbitration.

| | | |
|---|---|---|
| 1 | DATED: May 25, 2011 | Daniel Wolf Law Offices |
| 2 | | |
| 3 | | By /s/ Daniel Wolf<br>Daniel Wolf |
| 4 | | |
| 5 | | CHARLES JUNTIKKA & ASSOCIATES LLP |
| 6 | | Charles Juntikka |
| 7 | | |
| 8 | | Attorneys for Plaintiffs Robert Radcliffe, Chester Carter, Maria Falcon, Clifton C. Seale, III, Arnold E. Lovell, and all others similarly situated |