Darrell Palmer (SBN 125147)
Janine R. Menhennet (SBN 163501)
Law Offices of Darrell Palmer
603 North Highway 101, Ste A
Solana Beach, California 92075
Telephone: (858) 792-5600
Facsimile: (858) 792-5655
Email: darrell.palmer@palmerlegalteam.com

Attorney for Objector Maria L. Borbon

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| TERRI N. WHITE, et al.<br><br>Plaintiffs,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>Defendant.<br>_____<br>and RELATED CASES<br>_____ | Case No. 05-cv-1070 DOC (MLGx) (Lead Case)<br><br>OBJECTOR MARIA L. BORBON'S MEMORANDUM OF LAW IN SUPPORT OF HER EVIDENTIARY OBJECTIONS<br><br>Date:     May 26, 2011<br>Time:     8:30 A.M.<br>Judge     Honorable David O. Carter |

Objector Maria L. Borbon submits the following Memorandum of Law in Support of her request that the Court strike Counsel's references to the Objector Class Members in Section IV of Exhibit 1, the "Proposed Order Granting Motion for Final Approval of Class Action Settlement", (Doc. 757-1)(Hereinafter, "Exhibit 1.")   Attached to this Motion, Objector submits her Request for Judicial Notice (Ex. A), evidentiary objections (Ex. B), and a Proposed Order (Ex. C.)

1

### **INTRODUCTION**

The old Adage, "the pot calling the kettle black" never rang truer than it does in this particular instance.  Counselor Michael A. Caddell, one of Class Counsel in this matter, paints a dismal picture of Mr. Palmer and his fellow Objectors; stating that they are "professional objectors with long histories of objecting to meritorious settlements such as this one."  (Doc. 757-1, p. 27, lns. 2-4.)  However, in an interesting twist of duplicity, Mr. Caddell has made his own objections on numerous occasions; on similar grounds to many of those before the Court today.

> **"The Court does recognize that many of the objections that have been raised by the so-called "professional objectors" have been raised in other courts in other class actions. *See, e.g., Snell,* 2000 WL 1336640, at \*1, 2000 U.S. Dist. LEXIS, at \*2-3 (objection by R. Stephen Griffis on behalf of a class member); *Clark v. Experian Info. Solutions, Inc.,* 2004 WL 256433, at \*3 n. 15 (D.S.C. Jan. 14, 2004) (objection by Michael Caddell); *Shields v. Bridgestone/Firestone, Inc.,* 2004 WL 546883, at \*9 n. 2, \*33 n. 12 (Texas Dist. Ct. March 12, 2004) (objections by Mitchell Toups and Michael Caddell)** (See Request for Judicial Notice, attached hereto at Exhibit "A", Ex. 8, *Varacallo v. Massachusetts Mut. Life Ins. Co.* 226 F.R.D. 207 *(*Dist. N.J., 2005) at fn. 22.)

Notably, Mr. Caddell's deplorable one-sided portrayal of Objectors flies in the face of the wide-ranging and varied accomplishments objectors have created for Class Members in this and countless other cases.

This Memorandum, and the accompanying order and evidentiary objections, seeks primarily to omit the negative references regarding the Objectors to this case from Section IV of Exhibit 1.  This section serves no purpose other than to disparage the reputations of the attorneys referenced therein before the eyes of this Court.  This section is contemptibly self-serving while adding nothing of value to the proposed order, and violates several Federal Rules of Evidence, as discussed in greater detail, infra.  Thus, this Objector seeks to have this section removed prior to any approval of the Proposed Order for Final Approval of Settlement.  (Doc. 757-1.)

## I.

## THE ADDED VALUE OF OBJECTORS

Although Mr. Caddell attempts to characterize Objectors as pariahs, Objectors are not only expressly provided for under the provisions of Rule 23, but have benefitted countless Class Members to the tune of hundreds of millions of dollars.

For example, Mr. Palmer's efforts representing objectors during the past several years have resulted in a settlement improvements and attorney fee reductions totaling more than $100 million.  In the Enron case alone, the class recouped millions and gained the right to a longer claims period as a direct result of his efforts.  Likewise, in *Rodriguez v. West Publishing Corp.*, Mr. Palmer was also involved as objectors' counsel of record.  *Rodriguez v. West Publishing,* 563 F.3d 948 (9th Cir. 2009).  In it, the efforts made by himself and other objector attorneys, notably Ben Nutley and John Davis (also

3

representing objectors in this case) revealed the potential conflicts of the incentive

agreements between the Class Representatives and Class Counsel at the expense of the

absent Class Members.  This objection was overruled at the District Court but sustained

upon appeal to the Ninth Circuit and resulted in a significant added value to the Class to

the tune of $325,000.00.  *Id.* at 963.  As a result of this benefit, the Ninth Circuit held that

objectors had provided a significant service to the Class and remanded for determination

of an appropriate fee award.

