O

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRI N. WHITE et. al., <br><br> Plaintiff(s), <br><br> v. <br><br> EXPERIAN INFORMATION SOLUTIONS, INC., <br><br> Defendant(s). | CASE NO. SACV 05-1070 DOC (MLGx) <br><br> **O R D E R** GRANTING IN PART AND DENYING IN PART MOTION FOR ATTORNEYS FEES FOR MONETARY RELIEF SETTLEMENT |

Before the Court is a Motion for Attorneys Fees for Monetary Relief Settlement filed by Settling Plaintiffs Jose Hernandez, Kathryn Pike, Robert Randall, and Bertram Robinson, requesting an award of attorneys fees to: Leiff, Cabraser, Heimann & Bernstein, LLP and its attorneys Michael W. Sobol and Allison S. Elgart; Caddell & Chapman and its attorneys Michael A. Caddell and Cynthia B. Caddell; National Consumer Law Center and its attorneys Stuart T. Rossman and Charles M. Delbaum; Consumer Litigation Associates, PC and its attorneys Leonard A. Bennett and Matthew Erausquin; Weller, Green, Toups & Terrell, LLP and its attorney Mitchell A. Toups; and Callahan, Thompson, Sherman & Caudill and its attorney Lee

A. Sherman (attorneys referred to collectively as "Class Counsel") ("Motion") (Docket 576). After considering all relevant written submissions, as well as oral argument, the Court GRANTS in part and DENIES in part the Motion.

I. BACKGROUND

The facts of this case have been recounted exhaustively in several of the Court's previous orders in this action. In brief, Class Counsel represent a class of consumers in an action against the nation's three major credit-reporting bureaus, Experian Information Solutions, Inc. ("Experian"), Equifax Information Services, LLC ("Equifax"), and Transunion LLC ("Transunion") (collectively, "Defendants"). The class members' suit alleged that Defendants had violated – and were continuing to violate – provisions of the Fair Credit Reporting Act ("FCRA") by maintaining unreasonable procedures for the reporting, and reinvestigation, of debts discharged in bankruptcy. After intensive mediation sessions, two settlements were reached in this case: one for injunctive relief, entered into on or about April 3, 2008, and one for damages, entered into on or about February 5, 2009. The settlement for damages resulted in an award of a $45 million common fund to the class, with each Defendant contributing $15 million. Class Counsel seeks Court approval for the payment of $11,075,369 in attorneys fees for their work on the monetary relief settlement as well as $678,521.08 in costs.

II. LEGAL STANDARD

Upon motion in a class action, the court "may award reasonable attorney fees and nontaxable costs authorized by law or by the parties' agreement." Fed.R.Civ.P. 23(h). "Attorneys' fees provisions included in proposed class action settlement agreements are, like every other aspect of such agreement, subject to the determination whether the settlement is 'fundamentally fair, adequate, and reasonable.'" *Staton v. Boeing Co.*, 327 F.3d 938, 963 (9th Cir. 2003) (quoting Fed. R. Civ. P. 23(e)). In "common fund" cases such as this one, "the district court has discretion to use either a percentage or lodestar method" to determine what constitutes a reasonable amount of attorneys fees. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir.1998). Under the percentage method, the Ninth Circuit has established twenty-five percent of the common fund as a "benchmark" for what constitutes a reasonable fee. *Id.*;

*Six Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990). In certain instances, where the circumstances suggest that use of the percentage method alone will yield either too small or too large an award, courts may use the lodestar method as a cross-check and adjust the amount of fees accordingly. *Six Mexican Workers*, 904 F.2d at 1131. However, courts have found that such a lodestar analysis is not necessary when the requested fee is within the accepted benchmark. *HCL Partners Limited Partnership v. Leap Wireless Int'l*, 2010 WL 4156342 at *2 (S.D. Cal. 2010).

In addition to attorneys fees, reasonable costs and expenses incurred by an attorney who creates or preserves a common fund are eligible for reimbursement. *In re Media Vision Tech. Sec. Litig.*, 913 F. Supp. 1362, 1366 (N.D. Cal. 1996) (citing *Mills v. Electric Auto-Lite Co.*, 396 U.S. 375, 391-92 (1970)); *see also Staton*, 327 F.3d at 974. The requested costs must be relevant to the litigation and reasonable in amount. *In re Media Vision*, 913 F. Supp. at 1366.

