UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **TERRI N. WHITE, ROBERT RADCLIFFE, CHESTER CARTER, ARNOLD LOVELL, Jr., CLIFTON C. SEALE, III and ALEX GIDI,** *et al.*, <br><br> **Plaintiffs,** <br><br> v. <br><br> **EXPERIAN INFORMATION SOLUTIONS, INC.,** <br><br> **Defendant.** | Case No. SACV 05-1070-DOC (MLGx) <br><br> **(Lead Case)** <br><br><br> **CORRECTED JUDGMENT REGARDING MONETARY RELIEF CLAIMS** |

1. In connection with the full resolution of these matters the Court has entered the following orders in these Coordinated Actions[1]:

   a. Order Granting Final Approval of Class Action Settlement For Monetary Relief (Doc. No. 837, entered September 10, 2011) ("Final Approval Order");

---

[1] The "Coordinated Actions" are: *Terri N. White, et al. v. Experian Information Solutions, Inc.*, Case No. SA CV 05-1070 (Lead Case number); *Terri N. White, et al. v. Equifax Information Services LLC*, Case No. CV 05-7821; *Terri N. White, et al. v. Trans Union LLC*, Case No. CV 05-1073; *Jose Hernandez v. Equifax Information Services, LLC, et al.*, Case No. CV 06-3924; *Jose L. Acosta et al., v. Trans Union LLC, et al.*, Case No. CV 06-5060; and *Kathryn L. Pike v. Equifax Information Services, LLC*, Case No. CV 05-1172.

- 1 -

      b.    Order Granting In Part And Denying In Part Motion For Attorneys' Fees For Monetary Relief Settlement (Doc. No. 774, entered July 15, 2011); and

      c.    Order Regarding The Amount of Attorneys' Fees Awarded In Connection With the Injunctive Relief Settlement (Doc. No. 839, entered September 10, 2011).

2.    Further in connection with the full resolution of these matters, on August 5, 2011, the Court entered the following minute orders:

      a.    Order Granting Counsel's Motion For Reimbursement Of Costs For Monetary Relief Settlement (Doc. No. 792); and

      b.    Order Granting Counsel's Motion For Reimbursement Of Costs For Injunctive Relief Settlement (Doc. No. 793).

3.    As set forth in the Settlement Agreement as approved in the Final Approval Order, the "23(b)(3) Settlement Class"[2] received proper notice pursuant to Fed. R. Civ. P. 23(c)(2) and consists of the following:

> [A]ll Consumers who have received an order of discharge pursuant to Chapter 7 of the United States Bankruptcy Code and who, any time between and including March 15, 2002 and the April 24, 2009 (or, for California residents in the case of TransUnion, any time between and including May 12, 2001 and April 24, 2009), have been the subject of a Post-bankruptcy Credit Report issued by a Defendant in which one or more of the following appeared:

---

[2] The initially capitalized terms used herein have the meaning as those terms are defined in the Settlement Agreement and Release (Doc. 384) ("Settlement Agreement").

- 2 -    CORRECTED JUDGMENT REGARDING MONETARY RELIEF CLAIMS

1
2
3
4
5

    (a)    A Pre-bankruptcy Civil Judgment that was reported as outstanding (i.e., it was not reported as vacated, satisfied, paid, settled or discharged in bankruptcy) and without information sufficient to establish that it was, in fact, excluded from the bankruptcy discharge;

6
7
8
9
10
11

    (b)    A Pre-bankruptcy Installment or Mortgage Loan that was reported as delinquent or with a derogatory notation (other than "discharged in bankruptcy," "included in bankruptcy" or similar description) and without information sufficient to establish that it was, in fact, excluded from the bankruptcy discharge;

12
13
14
15
16
17

    (c)    A Pre-bankruptcy Revolving Account that was reported as delinquent or with a derogatory notation (other than "discharged in bankruptcy," "included in bankruptcy" or similar description) and without information sufficient to establish that it was, in fact, excluded from the bankruptcy discharge; and/or

18
19

    (d)    A Pre-bankruptcy Collection Account that remained in collection after the Bankruptcy Date.

20
21
22
23
24
25
26
27
28

Provided, however, that the following are excluded: (i) all persons listed on the Final Opt-Out List, attached hereto as Exhibit "A"; (ii) all Consumers who would qualify for membership in the "23(b)(3) Settlement Class" based solely on a Post-bankruptcy Credit Report for which the Consumer has released all claims as to the issuing Defendant; (iii) Defendants' officers, directors, and employees; (iv) Defendants' attorneys; (v) Plaintiffs' attorneys; and (vi) Judge David O. Carter and the members of his immediate family.

CORRECTED JUDGMENT REGARDING MONETARY RELIEF CLAIMS

4. The members of the 23(b)(3) Settlement Class identified on Exhibit "A" attached hereto have filed timely requests to be excluded from the Settlement ("Excluded Class Members").

5. All members of the 23(b)(3) Settlement Class and his or her respective spouses, heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors and assigns and all those acting or purporting to act on their behalf, are bound by this Judgment, are conclusively deemed to have fully, finally and forever settled, released and discharged the Released Parties of and from all Released Claims, and are enjoined from bringing, joining or continuing to prosecute against the Released Parties any Released Claims.

6. As provided in ¶ 11.12 of the Settlement Agreement, all agreements made and Orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Settlement Agreement.

7. As provided in ¶ 11.13 of the Settlement Agreement, this Court retains jurisdiction with respect to implementation and enforcement of the terms of the Settlement Agreement.

8. Pursuant to Fed. R. Civ. P. 54(b) and the Orders referenced above, and under the terms of the Class Action Settlement For Monetary Relief approved by the Court, the Court hereby enters JUDGMENT dismissing with prejudice all claims remaining[3] in these Coordinated Actions.

Dated: November 14, 2011

*David O. Carter*

Hon. David O. Carter

---

[3] On August 19, 2008, the Court entered a separate judgment under Fed. R. Civ. P. 54(b) with respect to the declaratory and injunctive relief claims. *See* Doc. No. 338 at 32-33.