CHARLES JUNTIKKA & ASSOCIATES LLP
Charles Juntikka (admitted *pro hac vice*)
1250 Broadway, 24th Floor
New York, NY 10001
Telephone:   212.315.3755
Facsimile:   212.315.9032
Email:       charles@cjalaw.com

DANIEL WOLF LAW OFFICES
Daniel Wolf (admitted *pro hac vice*)
1220 N Street, NW, Suite PH 2
Washington, DC 20005
Telephone:   202.842.2170
Email:       dan@danielwolflaw.com

Attorneys for Plaintiffs Robert Radcliffe, Chester Carter, Maria Falcon, Clifton C. Seale, III, Arnold E. Lovell, and all others similarly situated.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

(Southern Division)

| | |
|---|---|
| TERRI N. WHITE, *et al.*,<br><br>          Plaintiffs,<br><br>     v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>          Defendant.<br><br>And Related Actions. | **Case No. 05-CV-1070 DOC (MLGx) (Lead Case)**<br><br>**THE *WHITE* PLAINTIFFS AND THE *WHITE* PLAINTIFFS' COUNSEL'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES** |

1     PLEASE TAKE NOTICE that the *White* Plaintiffs and the *White* Plaintiffs'
2  counsel, the Law Offices of Daniel Wolf ("Wolf") and Charles Juntikka &
3  Associates ("Juntikka"), will and hereby do move the Court for an order awarding
4  attorneys' fees for the hours they expended in this matter attributable to the
5  Monetary Relief Settlement and the associated costs that they incurred.

6     This motion is made pursuant to Federal Rule of Civil Procedure 54(d)(2)(B)
7  and Local Rule 54-12 on the following grounds:

8   ▪ Wolf and Juntikka expended thousands of hours of time and incurred tens
9     of thousands of dollars in costs that contributed to the creation of the
10    Monetary Relief Settlement's common fund.

11  ▪ Under established law, the fact that Wolf and Juntikka ended up objecting
12    to that settlement does not in any way vitiate their right to reimbursement.

13  ▪ Wolf and Juntikka estimate that they will be seeking approximately
14    $2,500,000 in attorneys' fees, which represents their relative lodestar
15    contribution to the Monetary Relief Settlement.

16  ▪ Wolf and Juntikka estimate that they incurred approximately $90,000 in
17    expenses in connection with the Monetary Relief Settlement.

18  ▪ This Court may defer a ruling on this motion until after the *White*
19    Plaintiffs' appeal of its order approving the Monetary Relief Settlement
20    has been resolved; the *White* Plaintiffs' counsel believe that the Court
21    should do so here.

22  ///
23
24  ///
25
    ///
26
27
28

1

1     DATED:  November 16, 2009      DANIEL WOLF LAW OFFICES

2                                          Daniel Wolf

3                                          CHARLES JUNTIKKA & ASSOCIATES

4                                          LLP

5                                          Charles Juntikka

6

7                             By     /s/ Daniel Wolf

8                                        Daniel Wolf

9                                 *Attorneys for Plaintiffs Robert Radcliffe, Chester*

10                                 *Carter, Maria Falcon, Clifton C. Seale, III, Arnold*

11                                 *E. Lovell, and all others similarly situated*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

## MEMORANDUM OF POINTS AND AUTHORITIES

The *White* Plaintiffs and the *White* Plaintiffs' counsel, the Law Offices of Daniel Wolf ("Wolf") and Charles Juntikka & Associates ("Juntikka"), respectfully submit this memorandum of points and authorities in support of their motion for attorneys' fees.[1]

Rule 54(d)(2)(B) prescribes the content of a motion for attorneys' fees and associated costs.  Under that rule, the motion need only: (1) "specify the judgment and the statute, rule, or other grounds entitling the movant to the award"; (2) "state the amount sought or provide a fair estimate of it"; and (3) "disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made."

The Advisory Committee Notes underscore that Rule 54(d)(2)(B) "does not require that the motion be supported at the time of filing with the evidentiary material bearing on the fees."  Rather, all the moving party must do in that motion is set forth information "sufficient to alert the adversary and the court that there is a claim for fees and the amount of such fees (or a fair estimate)."  *Id.*

***The bases for granting the fee award:***  The Court has already ruled that plaintiffs are entitled to an attorneys' fee award in this case under the common fund theory.  Consequently, the court has ordered that plaintiffs are entitled to fees in the amount of 25% of the common fund established by the Monetary Relief Settlement plus expenses.

The *White* Plaintiffs' counsel believe that the Court erred in approving the Monetary Relief Settlement in this case and, hence, that no attorneys' fees or costs

---

[1]  Under Fed. R. Civ. P. 54(b)(2)(B), a motion for attorneys' fees must be filed within fourteen days of the entry of judgment "unless a statute or court order provides otherwise."  This motion is being filed within fourteen after this Court entered judgment in this matter.  Further, there is no statute or court order that provides for a different time period for this motion.  Accordingly, this motion is timely under the terms of Fed. R. Civ. P. 54(b)(2)(B).

