UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

Case No. SACV 05-1070 DOC (MLGx)          Date: February 3, 2012

Title: WHITE, ET AL. -V- EXPERIAN INFORMATION SOLUTIONS, INC.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT          NONE PRESENT

PROCEEDING (IN CHAMBERS): DENYING MOTION FOR RECONSIDERATION

       Before the Court is Settling Plaintiffs' Motion for Reconsideration of Order Deferring Ruling on the *White* Plaintiffs' Counsel's Motion for Attorneys' Fees ("Motion for Reconsideration") (Docket 856). The Court finds this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. After considering the moving, opposing and replying papers, and for the reasons discussed below, the Court hereby DENIES the Motion.

       **I. BACKGROUND**

       The present motion for reconsideration concerns the *White* Plaintiffs' Counsel's Motion for Attorneys Fees for their work on the Monetary Relief Settlement. In February 2009, the parties reached the Monetary Relief Settlement. The *White* plaintiffs and their counsel objected to the Proposed Monetary Relief Settlement, but this Court granted preliminary approval in its May 7, 2009 Order. On December 10, 2009, the Ninth Circuit denied the *White* Plaintiffs' motion to stay proceedings pending their third attempt at an interlocutory appeal. On December 11, 2009, the Settling Plaintiffs and Defendants sought clarification regarding the schedule for Final Approval of the Monetary Relief Settlement. This submission also sought confirmation that all fee requests were to be filed by December 21, 2009. On December 16, 2009, the Court entered an Order Clarifying Briefing Schedule Regarding Final Approval Proceedings for 23(b)(3) Settlement, which set a deadline of December 21, 2009 for all fee applications. Specifically, the Court stated that "Any counsel for plaintiffs who wish to apply for an award of fees and costs for efforts made in connection with the Injunctive Relief Settlement or the

23(b)(3) Settlement must do so on or before December 21, 2009."

The primary disagreement between the parties is whether the Court's December 21, 2009 reference to "[a]ny counsel for plaintiffs" includes counsel for the *White* plaintiffs. On December 21, 2009, Settlement Class Counsel for the Monetary Relief Settlement applied for fees in connection with both the Injunctive Relief Settlement and the Monetary Relief Settlement and the *White* Plaintiffs' Counsel applied only for fees in connection with the Injunctive Relief Settlement. Counsel for the Settling Plaintiffs argue that the present Motion for Attorneys' Fees by Counsel for the *White* Plaintiffs is untimely because it must have been filed by December 21, 2009.

The Court previously granted the *White* Plaintiffs' Counsel's Request to Defer Ruling on their Motion for Attorneys' Fees pending resolution of the *White* Plaintiffs' appeal of the Court's order approving the Monetary Relief Settlement. Counsel for the Settling Plaintiffs challenge that Order and seek an immediate denial of the *White* Plaintiffs' Counsel's Motion for Attorneys' Fees.

### II. LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) "provides for reconsideration only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *School Dist. No. 1J, Multnomah County v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (quoting *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991)).

These grounds are further limited by the Local Rules. Local Rule 7-18 provides that a motion for reconsideration of a decision on any motion may be made only on the following grounds: "(a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision." L.R. 7-18. Finally, the Local Rule states that "[n]o motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion." *Id*.

### III. DISCUSSION

The Court will now address the merits of the Settling Plaintiffs' Motion for Reconsideration because it did not explicitly do so in originally granting the *White* Plaintiffs' Motion. In addition to challenging the merits of the *White* Plaintiffs' Counsel's Motion for Attorneys' Fees, the Settling Plaintiffs seek an immediate ruling on the issue. Settling Plaintiffs primarily argue that deferral of the *White* Plaintiffs' Motion for Attorneys' Fees "will significantly prejudice the Class through serial appeals that will delay the distribution of settlement relief." Motion for Reconsideration, 8. Pursuant to

the Settlement Agreement, the Settlement Fund cannot be distributed until finality has been established with respect to the Court's rulings regarding Monetary Relief Fees and Injunctive Relief Fees. The Settling Plaintiffs argue that the present Motion should not be permitted to further delay the distribution of benefits to the Class.

      Settling Plaintiffs are correct that deferral of the *White* Plaintiffs' Motion for Attorney Fees will potentially delay distribution of benefits to the Class. Delay, however, is one of the unfortunate drawbacks to class action litigation, of which all parties are surely aware. This case began in 2005; seven years later, the Class is still waiting. The Court has great sympathy for class members who surely wish for expedited recovery. When weighing the benefits and detriments of ruling on this Motion at the present time, however, this Court has determined that it is more prudent to wait until the *White* Plaintiffs' appeal has been finalized. This issue of attorneys' fees for counsel for the *White* Plaintiffs is extremely complex and would require both further briefing and oral argument. Particularly because attorneys' fees are at issue, this Court does not wish to unnecessarily waste counsels' time and funds when this issue may become entirely moot. If this issue is not mooted by the *White* Plaintiffs' appeal, this Court will make the motion a priority and set an expedited briefing schedule, such that the Class will not be forced to wait much longer after the finalized appeal to receive its benefits.

      For the foregoing reasons, the Motion for Reconsideration is DENIED.

      The Clerk shall serve this minute order on all parties to the action.