CHARLES JUNTIKKA &
ASSOCIATES LLP
Charles Juntikka (admitted *pro hac vice*)
1250 Broadway, 24th Floor
New York, NY 10001
Telephone:   212.315.3755
Facsimile:   212.315.9032
Email:          charles@cjalaw.com

DANIEL WOLF LAW OFFICES
Daniel Wolf (admitted *pro hac vice*)
1220 N Street, NW, Suite PH 2
Washington, DC 20005
Telephone:   202.842.2170
Email:          dan@danielwolflaw.com

Attorneys for Plaintiffs Robert Radcliffe, Chester Carter, Maria Falcon, Clifton C. Seale, III, Arnold E. Lovell, and all others similarly situated.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

(Southern Division)

| | |
|---|---|
| TERRI N. WHITE, *et al.*,<br><br>                 Plaintiffs,<br><br>          v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>                 Defendant.<br><br>And Related Actions. | **Case No. 05-CV-1070 DOC (MLGx) (Lead Case)**<br><br>**THE *WHITE* PLAINTIFFS AND THE *WHITE* PLAINTIFFS' COUNSEL'S NOTICE OF MOTION AND MOTION FOR ENTRY OF SEPARATE JUDGMENT AND FOR ATTORNEYS' FEES AND COSTS** |

PLEASE TAKE NOTICE that the *White* Plaintiffs and the *White* Plaintiffs' counsel, the Law Offices of Daniel Wolf ("Wolf") and Charles Juntikka & Associates ("Juntikka"), will and hereby do move the Court (1) to enter a separate judgment in accordance with Fed. R. Civ. P. 58; and (2) for an order awarding attorneys' fees and expenses for their work in support of the class prior to their objection to the first proposed monetary relief settlement (which Order should be deferred pending appeal).

This motion is made pursuant to Fed. R. Civ. P. 58, Fed. R. Civ. P. 54(d)(2)(B) and Local Rule 54-12 on the following grounds:

- This Court issued an order on April 6, 2018 but did not enter a judgment in a separate document. *White* Plaintiffs request entry of a judgment in a separate document in accordance with Fed. R. Civ. P. 58(a) and (d).

- Wolf and Juntikka expended thousands of hours of time and incurred tens of thousands of dollars in costs that contributed to the Injunctive Relief Settlement and the creation of the Monetary Relief Settlement's common fund.

- In its Injunctive Relief Fee Orders (Dkt. No. 793, Dkt. No. 839), this Court awarded Wolf and Juntikka $57,238 in costs incurred in connection with the prosecution and settlement of Plaintiffs' injunctive relief claims.

- Wolf and Juntikka sought attorneys' fees for obtaining the Injunctive Relief Settlement. Pursuant to this Court's Order (Dkt. No. 775), Wolf and Juntikka entered discussions with Settling Counsel regarding the distribution of fees in connection with the prosecution and settlement of Plaintiffs' injunctive relief claims and subsequently filed a Joint Statement with the Court (Dkt. No. 787) stating that they had reached an agreement on such distribution.

- Wolf and Juntikka seek $74,958 in costs incurred in connection with the prosecution and settlement of Plaintiffs' monetary relief claims.

1

- Wolf and Juntikka are entitled to a fair share of any attorneys' fees awarded in connection with the prosecution and settlement of Plaintiffs' monetary relief claims. They are seeking $3,330,392 in attorneys' fees (to be adjusted by a fair distribution of fees as determined by the parties' joint persecution agreement), representing their relative lodestar contribution to the Monetary Relief Settlement.

- Wolf and Juntikka and Settling Counsel agree that in accordance with their joint prosecution agreement, any dispute regarding distribution of fees awarded in connection with the prosecution of Plaintiffs' monetary relief claims should be resolved through binding arbitration.

- Wolf and Juntikka's objection to the Monetary Relief Settlement does not vitiate their right to reimbursement.

- In prior orders (Order, Nov. 21, 2011 (Dkt. No. 855), and Order, Feb. 12, 2012 (Dkt. No. 860)), this Court deferred ruling on Wolf and Juntikka's Rule 54(d)(2) motion for fees and costs in connection with the original monetary relief settlement. For the same reasons, Wolf and Juntikka believe that the Court should defer ruling on their present motion until after the *White* Plaintiffs' appeal of its order approving the Monetary Relief Settlement has been resolved.

