BOIES SCHILLER FLEXNER LLP
George F. Carpinello
Adam R. Shaw
30 South Pearl Street, 11th Floor
Albany, NY 12207
Telephone:  518.434.0600
Facsimile:   518.434.0665
Email: gcarpinello@bsfllp.com
          ashaw@bsfllp.com
(admitted *pro hac vice*)

CHARLES JUNTIKKA & ASSOCIATES LLP
Charles Juntikka (admitted *pro hac vice*)
1250 Broadway, 24th Floor
New York, NY 10001
Telephone:  212.315.3755
Facsimile:   212.315.9032
Email: charles@cjalaw.com

DANIEL WOLF LAW OFFICES
Daniel Wolf (admitted *pro hac vice*)
1220 N Street, NW, Suite PH 2
Washington, DC 20005
Telephone:  202.842.2170
Email: dan@danielwolflaw.com

*Attorneys for Plaintiffs Robert Radcliffe, Chester Carter, Maria Falcon, Clifton C. Seale, III, and Arnold E. Lovell.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
(Southern Division)

| | |
|---|---|
| TERRI N. WHITE, *et al.*,<br><br>            Plaintiffs,<br><br>      v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>            Defendant.<br><br>And Related Actions. | Case No. 05-CV-1070-DOC-MLG<br><br>**NOTICE OF MOTION AND MOTION FOR RECONSIDERATION TO GRANT SERVICE AWARDS TO *WHITE* PLAINTIFFS** |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on June 4, 2018, at 8:30 am, or as soon thereafter as it may be heard, that Plaintiffs Robert Radcliffe, Chester Carter, Maria Falcon, Clifton C. Seale III, and Arnold E. Lovell (the "*White* Plaintiffs") will and hereby do move for reconsideration of the Court's Order Granting Motion Final Approval (Dkt. # 1135) in order to grant service awards to the *White* Plaintiffs.

This Motion is brought under Rules 59 and 60 of the Federal Rules of Civil Procedure and Local Rule 7-18. It is based on this Notice of Motion and Motion, the following Memorandum of Points and Authorities, and the documents and records on file in this action.

DATED: May 7, 2018

**BOIES SCHILLER FLEXNER LLP**

By: */s/ George F. Carpinello*
George F. Carpinello
Adam R. Shaw
30 South Pearl Street, 11th Floor
Albany, New York 12207
(518) 434-0600

**CHARLES JUNTIKKA & ASSOCIATES LLP**
Charles Juntikka
30 Vesey Street, Suite 100
New York, NY 10007
(212) 315-3755

**DANIEL WOLF LAW OFFICES**
Daniel Wolf
1220 N Street, NW, Suite PH 2
Washington, DC 20005
(202) 842-2170

*Attorneys for Plaintiffs Robert Radcliffe, Chester Carter, Maria Falcon, Clifton C. Seale, III, and Arnold E. Lovell.*

1

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs Robert Radcliffe, Chester Carter, Maria Falcon, Clifton C. Seale III and Arnold E. Lovell (the "*White* Plaintiffs") respectfully submit this memorandum of points and authorities in support of their motion for reconsideration and to grant service awards to the *White* Plaintiffs.

## INTRODUCTION

The *White* Plaintiffs were named Plaintiffs and actively participated in the prosecution of this action through the Injunctive Relief Settlement and up to the filing of the first proposed Monetary Relief Settlement. They were deposed and participated in discovery and represented the class's interest in obtaining the relief provided in the Injunctive Relief Settlement and the Monetary Relief Settlement. The Court has already granted them a service award for their work in obtaining the Injunctive Relief Settlement. They should also receive a service award for their work in obtaining the Monetary Relief Settlement and they should receive the same service award as the settling representatives ($2,500). The Settling Plaintiffs stated that they do not oppose reasonable service awards to the *White* Plaintiffs. (Dkt. #1128) It appears that the Court did not consider the *White* Plaintiffs' request for service awards for the Monetary Relief Settlement and, therefore, respectfully, the Court should reconsider its order on final approval and grant the awards.

## ARGUMENT

### I. Standard For Reconsideration

Rules 59 and 60 of the Federal Rules of Civil Procedure and Local Rule 7-18 provide the standards for motions for reconsideration. *See Zayerz v. Kiewit Infrastructure West,* 2018 WL 582318 (C.D. Cal. Jan. 18, 2018); *Greg Yang Pusblishing, Inc. v. Zazzle, Inc.,* 2018 WL 836276 (C.D. Cal. Feb. 8, 2018). Under Rule 59(e) a motion for reconsideration can be granted where there is new evidence, clear error or an intervening change in the law. Rule 60 allows for reconsideration to correct clerical oversights and also to address mistakes or any

2

other reason that justifies relief from a judgment or order. Similarly, under Local Rule 7-18 a motion for reconsideration can be granted where there is new evidence, a change in law or a manifest showing that facts presented to the Court were not considered in the ruling. Here, the *White* Plaintiffs respectfully submit that it appears that the Court did not consider the *White* Plaintiffs' request for service awards for the Monetary Relief Settlement when the Court issued its final approval of that Settlement.

