BOIES SCHILLER FLEXNER LLP
George F. Carpinello
Adam R. Shaw
30 South Pearl Street, 11th Floor
Albany, NY 12207
Telephone:   518.434.0600
Facsimile:   518.434.0665
Email: gcarpinello@bsfllp.com
          ashaw@bsfllp.com
(admitted *pro hac vice*)

CHARLES JUNTIKKA &
ASSOCIATES LLP
Charles Juntikka (admitted *pro hac vice*)
1250 Broadway, 24th Floor
New York, NY 10001
Telephone:   212.315.3755
Facsimile:   212.315.9032
Email: charles@cjalaw.com

DANIEL WOLF LAW OFFICES
Daniel Wolf (admitted *pro hac vice*)
1220 N Street, NW, Suite PH 2
Washington, DC 20005
Telephone:   202.842.2170
Email: dan@danielwolflaw.com

*Attorneys for Plaintiffs Robert Radcliffe, Chester Carter, Maria Falcon, Clifton C. Seale, III, and Arnold E. Lovell.*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### (Southern Division)

| | |
|---|---|
| TERRI N. WHITE, *et al.*,<br><br>                Plaintiffs,<br><br>      v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>                Defendant.<br><br>And Related Actions. | Case No. 05-CV-1070-DOC-MLG<br><br><br>***WHITE* PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR RECONSIDERATION AND THE GRANTING OF SERVICE AWARDS** |

## MEMORANDUM OF POINTS AND AUTHORITIES

The "*White* Plaintiffs" submit this reply memorandum in further support of their motion for reconsideration and the granting of service awards.

## ARGUMENT

Settling Plaintiffs do not oppose the granting of service awards to the *White* Plaintiffs. They argue (Response at 2), however, that this reconsideration motion is untimely because: (1) under Fed. R. Civ. P. 59, "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment"; and (2) this motion was brought 30 days after this Court's order of April 6, 2018 approving the Settlement.

Settling Plaintiffs are wrong.  Subsequent to the filing of Settling Plaintiffs' Response, the Ninth Circuit issued an order, holding that the *White* Plaintiffs' precautionary notice of appeal was premature because that notice "was filed during the pendency of a ***timely filed*** motion listed in Federal Rule of Appellate Procedure 4(a)(4)." Order, Case No. 18-55606 (May 16, 2018) (emphasis added). The pending motion that the Ninth Circuit was referring to is this one.[1] And the reason the Ninth Circuit held that it was timely is obvious: Judgment has not been entered in this case in accordance with the requirements of Fed. R. Civ. P. 58(a) – a problem that was created by Settling Counsel, who presented this Court with a single 47-page proposed order to sign, which violated the requirement of that rule that judgment "be set out on a separate document". As a result, the clock has not yet begun to run on *White* Plaintiffs' motion to reconsider and, hence, as the Ninth Circuit has conclusively determined, this motion was "timely filed." *See Warren v. Am.*

---

[1] The Ninth Circuit's order must refer to this motion because the only other motions that are presently pending in this Court are (1) *White* Plaintiffs' motion for entry of separate judgment under Fed. R. Civ. P. 58(d), which is not among the categories listed in Fed. R. App. P. 4(a)(a); and (2) *White* Plaintiffs' motion for attorneys' fees and costs under Fed. R. Civ. P. 54(d), which, under Fed. R. App. P. 4(a)(a), extends the time to appeal only where the district court so orders under Fed. R. Civ. P. 58.

1

*Bankers Ins.*, 507 F.3d 1239, 1241, 1244-45 (10th Cir. 2007) (holding that motion to alter or amend judgment filed subsequent to the filing of a "precautionary" notice of appeal and 35 days after order of dismissal was timely because the district court had not set out judgment in a separate document in accordance with Fed. R. Civ. P. 58(a)).[2]

## CONCLUSION

For the aforementioned reasons and those set forth in their opening memorandum, and inasmuch as Settling Plaintiffs do not oppose the granting of incentive awards to the *White* Plaintiffs, this Court should grant this motion and award each of the five *White* Plaintiffs an incentive award in the amount of $2,500 for the pre-objection services they rendered in connection with Plaintiffs' monetary relief claims.[3]

DATED:  May 22, 2018          **BOIES SCHILLER FLEXNER LLP**

By:  */s/ George F. Carpinello*
George F. Carpinello
Adam R. Shaw
30 South Pearl Street, 11th Floor
Albany, New York   12207
(518) 434-0600

---

[2]  Settling Plaintiffs purport (Response at 3, n.1) to be "confused by *White* Plaintiffs' continued insistence" that judgment be entered on a separate document in accordance with Rule 58(a), given that they have already filed a precautionary notice of appeal. The reason for such insistence is to obtain clarity on the time limits for any post-judgment motions the *White* Plaintiffs have filed or may file.

[3] Though they have repeatedly stated that they do not oppose incentive awards for the *White* Plaintiffs, Settling Plaintiffs assert (Response at 1) that, at the final approval hearing, *White* Plaintiffs' Counsel (Charles Juntikka) failed to respond when this Court "asked all counsel . . . to identify each Class member who was applying for a service award." That is false. In fact, this Court asked only Settling Plaintiffs' Counsel (Michael Caddell) to name the five people he said were entitled to such awards. (Hearing Tr., Dec. 11, 2017, at 80-81.)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CHARLES JUNTIKKA & ASSOCIATES LLP**
Charles Juntikka
30 Vesey Street, Suite 100
New York, NY 10007
(212) 315-3755

**DANIEL WOLF LAW OFFICES**
Daniel Wolf
1220 N Street, NW, Suite PH 2
Washington, DC 20005
(202) 842-2170

*Attorneys for Plaintiffs Robert Radcliffe, Chester Carter, Maria Falcon, Clifton C. Seale, III, Arnold E. Lovell.*

3