# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| TERRI N. WHITE, *et al.*, <br><br> *Plaintiffs*, <br><br> *v.* <br><br> EXPERIAN INFORMATION SOLUTIONS, INC., <br><br> *Defendant*. | Case No. 8:05-cv-1070 DOC (MLGx) (Lead Case) <br><br> **AMENDED JUDGMENT** |
| AND RELATED CASES: <br><br> 05-cv-0173-DOC (MLGx) <br> 05-cv-7821-DOC (MLGx) <br> 05-cv-0392-DOC (MLGx) <br> 05-cv-1172-DOC (MLGx) <br> 05-cv-5060-DOC (MLGx) | |

On April 6, 2018, the Court entered an Order and Final Judgment granting final approval of the class action settlement ("Settlement") reached in the above-captioned case and awarding attorneys' fees, expenses, and certain service awards (the "Final Approval Order"). (Dkt. 1135.)[1] On May 24, 2018, the Court entered an Order granting additional service awards to Plaintiffs Robert Radcliffe, Chester Carter, Maria Falcon, Clifton C. Seale, III, and Arnold E. Lovell, (Dkt. 1153). On June 8, 2018, the Parties and Counsel for *White* Plaintiffs entered into a Stipulation, (Dkt. 1158), attached as Exhibit A hereto, amending the Settlement Agreement so that any further proceedings, including appeals, concerning the allocation of the Monetary Relief Fees as set forth in the Final Approval Order will not delay the

---

[1] Capitalized terms herein have the meanings defined in the Amended Settlement Agreement and Release, Dkt. 1066-1.

occurrence of the Effective Date. In accordance with these Orders and the Stipulation, the Court hereby enters this Amended Judgment.

1. The Court hereby dismisses with prejudice all Released Claims belonging to the Class Representatives and 23(b)(3) Settlement Class members who did not timely and validly request exclusion from the Settlement Class.

2. Upon the Effective Date, Plaintiffs and Class members who did not timely and validly request exclusion from the Settlement Class, their respective spouses, heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors, and assigns and all those acting or purporting to act on their behalf acknowledge full satisfaction of, and shall be conclusively deemed to have fully, finally and forever settled, released, and discharged (i) Equifax and its present, former and future officers, directors, partners, employees, agents, attorneys, servants, heirs, administrators, executors, members, member entities, shareholders, predecessors, successors, affiliates (including, without limitation, CSC Credit Services, Inc.), subsidiaries, parents, representatives, trustees, principals, insurers, investors, vendors and assigns, individually, jointly and severally; (ii) Experian and its present, former and future officers, directors, partners, employees, agents, attorneys, servants, heirs, administrators, executors, members, member entities, shareholders, predecessors, successors, affiliates, subsidiaries, parents, representatives, trustees, principals, insurers, investors, vendors and assigns, individually, jointly and severally; and (iii) TransUnion and its present, former and future officers, directors, partners, employees, agents, attorneys, servants, heirs, administrators, executors, members, member entities, shareholders, predecessors, successors, affiliates, subsidiaries, parents, representatives, trustees, principals, insurers, investors, vendors and assigns, individually, jointly and severally of and from any and all duties, obligations, demands, claims, actions, causes of action, suits, damages, rights or liabilities of any

nature and description whatsoever, whether arising under local, state or federal law, whether by Constitution, statute (including, but not limited to, the FCRA and FCRA State Equivalents), tort, contract, common law or equity or otherwise, whether known or unknown, concealed or hidden, suspected or unsuspected, anticipated or unanticipated, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, fixed or contingent, that have been or could have been asserted in the Litigation based upon the Defendants' furnishing of consumer reports during the Class period based upon the fact or allegation that they contained false or misleading reporting of debts, accounts, judgments, or public records, or other obligations, that had been discharged in a Chapter 7 bankruptcy or their alleged failure to have properly reinvestigated such inaccuracies, by Plaintiffs or the 23(b)(3) Settlement Class Members or any of their respective heirs, spouses, executors, administrators, partners, attorneys, predecessors, successors, assigns, agents and/or representatives, and/or anyone acting or purporting to act on their behalf, except for any such claims that were the subject of pending litigation on November 7, 2016, against an unaffiliated vendor of any of the Defendants. Released Claims include, but are not limited to, all claimed or unclaimed compensatory damages, damages for emotional distress, actual damages, statutory damages, consequential damages, incidental damages, treble damages, punitive and exemplary damages, as well as all claims for equitable, declaratory or injunctive relief under any federal or state statute or common law or other theory that was alleged or could have been alleged based on the facts forming the basis for the Litigation, including but not limited to any and all claims under deceptive or unfair practices statutes, or any other statute, regulation or judicial interpretation. Released Claims further include interest, costs and fees arising out of any of the claims asserted or that could have been asserted in the Litigation. Notwithstanding the foregoing, the Parties shall retain their respective rights and obligations under the Settlement Agreement.

