IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

TERRI N. WHITE, et al.,

    Plaintiffs,

v.

EXPERIAN INFORMATION SOLUTIONS, INC.,

    Defendant.

and related cases:

05-cv-0173-DOC (MLGx)
05-cv-7821-DOC (MLGx)
05-cv-0392-DOC (MLGx)
05-cv-1172-DOC (MLGx)
05-cv-5060-DOC (MLGx)

Case No. 8:05-cv-01070-DOC

**ORDER GRANTING ATTORNEYS' FEES**

    On June 18, 2018, this Court entered an Amended Judgment granting final approval of the class action settlement reached in the above-captioned case (the "Settlement") and awarding attorneys' fees, expenses, and service awards. (Dkt. 1161.) On December 12, 2019, the Ninth Circuit Court of Appeals affirmed approval of the Settlement but remanded this action to this Court solely for recalculation of the attorneys' "fee award in line with [its] opinion in *Radcliffe II*." *Radcliffe v. Hernandez*, 794 Fed. App'x 605 (9th Cir. 2019) ("*Radcliffe III*"). The Ninth Circuit's opinion left the specific calculation of the revised attorneys' fee award up to this Court's discretion but directed that Class Counsel should pay the cost of re-noticing the Class in connection with the Settlement.

    The Court previously considered Class Counsel's fee application and supporting documentation and made factual findings in its order of April 6, 2018

Case No. 8:16-cv-00485

(Dkt. 1135), here incorporated by reference (except to the extent inconsistent with *Radcliffe III* and this Order), ultimately concluding that a fee award of 20% of the value of the common fund, a reduction of $2,331,029.82 below the fees originally requested, further reduced by $567,284.91 (representing Class Counsel's commitment to pay for the costs of the 2009 Supplemental Notice), was appropriate. (Dkt. 1135 at 38–42.) The Court's previous award took into account the costs of re-notice as part of the "full history and context of this Settlement," in determining to reduce the fee award by 5% below the 25% benchmark and in valuing the Settlement based on the relief actually delivered to Class members. (Dkt. 1135 at 39.)

In accordance with the Ninth Circuit's direction that the fee award should account for the full cost of re-notice, the Court has determined that the attorneys' fee award should be and hereby is further reduced from Class Counsel's originally requested award of $11,161,163.06, (see Dkt. 1096 at 2), by $5,024,427.40 to account for the cost of re-notice. The Court therefore awards $5,569,450.75 in reduced attorneys' fees. If this Settlement were viewed in isolation, outside the context of the re-notice issue, the originally requested award would have been consistent with the Ninth Circuit's benchmark, as exemplified by this Court's earlier order granting a fee award amounting to 25% of the common fund under the original settlement in this proceeding, (Dkt. 774 at 3–4), and justified in view of Class Counsel's skill and experience and the results achieved for the Class, as it represents approximately 25.25% of the common fund, which the Court valued at $44.2 million. (Dkt. 1135 at 40.) For all the reasons stated previously, this final award of $5,569,450.75 is warranted in light of the results achieved for the Class. (See Dkt. 1135, *passim*.)

Class Counsel have supplemented their fee application with additional supporting documentation showing that from October 2017 to July 5, 2020, they performed additional work to successfully defend approval of the Settlement at the

Ninth Circuit and U.S. Supreme Court. They also incurred $59,401.18 in reasonable and necessary expenses in addition to the $838,836.94 in expenses which the Court previously approved. (*See* Dkt. 1135 at 42.) At the reasonable hourly rates this Court previously approved, the additional work performed equates to a lodestar of $1,247,029.50. Adding this figure to the $11,830,950.71 lodestar previously approved yields a total lodestar of $13,077,980.21 for work performed to achieve this Settlement—which total does not include the reasonable pre-objection lodestar incurred by White Plaintiffs' Counsel in connection with Plaintiffs' monetary relief claims. (*See* Dkt. 1135 at 40.) A lodestar cross-check therefore confirms that the awarded fee is reasonable.

It is therefore ORDERED that:

1. The Court approves a base fee award to Class Counsel in the amount of their originally requested award of $11,161,163.06. (*See* Dkt. 1096 at 2.)

