UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 05-1070-DOC (KESx)　　　　　　　　　　　Date: October 21, 2021

Title: TERRI WHITE ET AL. V. EXPERIAN INFORMATION SOLUTIONS, INC.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**    **ORDER DENYING WHITE PLAINTIFFS' COUNSEL'S MOTION TO VACATE ARBITRATOR'S FINAL AWARD [1202]**

Before the Court is Movant White Plaintiffs' Counsel Charles Juntikka and Associates LLP's ("Juntikka") Motion to Vacate Arbitrator's Final Award ("Motion" or "Mot.") (Dkt. 1202). The Court finds this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. After reviewing the papers, the Court **DENIES** the Motion.

**I.  Background**

    **A. Facts**

This case began in 2006 as several class action lawsuits against three major credit bureaus, which were consolidated in the Central District of California. Ex. B to Juntikka Decl. ("Final Award") at 4 (Dkt. 1202-3).

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 05-1070-DOC-MLG					Date: October 21, 2021
								Page 2

The various class counsel signed a Joint Prosecution Agreement on June 6, 2006. Mot. at 4. That agreement split fees between groups of counsel by percentage based on relative lodestar contributions. *Id.* at 4-5. The groups specified included the "Lieff Group," which was comprised of Lieff Cabraser, Wolf, and Juntikka. *Id.* Counsel in the Lieff Group signed a Co-Counsel Agreement on October 25, 2005. *Id.* at 4. That Agreement also divided the group's allocation to each firm based on relative lodestar contribution. *Id.* at 10.

After several years of litigation, the parties entered into a settlement of their injunctive relief claims in March 2008 (Dkt. 288), and the Court awarded $5,671,778.68 in attorneys' fees (Dkt. 775). Final Award at 5. The Wolf Team, which included Juntikka, received 25% of those fees. *Id.*

The relationship between counsel began to sour as the case proceeded into the financial recovery stage of the class action, largely due to the Wolf Team's demands for substantially greater settlement figures than other counsel considered to be reasonable and adequate. *Id.* at 6. Counsel participated in seven unsuccessful mediation sessions, at which the mediator advised that the value of the case was around $80-100 million. *Id.* This Court subsequently discussed the case value with the parties and admonished counsel that the ongoing mediation was likely their best chance at settlement in the range projected by the mediator. *Id.* at 6-7. Counsel could not agree on a unified settlement offer, so the chance of a settlement in the $80-100 million range was lost. *Id.* at 7.

The parties again attempted multiple mediation sessions in late 2008 and early 2009, when this Court's ruling on class certification was imminent. *Id.* Defendants offered a $63 million settlement, but the Wolf Team would not agree to that figure. This Court then tentatively denied class certification (Dkt. 369), resulting in defendants lowering their settlement offer substantially. *Id.* at 8.

In January 2009, Class Counsel agreed to a $45 million settlement, with the Wolf Team becoming objector counsel. *Id.* The objection led to several years of litigation as the Wolf Team objected to the settlement and class counsel and appealed decisions to the Ninth Circuit three times. *Id.* at 8-10. In the third appeal, the Ninth Circuit affirmed this Court's approval of the settlement but remanded for reconsideration of the attorneys' fee award. *Id.* at 10 (citing *Radcliffe v. Hernandez*, 794 F. App'x 605, 607-08 (9th Cir. 2019) ("*Radcliffe III*")). This Court ordered, pursuant to the various counsel's stipulations, that the Wolf Team was "entitled to reimbursement for the reasonable pre-objection fees and costs they incurred" and that the allocation would "be submitted to arbitration in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 05-1070-DOC-MLG								Date: October 21, 2021
																Page 3

accordance with any applicable terms of the parties Joint Prosecution Agreement and any applicable terms of any applicable Co-Counsel Agreements." Dkt. 1187 ¶ 4.

The parties first asked the Arbitrator to decide as a threshold matter whether the two fee sharing agreements mandated the allocation of fees. Ex. A to Juntikka Decl. ("Preliminary Ruling") at 3 (Dkt. 1202-2). The Arbitrator ruled that fee sharing agreements were subject to equitable considerations. *Id.* at 13. After hearings and briefing, the Arbitrator found that the Wolf Team's objections and strategy had cost the class at least $18 million, which far outweighed the Wolf Team's work benefitting the class. Final Award at 27. However, the Arbitrator awarded $628,053.43 in post-appeal re-notice costs to the Wolf Team. *Id.* at 34.

### B. Procedural History

On March 28, 2021, the Arbitrator entered a Preliminary Ruling on attorneys' fees. On June 27, 2021, the Arbitrator entered a Final Award regarding the allocation of attorneys' fees. Juntikka notified Class Counsel that he intended to move to vacate the award on July 15. On September 27, 2021, Juntikka filed the instant Motion, which the other members of the Wolf Team (Boies Schiller and Wolf) do not join. On October 4, 2021, Class Counsel opposed ("Opp'n") (Dkt. 1204). Juntikka filed his Reply on October 8, 2021 (Dkt. 1205).