### A.    Mr. Caddell's History with Objections to Class Action Settlements.

Mr. Caddell claims that, "[p]rofessional objectors like these play no positive role in

class action litigation and do nothing to benefit the Class."  (Doc. 757-1, Ex. 1, p. 31, lns.

7-8.)  However, Mr. Caddell is no stranger to submitting his own objections to Class

Action settlements, and to being dubbed a "professional objector".  (See Rqst for Judicial

Notice, at Ex. 8, fn. 22.)  Interestingly, in a perceived lapse of judgment or failure to

attend to detail, Mr. Caddell cites to one of the very cases in which he objected, in the

Proposed Order at issue in this Memorandum!  See *Azizan v. Federated Dept. Stores,*

*Inc.,* 2006 WL 4037549, at *6, 10 (N.D. Cal. September 29, 2006).  (Ex. A, Rqst for

Judicial Notice, at Ex. 4.)  Mr. Caddell's concerted efforts to disparage the Objectors to

this Settlement by stating in Exhibit 1 that many of these so-called "serial objectors" have

"long histories" of objecting to meritorious class action settlements is laughable in its

irony. (Doc. 757-1, Ex. 1, p. 27, lns. 2-4.)  However, it is doubtful that many of the

4

objectors to this class action settlement have histories of objecting that extend as far back as 2003, like Mr. Caddell.  (See Ex. A Rqst for Judicial Notice, at Ex 1, p. 8.)

Mr. Caddell's hypocrisy reaches epic proportions when he writes, in Exhibit 1, that, "[not]one of these Objectors has offered a reasonable or workable alternative to address any weakness they claim may exist; rather, the theme of many of these objections is that the Settlement could have in some way been "better:" (Doc. 757-1, Ex. 1, p. 25, lns. 27-28.)  This sentiment is echoed in stark contract in his objection to *In re Wireless Telephone Federal Cost Recovery Fees Litigation* MDL 1559 where he generically states, "[t]he first fatal deficiency of the Proposed Settlement is that it conspicuously fails to provide any adequate compensation to Class Members."  (See Ex. A Rqst for Judicial Notice, at Ex 1, p. 8.)  In *Azizian v. Federated Dept. Stores, Inc.*, Case No. 3:03-cv-03359, Mr. Caddell wrote that he and other "coordinated objectors" had made "demands for an improved settlement" upon Class Counsel.  (See Ex. A Rqst for Judicial Notice, at Ex 4, p. 6, lns. 19-20.) Mr. Caddell's requested improvements in the foregoing referenced objections focused primarily on making the relief to Class Members "better."

In an additional effort to discredit objector counselors, Mr. Caddell individually attacks each of the objectors by name in the Proposed Order at Exhibit 1.  For example, he states that, with respect to the three objections filed by Mr. Palmer in the last three years, all objections have "objected that the attorneys' fees were too high." (Doc. 757-1, Ex. 1, p. 27, lns. 8-9.)  Aside from the fact that this is a patently fair basis upon which to

5

object, Mr. Caddell, himself, objected on those very grounds on countless occasions.

"Having created a settlement that does not convey a legitimate financial benefit to the

Class, Plaintiffs' counsel should not receive a $24 million fee."  (See Ex. A Rqst for

Judicial Notice, at Ex 4, p. 19, lns. 2-3.)

      These efforts to disrepute the objector counselors in this action are not well-taken.

Particularly, given the fact that Mr. Caddell has a long record of engaging in nefarious

endeavors such as objecting on baseless grounds and intervening inappropriately into

Class Actions initiated by other attorneys (generally referred to in the industry as

"poaching"). (See Ex. A Rqst for Judicial Notice, at Ex 6, p. 4 & 10, where the District

Court found that there was no basis for Mr. Caddell, objector to the settlement, to have

called Class Counsel a liar and a "fraud upon the Court."  Upon Class Counsel's motion,

the District Court sanctioned Mr. Caddell for his conduct, although the 11th Circuit

reversed after finding the District Court failed specifically identify the legal basis (i.e.

Rule 11) for sanctions.