### III. DISCUSSION

#### a. Attorneys Fees

The Court finds Class Counsel's request for attorneys fees to be reasonable. Class Counsel seeks an award of $11,075,369, which amounts to twenty-five percent of the $45 million common fund available to the class (after deducting expenses).[1] Under the percentage method for calculating attorneys fees in a common fund case, a request that totals twenty-five percent of the class recovery is presumptively reasonable. *Hanlon*, 150 F.3d at 1029. The circumstances of this case offer no reason to depart from the standard twenty-five percent benchmark. Class Counsel has worked on behalf of the class for almost six years. Their efforts resulted in a $45 million settlement – the second largest settlement in the history of the FCRA. Moreover, the Court notes that Class Counsel has extensive experience in the areas of consumer class actions, other complex class actions, and FCRA litigation. *See e.g.*, Decl. of M. Sobol ISO

---

[1] In fact, Class Counsel's net fee award will be just under twenty-five percent of the common fund. When the need to send secondary notice of settlement to a number of class members arose, at a cost of $567,284.91, Class Counsel agreed to bear this expense. Accordingly, Class Counsel's net receipt of attorneys fees will equal $10,508,084.

Mot. For Attorneys' Fees for Monetary Relief Settlement, ¶ 2-6 (Docket 577-3); Decl. of M. Caddell ISO Mot. for Attorneys' Fees for Monetary Relief Settlement, ¶¶ 3-14 (Docket 577-4); Decl. of L. Bennett ISO Mot. for Attorneys' Fees for Monetary Relief Settlement, ¶¶ 2-10 (Docket 577-7). In light of these factors, a fee award totaling twenty-five percent of the common fund is reasonable.[2]

Class Counsel's request for attorneys fees in the amount of $11,075,369 is GRANTED.

### b. Costs

Class Counsel also seeks reimbursement for $678,521.98 in costs. Declarations submitted on behalf of Class Counsel attest that the requested costs are comprised of: filing fees; expenses associated with research, preparation, filing, and responding to the pleadings in this matter; costs associated with copying, uploading, and analyzing documents; fees and expenses for experts; and mediation fees. Decl. of M. Sobol ISO Mot. For Attorneys' Fees for Monetary Relief Settlement, ¶ 25-26 (Docket 577-3); Decl. of M. Caddell ISO Mot. for Attorneys' Fees for Monetary Relief Settlement, ¶¶ 35-36 (Docket 577-4); Decl. of S. Rossman ISO Mot. for Attorneys' Fees for Monetary Relief Settlement, ¶¶ 22-23 (Docket 577-9); Decl. of L. Bennett ISO Mot. for Attorneys' Fees for Monetary Relief Settlement, ¶¶ 27-28 (Docket 577-7); Decl. of C. Delbaum ISO Mot. for Attorneys' Fees for Monetary Relief Settlement, ¶¶ 23-24 (Docket 577-5); Decl. of L. Sherman ISO Mot. for Attorneys' Fees for Monetary Relief Settlement, ¶¶ 23-24 (Docket 577-6); Decl. of M. Toups ISO Mot. for Attorneys' Fees for Monetary Relief

---

[2] The Court notes White Plaintiffs' concerns regarding the sufficiency of the documentation offered in support of Class Counsels' description of the number of hours worked and the tasks performed on behalf of the class. Without expressing an opinion on the merits of these objections, the Court notes that they relate more to a lodestar analysis than to a percentage-of-the-fund analysis. Given the factors outlined above – in particular, the significant relief afforded to the class by the settlement – the Court finds that a straightforward application of the percentage method for calculating attorneys fees is appropriate in this case. *See Glass v. UBS Fin. Servs., Inc.*, 331 Fed. Appx. 452 at **2-3 (9th Cir. 2009) (holding that "[h]aving acknowledged that the lodestar factors weigh against a substantial award, the district court did not abuse its discretion in giving weight to other factors, such as the results achieved for the class and the favorable timing of the settlement.").

Settlement, ¶¶ 28-29 (Docket 577-8). These kinds of out-of-pocket expenses are eligible for reimbursement. *See In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166, 1177-78 (S.D. Cal, 2007) (finding costs such as filing fees, photocopy costs, travel expenses, postage, telephone and fax costs, computerized legal research fees, and mediation expenses to be relevant and necessary expenses in class action litigation). Class Counsel, however, do not submit an accounting in support of their claimed expenditures. In the absence of any such accounting, the Court declines to authorize reimbursement for these costs.

Class Counsel's request for $678,521.98 in costs is therefore DENIED without prejudice to Class Counsel's ability to submit a renewed request for costs, accompanied by a proper accounting, within ten (10) days of the entrance of this Order.

## IV. DISPOSITION

For the reasons outlined above, Class Counsel's Motion is GRANTED in part and DENIED in part.

Attorneys fees for the monetary relief settlement reached in this case are awarded in the amount of $11,075,369.

Class Counsel's request for costs is denied without prejudice to Class Counsel's ability to submit a renewed request for costs pursuant to the procedures described above.

IT IS SO ORDERED.

DATED: July 15, 2011

_____
DAVID O. CARTER
United States District Judge