3

are due in connection with that settlement.  The *White* Plaintiffs' counsel further believe that a fee award of 25% of the common fund is excessive in that it is grossly disproportionate to the meager awards that the Monetary Relief Settlement provides to class members.

However, to the extent the Monetary Relief Settlement might survive the pending appeal, Wolf and Juntikka are entitled to a proportionate share of any fee award that might also survive that appeal.  The basis for granting such an award is that, up until February 5, 2009, when they announced their objections to the settlement their colleagues had agreed to, Wolf and Juntikka expended thousands of hours of time and incurred tens of thousands of dollars in costs that contributed to the creation of the Monetary Relief Settlement's common fund.[2]  The fact that Wolf and Juntikka ended up objecting to that settlement does not in any way vitiate their right to reimbursement for the work they performed and the cost they incurred until that time.  *See, e.g., Elliot v. Sperry Rand Corp.*, 680 F.2d 1225, 1227 (8th Cir. 1982) (holding that named plaintiffs who became dissenters were entitled to "an appropriate award of attorneys' fees . . . for services in proceedings leading to approval of the settlement"); *Ace Heating & Plumbing Co. v. Crane Co.*, 453 F.2d 30, 35 (3d Cir. 1971) (same); *Holden v. Burlington Northern, Inc.*, 665 F. Supp. 1398, 1431 (D. Minn. 1987).

**The amount sought:**  Wolf and Juntikka estimate that they will be seeking approximately $2,500,000 in attorneys' fees, which represents their relative lodestar contribution to the Monetary Relief Settlement – that is, the amount of Wolf's and Juntikka's lodestar contribution (*i.e.*, the hours they reasonably incurred in connection with Plaintiffs' monetary relief claims prior to February 6, 2009 by their

---

[2]   Wolf and Juntikka are also entitled to an award of attorneys' fees and costs under both the Fair Credit Reporting Act, 15 U.S.C. § 1681o(a)(2), and the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.31(a)(1), (d) & (f).

4

reasonably hourly rates) in proportion to the lodestar contribution that counsel for the Settling Plaintiffs asserted in support of their fee petition.  The amount of the fee award Wolf and Juntikka are seeking is also consistent with the amount to which they would be entitled under their various fee sharing agreements with counsel for the Settling Plaintiffs.  In addition to an award of attorneys' fees, Wolf and Juntikka estimate that they incurred approximately $90,000 in expenses in connection with the Monetary Relief Settlement and seek an award reimbursing them for that amount.

**Deferral of the motion:**  As the Advisory Committee Notes clarify, this Court may defer a ruling on this motion until after the *White* Plaintiffs' appeal of its order approving the Monetary Relief Settlement has been resolved.  The *White* Plaintiffs' counsel believe that it should do so here.  Should the *White* Plaintiffs prevail on their appeal, this motion (and any other pending motion) for fees will become moot and the time and resources spent adjudicating the fee issues will have been wasted.  Further, the Ninth Circuit has instructed that no moneys are to be disbursed in this matter until it has had an opportunity to consider and resolve the *White* Plaintiffs' objections to the Settlement and the "defendants are released with finality."  Order, No. 09-71928 (9th Cir. Aug. 28, 2009).  As this order precludes the disbursement of any award of attorneys' fees pending resolution of the *White* Plaintiffs' appeal, deferring consideration of this motion will not unduly delay the payment of attorneys' fees to any of Plaintiffs' counsel.[3]

---

[3]  To the extent this Court decides not to defer a ruling on this motion, it should issue an order setting an appropriate schedule for the presentation of adversarial submissions and evidence. Fed. R. Civ. P. 54(b)(2)(B) and Notes of the Advisory Committee (noting that materials pertaining to fee motion must be "submitted in due course, according to such schedule as the court may direct in light of the circumstances of the case").

5

## <u>Conclusion</u>

Wolf and Juntikka are entitled to an award of $2,500,000 in attorneys' fees to reimburse them for the time they expended in connection with the Monetary Relief Settlement and an award of $90,000 in costs they incurred in connection with that settlement.  For the aforementioned reasons, however, Wolf and Juntikka respectfully request that this Court not resolve their motion at this time.

DATED:  November 16, 2009          DANIEL WOLF LAW OFFICES
                                   Daniel Wolf

                                   CHARLES JUNTIKKA & ASSOCIATES
                                   LLP
                                   Charles Juntikka


                          By       <u>/s/ Daniel Wolf</u>
                                   Daniel Wolf

                          *Attorneys for Plaintiffs Robert Radcliffe, Chester
                          Carter, Maria Falcon, Clifton C. Seale, III, Arnold
                          E. Lovell, and all others similarly situated*

6