2

1
2
DATED:  April 20, 2018

3
4
5

6
7

8
9
10

DANIEL WOLF LAW OFFICES
        Daniel Wolf

        CHARLES JUNTIKKA & ASSOCIATES
        LLP
        Charles Juntikka

By      /s/ Daniel Wolf
        Daniel Wolf

*Attorneys for Plaintiffs Robert Radcliffe, Chester
Carter, Maria Falcon, Clifton C. Seale, III, and
Arnold E. Lovell*

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

3

## MEMORANDUM OF POINTS AND AUTHORITIES

The *White* Plaintiffs and the *White* Plaintiffs' counsel, the Law Offices of Daniel Wolf ("Wolf") and Charles Juntikka & Associates ("Juntikka"), respectfully submit this memorandum of points and authorities in support of their motion for entry of judgment in accordance with Fed. R. Civ. P. 58(a) and for attorneys' fees and costs.

### I.   The Court Should Enter a Judgment In A Separate Document

Under Rule 58(a), "[e]very judgment and amended judgment must be set out in a separate document." Rule 58(d) provides that any "party may request that judgment be set out in a separate document as required by Rule 58(a)."

This Court's April 6, 2018 order combines its recitation of the facts, legal reasoning and disposition in one document. It states that it "constitutes a judgment for purposes of Federal Rule of Civil Procedure 58." (Dkt. No. 1135 at 47.) However, Rule 58(a) requires that "[e]very judgment and amended judgment must be set out in a separate document." The separate judgment rule is important for delineating the judgment and measuring deadlines. The *White* Plaintiffs request that the Court enter judgment in a separate document in accordance with Rule 58(a) and (d).

### II.   The Court Should Award Wolf and Juntikka Attorneys' Fees and Expenses

#### A. Standard for Awarding Fees and Expenses

Rule 54(d)(2)(B) prescribes the content of a motion for attorneys' fees and associated costs. Under that rule, the motion need only: (1) "specify the judgment and the statute, rule, or other grounds entitling the movant to the award"; (2) "state the amount sought or provide a fair estimate of it"; and (3) "disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made."

4

The Advisory Committee Notes underscore that Rule 54(d)(2)(B) "does not require that the motion be supported at the time of filing with the evidentiary material bearing on the fees." Rather, all the moving party must do in that motion is set forth information "sufficient to alert the adversary and the court that there is a claim for fees and the amount of such fees (or a fair estimate)." *Id.* As this Court stated in its April 6, 2018 order, "[i]n moving for fees to be paid from a common fund, counsel is not required to submit their detailed time records." (Dkt. No. 1135, at p. 34.)

Under Fed. R. Civ. P. 54(b)(2)(B), a motion for attorneys' fees must be filed within fourteen days of the entry of judgment "unless a statute or court order provides otherwise." This motion is being filed within fourteen after this Court's April 6, 2018 order granting the motion for final approval and attorneys' fees. Further, there is no statute or court order that provides for a different time period for this motion. Accordingly, to the extent that this Court's April 6, 2018 order were to be regarded as an entry of judgment under Fed. R. Civ. P. 58, this motion is timely under the terms of Fed. R. Civ. P. 54(b)(2)(B).

### B. Wolf and Juntikka's Fees are Reasonable and Proper

Wolf and Juntikka seek attorneys' fees and costs for their work toward obtaining monetary relief for the class, performed prior to the time they objected to the first proposed monetary relief settlement.

### 1) Injunctive Relief Fees and Costs

This Court has already ruled that Wolf and Juntikka are entitled to reimbursement for the attorneys' fees and costs they incurred in connection with Plaintiffs' injunctive relief claims. Specifically, in its order of September 10, 2011 (Dkt. No. 839), which it reaffirmed in its April 6, 2018 order, this Court awarded Wolf and Juntikka $57,238 in costs incurred in connection with the prosecution and settlement of those claims (*see also* Order of August 5, 2011, Dkt. No. 793

5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

(specifying Wolf and Juntikka's share of reimbursable injunctive relief-related costs)). Likewise, in its order of July 15, 2011 (Dkt. No. 775), which it also affirmed in its April 6, 2018 order, this Court held that any "attorneys' fees awarded for the injunctive relief settlement is to be divided fairly among all members of the Injunctive Relief Class Counsel team," including Wolf and Juntikka. (Dkt. No. 775 at 8.) In that same order, this Court "strongly encouraged" the parties "to establish a plan for the proper distribution of attorneys' fees," which would provide for such a fair division. *Id.* at 8. The parties subsequently did so and, on July 29, 2011, submitted a Joint Statement to the Court (Dkt. No. 787), stating that they had reached agreement on a distribution plan.  Accordingly, this Court has determined that Wolf and Juntikka are entitled to their fees and expenses for their work in relation to the Injunctive Relief Settlement.