The motion can be properly considered now because no separate judgment has issued on the final approval as provided under Rule 58(a). The *White* Plaintiffs have requested entry of a separate judgment. (Dkt. # 1140) In addition, Rule 60 allows for reconsideration motions to be made within a reasonable time and Local Rule 7-18 provides no specific time limit. Ultimately, the Court has discretion whether to grant the motion. *In re Countrywide Fin. Corp. Mortg. – Backed Sec. Litig.,* 966 F. Supp.2d 1031, 1036 (C.D. Cal. 2013).

## II. The Court Should Reconsider Its Order and Grant Service Awards to the *White* Plaintiffs.

When it preliminarily approved the Monetary Relief Settlement the Court ordered that requests for service awards be made by October 30, 2017, which was 14 days prior to the objection deadline. (Dkt. #1067)

The *White* Plaintiffs complied with that order and on October 30, 2017, they submitted their request for service awards. (Dkt. #1095)[1] In that request the *White* Plaintiffs demonstrated that they actively participated in the litigation including by providing testimony at depositions, answering interrogatories, and evaluating the legal positions and the proposed settlements' benefits to the class. Those efforts took place both before the Injunctive Relief Settlement and after, and led to the ultimate injunctive and monetary relief obtained by the class. Those efforts are

---

[1] Previously this Court accepted the *White* Plaintiffs' statements as an acceptable submission. (Dkt. # 775)

3

described in Dkt. # 301-2, pages 165-192 (Declaration of Robert Radcliffe, Chester Carter, Maria Falcon, Clifton C. Seale, III, and Arnold E. Lovell), and Dkt. # 1095 (Declaration of Charles Juntikka).

Previously the Court found those efforts deserving, and granted the *White* Plaintiffs service awards for obtaining the Injunctive Relief Settlement. In its order of July 15, 2011 (Dkt. # 775) the Court found that the *White* Plaintiffs "provided valuable services to the absent class in this case by consulting with counsel, reviewing documents, and providing sworn testimony at depositions." The Court just reaffirmed that Order and the grant of service awards to the *White* Plaintiffs for their work on the Injunctive Relief Settlement when it granted final approval of the Monetary Relief Settlement. (*See* Dkt. # 1135 at p. 41-42)

Much of the same work, but even more, was done by the *White* Plaintiffs to help obtain the Monetary Relief Settlement. Indeed, when the *White* Plaintiffs submitted their statement requesting service awards for the Monetary Relief Settlement the Settling Parties agreed with the request. The Settling Plaintiffs stated that they "wish[ed] to make their position clear that they do not oppose reasonable service awards for [the *White* Plaintiffs]." (Dkt. # 1128)

Nonetheless, in the Order Granting Motion for Final Approval and Motion for Attorneys' Fees and Service Awards (Dkt. # 1135) the Court awarded service awards to named plaintiffs for the Monetary Relief Settlement but did not mention nor provide for any service awards to the *White* Plaintiffs. Respectfully, the *White* Plaintiffs submit that the Court simply overlooked and did not consider the facts and the request that the *White* Plaintiffs made for service awards (and that the Settling Plaintiffs consented).

In the Order for final approval the Court reasoned that service awards are appropriate to compensate representatives for work done on behalf of the class and to make up for financial or reputational risk undertaken in bringing the action. The

4

Court approved service awards of $2,500 each to the named class representatives, including one who joined the case only for the last settlement discussions and never sat for a deposition nor participated in discovery. The Court ruled that the awards were reasonable in light of the representatives' actions taken to protect the interests of the class, the degree to which the class benefitted from the representatives' actions and the amount of time and effort the representatives have expanded in pursuing the litigation. And, as noted, the Court reaffirmed the grant of service awards to the *White* Plaintiffs for their work on the Injunctive Relief Settlement.

Were the Court to have considered the *White* Plaintiffs' request for service awards for their work obtaining the Monetary Relief Settlement, we believe the Court would have conducted the same analysis and would have come to the same conclusion and would have provided the same service awards to the *White* Plaintiffs as it did for the named representatives.

## **CONCLUSION**

For the foregoing reasons, the *White* Plaintiffs respectfully request that the Court reconsider its Order Granting the Motion for Final Approval and Motion for Attorneys' Fees and Service Awards (Dkt. # 1135) and grant service awards in the amount of $2,500 to Robert Radcliffe, Chester Carter, Maria Falcon, Clifton C. Seale III and Arnold E. Lovell for their work obtaining the Monetary Relief Settlement.

DATED: May 7, 2018

**BOIES SCHILLER FLEXNER LLP**

By: */s/ George F. Carpinello*
George F. Carpinello
Adam R. Shaw
30 South Pearl Street, 11th Floor
Albany, New York  12207
(518) 434-0600

**CHARLES JUNTIKKA & ASSOCIATES LLP**
Charles Juntikka
30 Vesey Street, Suite 100
New York, NY  10007
(212) 315-3755

**DANIEL WOLF LAW OFFICES**
Daniel Wolf
1220 N Street, NW, Suite PH 2
Washington, DC 20005
(202) 842-2170

*Attorneys for Plaintiffs Robert Radcliffe, Chester Carter, Maria Falcon, Clifton C. Seale, III, Arnold E. Lovell.*