3. Class members were afforded a reasonable opportunity to request exclusion from the Settlement Class. Only 183 timely and valid requests for exclusion were received by the Settlement Administrator, and they are added to the 1,663 opt-out requests submitted in conjunction with the 2009 Proposed Settlement. The persons who timely requested exclusion from the Settlement Class are listed in Exhibit B hereto. The Court hereby excludes the persons listed in Exhibit B, as well as the 1,663 prior opt-outs, from the Settlement Class, and they are not bound by the final judgment in this consolidated case.

4. If the Effective Date does not occur, this Judgment shall be void as provided in the Settlement Agreement.

5. The Rule 23(b)(3) Settlement Class members were given an opportunity to object to the Settlement. Only three objections were received by the Court, from Christine Swartz, Marcia and Jimmy Green, and Robert Radcliffe, Chester Carter, Maria Falcon, Clifton Seale III, and Arnold E. Lovell. The Court finds that Christine Swartz and Marcia and Jimmy Green have not complied with the requirements in the Court-approved Notice for filing objections, and their objections are therefore stricken. Furthermore, the Court overrules all of the objections. All Settlement Class members who failed to file a timely and valid objection to the Settlement are deemed to have waived any objections and are bound by the terms of the Settlement Agreement.

6. This is a final judgment for purposes of Federal Rule of Civil Procedure 58. Without affecting the finality of this Final Judgment in any way, the Court reserves continuing and exclusive jurisdiction over the parties, including all members of the Settlement Class, and the execution, consummation, administration, and enforcement of the terms of the Settlement Agreement.

7. Within five (5) business days of the Effective Date, each of the three Defendants, Equifax Information Services, LLC, Experian Information Solutions,

Inc., and Trans Union LLC, shall cause to be deposited into the Registry Account an amount equal to three hundred thirty-three thousand and three hundred thirty-three dollars and thirty-three cents ($333,333.33).

8. Within ten (10) days of the Effective Date, the Parties shall jointly petition the Court to release funds from the Settlement Fund in the Registry of the Court to the Settlement Administrator in trust for distribution to the Claimants.

9. Within ten (10) days of the Effective Date, the Parties shall jointly petition the Court to release funds from the Settlement Fund in the Registry of the Court to the Settlement Administrator for payment of the service awards granted in the Final Approval Order and in the Order granting service awards entered May 24, 2018. (Dkt. 1153.)

10. Within ten (10) days of the Effective Date, the Parties shall jointly petition the Court to release funds from the Settlement Fund in the Registry of the Court to the Settlement Administrator for payment of the Attorneys' Fees and Expenses granted in the Final Approval Order. The Settlement Administrator shall then deposit the awarded attorneys' fees and expenses into the trust account of Caddell & Chapman, to be held in escrow and distributed to Rule 23(b)(3) Settlement Class Counsel and *White* Counsel, in accordance with this Court's Orders, applicable agreements among counsel, and/or the resolution of any arbitration proceedings as provided in the Stipulation.

11. Within fifteen (15) business days of the Effective Date, each of the three Defendants, Equifax Information Services, LLC, Experian Information Solutions, Inc., and Trans Union LLC, shall deposit $2 million for payment of Injunctive Relief Fees and expenses into the trust account of Caddell & Chapman, as Trustee for Rule 23(b)(2) Settlement Class Counsel, to be distributed in accordance with this Court's Orders and any applicable agreements among counsel.

12. The parties to the Settlement Agreement are directed to consummate the Settlement according to its terms. Without further Court Order, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

IT IS SO ORDERED.

DATED: June 18, 2018    BY: *David O. Carter*
HON. DAVID O. CARTER
U.S. DISTRICT JUDGE