2. The Court further approves a reduction in the base fee of $5,024,427.40 to take account for the costs of re-notice, (*see* Dkt. 1096 at 2), as well as a further reduction of $567,284.91 (representing Class Counsel's commitment to pay for the costs of the 2009 Supplemental Notice), for a total award of $5,569,450.75.

3. The Court further approves reasonable and necessary expenses to Class Counsel in the amount of $898,238.12.

4. The Court further reaffirms that White Plaintiffs' Counsel are entitled to reimbursement for the reasonable pre-objection fees and costs they incurred in connection with Plaintiffs' monetary relief claims, (Dkt. 1158), and that the amount of such fees and costs and their allocation as between White Plaintiffs' Counsel and Settling Counsel shall be submitted to arbitration in accordance with any applicable terms of the parties' Joint Prosecution Agreement and any applicable terms of any applicable Co-Counsel Agreements. (Dkt. 1158.)

5. Class Counsel and White Plaintiffs' Counsel shall be separately compensated for time spent obtaining Injunctive Relief according to the Court's Injunctive Relief Fee Order, which the Court hereby reaffirms. (Dkts. 775, 839.) The Court incorporates by reference its previous Orders and finds, for the reasons set forth in the Orders and in the briefing and declarations submitted in support of Class Counsel's Motion for Injunctive Relief Fees, (see Dkts. 573, 575, 575-3, 575-4, 575-5, 575-6, 575-7, 575-9), that the awards of fees and expenses granted therein are reasonable.

6. To the extent that any fees may be awarded to White Plaintiffs' Counsel in connection with the White Plaintiffs' Objections, those funds will come solely from the Monetary Relief Fees awarded herein. Pursuant to the Parties' Stipulation amending the Settlement agreement, (Dkt. 1158), any proceedings regarding such fees shall be considered proceedings concerning the allocation of the Monetary Relief Fees and will not delay the occurrence of the Effective Date.

7. Accordingly, pursuant to the Monetary Relief Settlement Agreement,[1] (Dkt. 1066-1), and the Parties' Stipulation amending that agreement, (Dkt. 1158), the Settlement Effective Date shall occur 30 days following entry of this Order.

8. Within five (5) days of the Effective Date, each of the three Defendants, Equifax Information Services, LLC, Experian Information Solutions, Inc., and Trans Union LLC, shall pay to the Settlement Administrator, JND Legal Administration LLC ("JND"), an amount equal to three hundred thirty-three thousand and three hundred thirty-three dollars and thirty-three cents ($333,333.33).

9. Within ten (10) days of the Effective Date, the Parties shall jointly petition the Court to release funds from the Settlement Fund in the Registry of the Court to the Settlement Administrator in trust for distribution to the Claimants.

---

[1] Capitalized terms herein have the meanings defined in the Monetary Relief Settlement Agreement.

10. Within ten (10) days of the Effective Date, the Parties shall jointly petition the Court to release funds from the Settlement Fund in the Registry of the Court to the Settlement Administrator for payment of the service awards granted in the Court's Amended Judgment. (Dkt. 1161.)

11. Within ten (10) days of the Effective Date, the Parties shall jointly petition the Court to release funds from the Settlement Fund in the Registry of the Court to the Settlement Administrator for payment of the Attorneys' Fees and Expenses granted in this Order. The Settlement Administrator shall then deposit the awarded attorneys' fees and expenses into the trust account of Caddell & Chapman, as Trustee for Rule 23(b)(3) Settlement Class Counsel, to be distributed in accordance with this Court's Orders, any arbitral award, and any applicable agreements among counsel.

12. Within fifteen (15) days of the Effective Date, each of the three Defendants, Equifax Information Services, LLC, Experian Information Solutions, Inc., and Trans Union LLC, shall deposit $2 million for payment of Injunctive Relief Fees and expenses into the trust account of Caddell & Chapman, as Trustee for Rule 23(b)(2) Settlement Class Counsel, to be distributed in accordance with this Court's Orders and any applicable agreements among counsel.

IT IS SO ORDERED.

DATED: July 17, 2020      BY: *David O. Carter*
                              HON. DAVID O. CARTER
                              U.S. DISTRICT JUDGE