## II. Legal Standard

"The [Federal Arbitration Act] gives federal courts only limited authority to review arbitration decisions, because broad judicial review would diminish the benefits of arbitration." *Lifescan, Inc. v. Premier Diabetic Servs.*, Inc., 363 F.3d 1010, 1012 (9th Cir. 2004). The party seeking to vacate an award bears the burden of establishing grounds to vacate. *U.S. Life Ins. v. Super. Nat. Ins. Co.*, 591 F.3d 1167, 1173 (9th Cir. 2010). "[M]otions to vacate will be granted only in very unusual circumstances to prevent arbitration from becoming merely a prelude to a more cumbersome and time-consuming judicial review process." *In re Sussex*, 781 F.3d 1065, 1072 (9th Cir. 2015) (internal quotations omitted). An award can be vacated:

> (1) where the award was procured by corruption, fraud, or undue means;
> (2) where there was evident partiality or corruption in the arbitrators;
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence

Case 8:05-cv-01070-DOC-MLG   Document 1209   Filed 10/21/21   Page 4 of 7   Page ID #:25076

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 05-1070-DOC-MLG                                          Date: October 21, 2021
                                                                                                    Page 4

> pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).

"An arbitration decision may be vacated under FAA § 10(a)(4) on the ground that the arbitrator exceeded his powers, only when [an] arbitrator strays from interpretation and application of the agreement and effectively dispense[s] his own brand of industrial justice." *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001). "'[A]s long as [an honest] arbitrator is even arguably construing or applying the contract and acting within the scope of his authority,' the fact that 'a court is convinced he committed serious error does not suffice to overturn his decision.'" *E. Assoc. Coal Corp. v. United Mine Workers of Am.*, 531 U.S. 57, 62 (2000) (quoting *Paperworkers v. Misco, Inc.*, 484 U.S. 29, 38 (1987)).

## III. Discussion

Juntikka challenges the Arbitrator's decision to award no fees for the Wolf Team's pre-objection work on two grounds: that the Arbitrator exceeded her powers and that the award is against public policy. The Court considers each argument in turn.

### A. Whether the Arbitrator exceeded her powers

Arbitrators exceed their powers when the award is "completely irrational" or in "manifest disregard of the law." *See Comedy Club, Inc. v. Improv West Assocs.*, 553 F.3d 1277, 1288 (9th Cir. 2009). An award is "completely irrational" when it "fails to draw its essence from the agreement." *Id.* An "arbitration award draws its essence from the agreement if the award is derived from the agreement, viewed in light of the agreement's language and context, as well as other indications of the parties' intentions." *Lagstein v. Certain Underwriters at Lloyd's, London*, 607 F.3d 634, 642 (9th Cir. 2010) (quoting *Bosack v. Soward*, 586 F.3d 1096, 1106 (9th Cir. 2009)). However, an arbitrator's "interpretation of a contract must be sustained if it is plausible." *Employers Ins. of Wausau v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 933 F.2d 1481, 1486 (9th Cir. 1991) (internal quotation marks omitted). The question for the court on plausibility "is a simple binary one: Did the arbitrator look at and construe the contract, or did he not?" *Sw. Regional Council of Carpenters v. Drywall Dynamics, Inc.*, 823 F.3d 524, 532 (9th Cir.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SA CV 05-1070-DOC-MLG | Date: October 21, 2021 |
| | Page 5 |

2016). In addition, an award is in "manifest disregard of the law" only when it is "clear from the record that the arbitrators recognized the applicable law and then ignored it." *Comedy Club*, 553 F.3d at 1290. "Neither erroneous legal conclusions nor unsubstantiated factual findings justify federal court review of an arbitral award." *Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 994 (9th Cir. 2003) (en banc).

Juntikka argues that the Arbitrator exceeded her powers by ignoring two agreements, the Joint Prosecution Agreement of June 6, 2006 and the Co-Counsel Agreement of October 25, 2005. Mot. at 1-2. Juntikka asserts that while those two agreements divided fees based on lodestar computations, the Arbitrator instead applied a cost/benefit analysis of counsel's work using the framework of *In re FPI/Agretech Securities Litig.*, 105 F.3d 469 (9th Cir. 1997). *Id.* at 2-3.