      The Objectors in this matter are making an attempt to provide a valuable service,

namely, preserving the adversarial component of settling class actions that, admittedly,

can become collusive at the expense of Class Members.  "Indeed, class lawyers may try

to fend off interlopers who oppose a proposed settlement as insufficiently generous to the

class; and given the role of such interlopers in preventing cozy deals that favor class

lawyers and defendants at the expense of class members, their requests for fees must not

be slighted. *Mirfasihi v. Fleet Mortgage Corp.,* 356 F.3d 781, 782-83 (7th Cir.2006);

*Vollmer v. Selden, supra,* 350 F.3d at 659-60; *Crawford v. Equifax Payment Services,*

*Inc.,* 201 F.3d 877, 880-82 (7th Cir.2000); *In re General Motors Corp. Pick-Up Truck*

*Fuel Tank Products Liability Litigation, supra,* 55 F.3d at 803." (See Ex. A Rqst for

Judicial Notice, at Ex 5, p. 1-2, wherein Mr. Caddell represented an intervenor.)

Based on the foregoing, it seems hardly fair to permit Mr. Caddell to make such

flagrantly damaging statements about the Objectors in this case when he has joined them

in so many others.

## II.

## REFERENCE TO CASES NOT BEFORE THIS COURT IN AN EFFORT TO DISPARAGE THE OBJECTORS IS IMPROPER AND ALSO VIOLATES THE FEDERAL RULES OF EVIDENCE

For every negative case cited to in Exhibit 1 of Mr. Caddell's Proposed Order,

there are countless others that demonstrate an objector's significant value addition for

Class Members. The fact is, none of the cases mentioned in Section IV of Exhibit 1 are

properly before this Court for the settlement of this matter – at least, not where the cases

pertain to the integrity or supposed lack thereof of the lawyers representing Objectors in

this case. Thus, instead of belaboring the Court with a recitation of every case where

objectors are praised (including those cases in which Mr. Caddell has made an

appearance as an objector)(See Request for Judicial Notice at Ex. A), this Memorandum

seeks only to object on evidentiary grounds to the admission of any reference to Objector

7

Counselors appearances in any other case, for any other purpose, and to have such references redacted from any Order this Court approves.  These references are base, irrelevant, prejudicial, confuse the issues and, frankly, are meant only to denigrate the Objectors' names in a public forum.  See, e.g., _Vollmer v. Selden_, (7th Cir. 2003) 350 F.3d 656, where the Court held that the District Court erred in holding that "it was inappropriate for the district court to rely on evidence outside of the record," after the district court confessed that "it conducted its own research into other class action litigation involving (objectors)."  _Id._ at 663.

The malicious insinuation in Exhibit 1 is completely irrelevant to the resolution of the issues before this Court – namely the fairness of the settlement and whether these objections filed in this case are helpful or applicable.  Fed. R. Evid. 403 articulates that evidence which is otherwise relevant is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.  Notably, the Committee notes to this Rule confirm that there are reasons why such information is not admissible as "[t]hese circumstances entail risks which range all the way from inducing decision on a purely emotional basis, at one extreme, to nothing more harmful than merely wasting time, at the other extreme.  Situations in this area call for balancing the probative value of and need for the evidence against the harm likely to result from its admission. _Slough, Relevancy Unraveled_, 5 Kan.

L. Rev. 1, 12-15 (1956); Trautman, *Logical or Legal Relevancy--A Conflict in Theory*, 5 Van. L. Rev. 385, 392 (1952); McCormick § 152, pp. 319-321."  (1975 Committee Notes to Rule 403.)

Section IV of Exhibit "1" is obviously offered simply to paint a negative picture of all lawyers with experience in representing Objectors as those who have made such objections before and to render their present objections meritless before the eyes of this Court.  Fed. R. Evid. 404 prohibits the introduction of this information to the extent that it is impermissible evidence of Objectors' character.  Character evidence is almost never admitted within the realm of civil trials and certainly is misplaced in this instance.  This is improper and, as referenced supra, this Memorandum has shown that many objectors' motives are meritorious in their endeavors to improve the settlement for the Class.  "Certainly, there is nothing wrong with filing a non-frivolous claim in the hope of getting paid."  *Vollmer* 350 F.3d at 660.

Committee notes to Rule 404 state "[t]he circumstantial use of character evidence is generally discouraged because it carries serious risks of prejudice, confusion and delay.  See *Michelson v. United States*, 335 U.S. 469, 476 (1948)("The overriding policy of excluding such evidence, despite its admitted probative value, is the practical experience that its disallowance tends to prevent confusion of issues, unfair surprise and undue prejudice.").  (2006 Committee Notes to Rule 404.) (*See Generally, U.S. v. DeMarco*, 407 F.Supp. 107 (C.D.Ca. 1975) where Judge did not permit testimony against credibility

9

of opposing counsel.)  Based on the foregoing, this Objector respectfully directs the Court to her evidentiary objections, attached hereto at Exhibit B.