### 2)  Monetary Relief Fees and Costs

With regard to the obtaining of monetary relief, this Court ruled in its April 6, 2018 order that Settling Counsel are entitled to: (1) the reimbursement of the costs they incurred in connection with the pursuit of those claims; and (2) an award of attorneys' fees in the amount of approximately 20% of the common fund established by the Monetary Relief Settlement.

The *White* Plaintiffs and their counsel believe that the Court erred in approving the Monetary Relief Settlement in this case and, hence, that no attorneys' fees or costs are due in connection with that settlement. The *White* Plaintiffs and their counsel further believe that a fee award of 20% of the common fund is excessive in that it is disproportionate to the meager awards that the Monetary Relief Settlement provides to class members.  However, to the extent the Monetary Relief Settlement and the Court's order awarding fees survive any appeal, Wolf and Juntikka are entitled to a fair and proportionate share of any fee award that might also survive that appeal.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Wolf and Juntikka are entitled to their fees and costs for their work in connection with Plaintiffs' monetary relief claims because that work contributed to the class obtaining the common fund provided for in the settlement. *In re Hyundai and Kia Fuel Economy Litig.*, 881 F.3d 679, 705 (9th Cir. 2018). As set forth above, this Court has already held that with regard to the ***pre-objection*** hours and costs they incurred in connection with the Injunctive Relief Settlement, Wolf and Juntikka stand on the same footing as Settling Counsel. That is, this Court ruled that Wolf and Juntikka are entitled both to (1) reimbursement of all of the costs that they incurred, and (2) a fair distribution of the fees that were awarded in connection with that settlement. Further, as Settling Counsel have themselves maintained (Plaintiffs' Memorandum in Support of Motion for Attorneys' Fees for Injunctive Relief Settlement, Dec. 21, 2009, at 16, n. 12 (Dkt. No. 575)), and as this Court has acknowledged (Hearing Tr., Aug. 19, 2008, at 19 (Dkt. 504)), the vast majority of the hours that were billed to (and costs that were incurred in) this matter prior to the conclusion of the Injunctive Relief Settlement benefitted Plaintiffs' injunctive ***and*** monetary relief claims alike and, hence, cannot be parsed between the two. Accordingly, the hours and costs Wolf and Juntikka incurred in connection with Plaintiffs' monetary relief claims are equally deserving of compensation as the hours and costs and hours that they incurred in connection with Plaintiffs' injunctive relief claims.

The fact that Wolf and Juntikka ended up objecting to the Monetary Relief Settlement does not vitiate their right to reimbursement for the costs they incurred and the hours that they billed until that time.  *See, e.g., Elliot v. Sperry Rand Corp.*, 680 F.2d 1225, 1227 (8th Cir. 1982) (holding that named plaintiffs who became dissenters were entitled to "an appropriate award of attorneys' fees . . . for services in proceedings leading to approval of the settlement"); *Ace Heating & Plumbing*

7

*Co. v. Crane Co.*, 453 F.2d 30, 35 (3d Cir. 1971) (same); *Holden v. Burlington Northern, Inc.*, 665 F. Supp. 1398, 1431 (D. Minn. 1987).

As to costs, the *White* Plaintiffs and their counsel seek reimbursement in the amount of $74,958 for the pre-objection expenses that they incurred in connection with the Monetary Relief Settlement. This amount consists of (1) $16,434 in expenses that Wolf incurred and $38,841 in expenses that Juntikka incurred in connection with Plaintiffs' monetary relief claims prior to the settlement of Plaintiffs' injunctive relief claims; and (2) $11,593 in expenses that Wolf incurred and $8,080 in expenses that Juntikka incurred in connection with Plaintiffs' monetary relief claims between the time of the Injunctive Relief Settlement and February 6, 2009. (Declaration of Daniel Wolf, sworn to Apr. 20, 2018 ("Wolf 4/20/18 Decl.") ¶¶ 4-9; Declaration of Daniel Wolf, sworn to Aug. 1. 2011, Dkt. No. 790 ("Wolf 8/1/11 Decl.") ¶¶ 4-9; Declaration of Charles Juntikka, sworn to Apr. 20, 2018 ("Juntikka 4/20/18 Decl.") ¶¶ 2-6; Declaration of Charles Juntikka, sworn to July 30, 2011, Dkt. No. 789 ("Juntikka 7/30/11 Decl.") ¶¶ 3-6.