Class Counsel respond that the Arbitrator was not ordered to follow the agreements, but instead was ordered to proceed "in accordance with *any applicable terms* of the parties' Joint Prosecution Agreement and *any applicable terms* of *any applicable* Co-Counsel Agreements." Opp'n at 10-11 (quoting Order ¶ 4, Dkt. 1187). Class Counsel argue that the Court's language committed the decision on whether any terms are applicable to the Arbitrator. *Id.* at 11. Class Counsel further note that Juntikka acknowledged this during arbitration proceedings: the arbitration case management order notes "one threshold issue that both parties seek to be decided [is] [w]hether the parties co-counsel agreements are determinative of the fee allocation among them," and Juntikka relied on the *Agretech* case in briefing to the Arbitrator about fee allocation. *Id.* at 11-12. More importantly, Class Counsel note that the Arbitrator interpreted the Joint Prosecution Agreement's termination provision to require counsel's right to equitable reimbursement, even after withdrawing from the agreement. *Id.*

Juntikka's key attack on the award is that the Arbitrator concluded she had the power to apply equitable considerations to the fee sharing agreements, while Juntikka asserts that the caselaw supports such power only for district courts. Reply at 7-8. However, "[t]he governing law alleged to have been ignored by the arbitrators must be well defined, explicit, and clearly applicable," *Collins v. D.R. Morton, Inc.*, 505. F3d. 874, 879-80 (9th Cir. 2007), and "erroneous legal conclusions" are not sufficient to overturn an arbitral award, *Kyocera*, 341 F.3d at 994. There is no question that the Arbitrator considered and analyzed the fee sharing agreements in her consideration of appropriate fee allocation, or that she considered and analyzed Ninth Circuit caselaw on interpreting such agreements. As the Ninth Circuit has noted, "AAA Commercial Arbitration Rule R-43 allows an arbitrator to craft an award that is just and equitable."

*The Thomas Kinkade Co. v. Hazlewood*, 336 F. App'x 629, 630 (9th Cir. 2009) (unpublished). Even if the arbitrator were wrong or ambiguous on the interpretation, that is insufficient for this Court to overturn her award. A reviewing court must defer to the arbitrator's choice of legal authorities and cannot vacate an award simply for failing to rely on contrary authority. *Local Joint Executive Bd. of Las Vegas v. Riverboat Casino, Inc.*, 817 F.2d 524, 528 (9th Cir. 1987). As such, the Court finds that the Arbitrator did not exceed her power in ordering the Final Award.

### B. Whether the arbitral award violates public policy

In the alternative, Juntikka argues that the Arbitrator's award violates public policy, since it creates a conflict between class counsel's interest in fees for work and their duty to reject a settlement not in the class's best interest. Mot. at 3. Juntikka argues that Federal Rule of Civil Procedure 23 mandates that class counsel "must act in the best interests of the class as a whole," and "must seek a settlement that is fair, reasonable, and adequate for the class." Fed. R. Civ. P. 23, Committee Notes on 2003 Amendments. Since the Wolf Team believed the offered settlements were inadequate, Juntikka argues they had a duty to oppose them, and as such it would be against public policy to deny the team fees because of their opposition. Mot. at 19. Class Counsel responds that the Arbitrator determined that the Wolf Team's actions were not only not in the class's best interests, but actively harmed the class by causing it to lose out on several much larger settlement offers. Opp'n at 15-16.

"[C]ourts should be reluctant to vacate arbitral awards on public policy grounds." *Arizona Elec. Power Co-op., Inc. v. Berkeley*, 59 F.3d 988, 992 (9th Cir. 1995). To vacate an arbitration award on public policy grounds, the court must find (1) "that an explicit, well defined and dominant policy exists," and (2) "that the policy is one that specifically militates against the relief ordered by the arbitrator." *Aramark Facility Servs. v. Serv. Employees Int'l Union*, 530 F.3d 817, 823 (9th Cir. 2008). In evaluating a public policy argument, the court "must focus on the award itself, not the behavior or conduct of the party in question." *S. Cal. Gas Co. v. Utility Workers Union of Am.*, 265 F.3d 787, 795 (9th Cir. 2001).

The Arbitrator analyzed the Wolf team's pre-objection conduct and benefit to the class and concluded that the net benefit was negative, meriting an award of zero dollars. This award itself is not against public policy and it does not require class counsel to put their interests ahead of the interests of the class as a whole. On the contrary, this award reiterates that class counsel must seek a fair and reasonable settlement for their class, rather than focusing on their own "increasingly futile" goals of reaching an

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 05-1070-DOC-MLG                                  Date: October 21, 2021
                                                                                                    Page 7

unprecedented settlement amount. Final Award at 22. This award is not against public policy.

### IV.     Disposition

For these reasons, the Court **DENIES** Juntikka's Motion.

The Clerk shall serve this minute order on all parties to the action. The motion hearing scheduled for October 25, 2021 is accordingly **VACATED**.

MINUTES FORM 11                                                 Initials of Deputy Clerk: kdu
CIVIL-GEN