## III.

## CONCLUSION

For the above reasons and any other submitted at oral argument, this Objector respectfully requests that the Court redact Section IV from Exhibit 1, take judicial notice of the documents provided at Exhibit A, sustain the evidentiary objections at Exhibit B, and sign the Order, attached hereto at Exhibit C.

Dated:   May 25, 2011                    _____/s/ Darrell Palmer_____
                                          DARRELL PALMER
                                          Attorney for Objector, Maria L. Borbon

OBJECTOR BORBON'S MEMORANDUM OF LAW IN SUPPORT OF HER EVIDENTIARY OBJECTIONS

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 25, 2011, I electronically filed the foregoing
OBJECTOR MARIA L. BORBON'S MEMORANDUM OF LAW IN SUPPORT OF
HER EVIDENTIARY OBJECTIONS with the Clerk of the Court of the United States
District Court for the Central District of California by using the USDC CM/ECF system.

Service on participants in the case who are registered CM/ECF users will be
accomplished by the USDC CM/ECF system, to wit:

A Stephens Clay     sclay@kilpatrickstockton.com
Adam R Shaw     ashaw@bsfllp.com, acuda@bsfllp.com
Allison Stacy Elgart     aelgart@lchb.com
Angel H Ho     angelho@jonesday.com
Brian C Frontino     bfrontino@stroock.com
Charles M Thompson     mchapmanlaw@bellsouth.net
Charles M. Delbaum     cdelbaum@nclc.org
Charles W Juntikka     charles@cjalaw.com
Cindy D Hanson     chanson@kilpatrickstockton.com
Craig E Bertschi     cbertschi@kilpatrickstockton.com
Cynthia B Chapman     cbc@caddellchapman.com
David Boies     dboies@bsfllp.com
David L Zifkin     dzifkin@bsfllp.com
George F Carpinello     gcarpinello@bsfllp.com
Gino P Pietro     pietrolaw@sbcglobal.net
J Garrett Kendrick     jgk@private-ag.com
James S Knopf     jsk@knopflaw.com
John William Davis     john@johnwdavis.com
Julia B Strickland     jstrickland@stroock.com
Julie Sorenson Stanger     julie.stanger@sutherland.com
Katherine A Winn     kwinn@sandiegolawyer.pro
Lee A Sherman     lsherman@ctsclaw.com
Leonard Steiner     ls@steinerlibo.com
Leonard A Bennett     lenbennett@cox.net
Matthew James Erausquin     matt@clalegal.com
Michael A Caddell     mac@caddellchapman.com
Michael G Morgan     mgmorgan@jonesday.com
Michael W Sobol     msobol@lchb.com
Mitchell A Toups     matoups@wgttlaw.com

11

Peter L Recchia      attnyrecchia@aol.com
R Stephen Griffis    rsglaw@bellsouth.net
Stephanie Mazepa     smazepa@jonesday.com
Stephen J Newman     snewman@strooc.com
Steve A Miller       sampc01@gmail.com
Steven F Helfand     steven@stevenhelfand.com
Stuart T Rossman     srossman@nclc.org
Thomas P Quinn , Jr   tquinn@nokesquinn.com
Thomas R Malcolm     trmalcolm@jonesday.com, jmmullins@jonesday.com


     I further certify that some of the participants in the case are not CM/ECF users.  I have mailed the foregoing document by First-Class Mail, postage prepaid, to the following non-CM/ECF participants:

C Benjamin Nutley                    Daniel Wolf
Kendrick & Nutley                    Daniel Wolf Law Offices
1055 E Colorado Blvd., 5th Floor     1220 N Street NW, Suite PH 2
Pasadena, CA 91106                   Washington, DC 20005


Daniel J McLoon                      Jennifer D. Bishop
Jones Day                            Jones Day
555 South Flower Street 50th Floor   2727 North Harwood Street
Los Angeles, CA 90071-2300           Dallas, TX 75201


Gerry Whited                         Homer L Booher
1907 N. Main Street                  1359 N. Leverett Ave., Apt 16
Tulsa, OK 74106                      Fayetteville, AR 72703-1759


Paul A Moore                         Naomi Sanders
Lief Cabraser Heimann and Bernstein  PO Box 1896
275 Battery Street, 30th Floor       Prairieville, LA 70769
San Francisco, CA 94111-3339


         ___/s/ Darrell Palmer_____
         Darrell Palmer
         Attorney for Objector Maria Borbon