As set forth above, this Court has already found that (1) the expenses that Wolf and Juntikka incurred in connection with Plaintiffs' injunctive relief claims were reasonable and reimbursable, and (2) those expenses cannot reasonably be segregated from the expenses Wolf and Juntikka incurred in connection with Plaintiffs' monetary relief claims. Accordingly, the issue of the reasonableness of those expenses has already been determined and, hence, Wolf and Juntikka are entitled to reimbursement for the combined $53,275 in monetary relief claim-related cost that they incurred during that period.

Likewise, Wolf and Juntikka are entitled to the combined $16,573 in pre-objection, monetary relief-related costs that they incurred subsequent to the settlement of Plaintiffs' injunctive relief claims through February 6, 2009, when they began objecting to the first proposed monetary relief settlement. These costs

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

consist solely of travel-related expenses in the combined amount of $13,263 and, in the case of Wolf, computerized research expenses in the amount of $3,310. (Wolf 4/20/18 Decl. ¶¶ 6-7; Juntikka 4/20/18 Decl. ¶ 5.) These costs are itemized in the same amount of detail and are in the same range on a per trip basis as the pre-injunctive relief settlement costs that this Court has already approved. Accordingly, this Court should award Wolf and Juntikka all of the costs for which they seek reimbursement in connection with their pre-objection prosecution of Plaintiffs' monetary relief claims or a total of $74,958.

As to attorneys' fees, as set forth above, in its order of July 15, 2011, this Court held that Wolf and Juntikka were entitled to a fair division of the injunctive relief fee award and "strongly encouraged" the parties to establish a plan for such a fair division. (Dkt. No. 775 at 8). For the same reasons and all of those set forth herein, this Court should likewise hold that Wolf and Juntikka are entitled to a fair division of the monetary relief fee award and order that the parties engage in a dialogue aimed at agreeing on such a fair division. *Id.* at 8.[1]

In this connection, the *White* Plaintiffs and their counsel are not asking this Court to increase the proportion of the common fund allocable to attorneys' fees. Indeed, as set forth above, if anything, the *White* plaintiffs and their counsel believe that that proportion should be reduced below 20 percent. However, this Court should issue an order making clear that Wolf and Juntikka are as much entitled to a fair division of the monetary relief fees as they are a fair division of the injunctive relief fees. Or, to put it another way, this Court should make clear that its fee award representing 20% of the common fund is an amount available to all counsel who contributed to the monetary relief settlement, including Wolf and Juntikka.

---

[1] In their Opposition to the *White* Plaintiffs' Statement Regarding their Entitlement to Attorneys' Fees (Dkt. No. 1119), Settling Counsel stated that they were willing to engage in such a dialogue on fee allocation. *Id.* at 2.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

 The reasonable hours expended by Wolf and Juntikka in prosecuting Plaintiffs' monetary relief claims are no less entitled to reimbursement than are the reasonable hours expended by Settling Counsel (including counsel such as Mitchell Toups who withdrew from this litigation by 2011). Wolf's lodestar in regard to those claims (at current market rates) comes to a total of $1,693,800; Wolf 4/20/18 Decl. ¶¶ 11-14; Declaration of Daniel Wolf, sworn to Jan. 4, 2010, Dkt 596-2 ("Wolf 1/4/10 Decl."), ¶ 19; Declaration of Daniel Wolf, sworn to Dec. 21, 2009, Dkt. 572-2) ("Wolf 12/21/09 Decl.") ¶ 31), and Juntikka's lodestar (at current market rates) comes to $1,336,592. Juntikka 4/30/18 Decl. ¶¶ 8-12; Declaration of Charles Juntikka, sworn to Jan. 4, 2010, Dkt. No. 596-3 ("Juntikka 1/4/10 Decl.") ¶ 13; Declaration of Charles Juntikka, sworn to Dec. 21, 2009, Dkt. No. 572-3 ("Juntikka 1/21/09 Decl.") ¶¶ 42-51. Accordingly, the combined lodestar of Wolf and Juntikka comes to a total of $3,030,392.

 Obviously, however, if all counsel who contributed to the monetary relief settlement were to receive their requested fee award, the total award would exceed 20% of the common fund.  Wolf and Juntikka are not requesting that the total amount of the fees awarded be greater than the 20% awarded by the Court.  Instead, Wolf and Juntikka are requesting that they be awarded a fair distribution of fees to come from the 20% already awarded.

 Wolf and Juntikka are not asking the Court to determine that fair distribution of fees here.  Instead, as Settling Counsel have agreed, the allocation of fees among counsel contributing to the monetary relief settlement – that is, the issue of how the fee award pie should be allocated amongst them – is a matter that is governed by their joint prosecution agreement and that is subject to binding arbitration under that agreement. *See* Settling Plaintiffs' Opposition to the *White* Plaintiffs' Statement Regarding their Entitlement to Attorneys' Fees, (Dkt. No. 1119) at 2.) Accordingly, rather than determining the precise allocation of fees amongst

10

counsel, this Court should simply hold (1) that, as counsel who contributed to the class settlement, Wolf and Juntikka are entitled to monetary relief fees, and (2) that they are entitled to the same determination as to their lodestar contribution as this Court has made for other counsel who are eligible to share in the fee award. As set forth above, the amount of Wolf and Juntikka's lodestar contribution in connection with Plaintiffs' monetary relief claims is $3,030,392.

### C. A Ruling on This Motion for Fees and Costs Should be Deferred.

In both its initial order addressing Wolf and Juntikka's Rule 54(d)(2)(B) motion seeking fees in connection with the first proposed monetary relief settlement (Minute Order, Nov. 21, 2011, Dkt. No. 855) and in its subsequent order denying reconsideration (Minute Order, Feb. 12, 2012, Dkt. No. 860 ("2/2/12 Order"), this Court ordered that a ruling on Wolf and Juntikka's motion be deferred pending the outcome of the *White* Plaintiffs' appeal of that settlement. The Court held that such deferral was warranted on the grounds that the motion for attorneys' fees would become moot and the time and resources spent adjudicating the fee issues would have been wasted were the *White* Plaintiffs to prevail on their appeal. 2/12/12 Order at 3. And, in fact, the *White* Plaintiffs did prevail on their appeal, thereby validating this Court's concerns.

The *White* Plaintiffs' present Rule 54(d)(2)(B) motion presents precisely the same concerns as their prior motion. Accordingly, for precisely the same reasons that it deferred ruling on that prior motion, the Court should defer ruling on the present one pending the resolution of the *White* Plaintiffs' appeal of the proposed Monetary Relief Settlement.[2]

---

[2]  To the extent this Court decides not to defer a ruling on this motion, it should issue an order setting an appropriate schedule for the presentation of adversarial submissions and evidence. Fed. R. Civ. P. 54(b)(2)(B) and Notes of the Advisory

1

2

3

## <u>Conclusion</u>

For the aforementioned reasons, this Court should (1) issue an entry of judgment on a separate document as required by Fed. R. Civ. P. 58(a); (2) issue an award to *White* Counsel reimbursing them for their expenses in connection with Monetary Relief Settlement in the amount of $74,958; (3) rule that *White* Counsel are entitled to a fair division of the monetary relief fee award; (4) direct the parties engage in a dialogue aimed at agreeing on such a fair division; and (5) grant *White* Plaintiffs' an award of $3,030,392 in attorneys' fees to reimburse them for the time they expended in connection with the Monetary Relief Settlement (to be adjusted by a fair distribution of fees as determined by the parties' joint prosecution agreement).  As set forth above, however, *White* Counsel respectfully request that this Court defer ruling on the amount of their attorneys' fees until resolution of the appeal of its order approving the Monetary Relief Settlement.

DATED:  April 20, 2018                    DANIEL WOLF LAW OFFICES
                                          Daniel Wolf

                                          CHARLES JUNTIKKA & ASSOCIATES
                                          LLP
                                          Charles Juntikka


                                          By    /s/ Daniel Wolf
                                                Daniel Wolf


                                          *Attorneys for Plaintiffs Robert Radcliffe, Chester Carter, Maria Falcon, Clifton C. Seale, III, Arnold E. Lovell, and all others similarly situated*

Committee (noting that materials pertaining to fee motion must be "submitted in due course, according to such schedule as the court may direct in light of the circumstances of the case").